**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Louis B. Antonacci | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-000211-LLA |
| | ) | |
| Rahm Israel Emanuel, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**
**OF DEFENDANTS THE LANE CONSTRUCTION CORPORATION**
**AND SETH FIRMENDER**

**INTRODUCTION**

On February 26, 2026 – moments after the Lane Construction Corporation ("Lane") and Seth Firmender (collectively, "the Lane Defendants") filed their Motion To Dismiss – Plaintiff served on Lane Plaintiff's First Request For Admission, Doc. 30-2, and on Mr. Firmender Plaintiff's First Request For Admission, followed by Plaintiff's Revised First Requests For Admission. Doc. 30-1. The parties, however, have not yet conferred as required by Fed. R. Civ. P. 26(f) and LCvR 16.3 and the Lane Defendants' Motion To Dismiss is pending, so Plaintiff's discovery requests are premature and inappropriate and should, along with all other discovery, be stayed until after the Court rules on the Motion To Dismiss and, if necessary, the parties confer as required by Rule 26(f) and LCvR 16.3.

**LEGAL STANDARD**

"Under Rule 26(c)(1), a court 'may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Strike 3 Holdings, LLC v. Doe*, 2026 U.S. Dist. LEXIS 89230, \*\*6-7 (D.D.C. May 9, 2026) (quoting

Fed. R. Civ. P. 26(c)(1).  "The court has broad discretion to issue a protective order."  *Id*. at *7 (citing *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)).  *Accord, United States v. All Assets Held at Bank Julius Baer & Co.*, 233 F. Supp. 3d 143, 149 (D.D.C. 2017).  *See United States v. Cudd*, 534 F. Supp. 3d 48, 52 (D.D.C. 2021) ("[O]nce a showing of good cause has been made, the court has relatively unconstrained discretion to fashion an appropriate protective order." (quoting *United States v. Johnson*, 314 F. Supp. 3d 248, 251 (D.D.C. 2018)).

"[W]ith respect to a protective order issued pursuant to Rule 26(c), the Court is to 'undertake an individualized balancing on the many interests that may be present in a particular case.'"  *United States v. Sum of $70,990,605*, 305 F.R.D. 20, 25 (D.D.C. 2015) (quoting *Klayman v. Judicial Watch, Inc.*, 247 F.R.D. 19, 22 (D.D.C. 2007)).  *See Doe v. Provident Life & Accident Ins. Co.*, 247 F.R.D. 218, 221 (D.D.C. 2008) ("The Court employs a balancing test in determining whether to grant a motion for protective order, weighing the burdensomeness to the moving party against the requestor's need for, and relevance of the information sought.") (citations omitted).

The party seeking the protective order bears the burden of showing good cause and in doing so must articulate specific facts to support its request, and cannot rely on speculative or conclusory statements.  *Sum of $70,990,605*, 305 F.R.D. at 25 (citations omitted).  The "trial court has broad discretion in determining whether a movant has shown good cause" and "is in the best position to weigh fairly the competing needs and interests of parties affected by discovery," and has "substantial latitude to fashion protective orders."  *Avirgan v. Hull*, 118 F.R.D. 252, 255 (D.D.C. 1987) (quoting *Seattle Times Co.*, 467 U.S. at 36).

2

## ARGUMENT

### A. The Lane Defendants Should Not Be Required To Respond To Plaintiff's Discovery Requests Because They Are Premature

Under Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Under Rule 26(d)(1), therefore, "unless this Court orders otherwise, plaintiffs may not seek discovery from defendants (or any other source) until the parties have had their Rule 26(f) conference." *Guttenberg v. Emery*, 26 F. Supp. 3d 88, 97 (D.D.C. 2014) (citing Fed. R. Civ. P. 26(d)(1)). *Accord*, *Malibu Media, LLC v. Doe*, 315 F. Supp. 3d 120, 122 (D.D.C. 2018). *See Petty v. AFGE*, 2022 U.S. Dist. LEXIS 250729, *12 (D.D.C. Jan. 21, 2022) ("Pursuant to Rule 26(d)(1)), parties may generally serve discovery requests only *after* a Rule 26(f) conference, 'except … when authorized by … court order.'") (quoting Fed. R. Civ. P. 26(d)(1)); *Faith Satellite Radio, LLC v. Lutheran Church Mo. Synod*, 2010 U.S. Dist. LEXIS 105764, *2 (D.D.C. Oct. 4, 2010) ("[U]nder the Federal Rules of Civil Procedure, parties to an action 'may not seek discovery *from any source* before the parties have conferred as required by' the Federal Rules, unless the parties agree to take discovery.") (quoting *Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 11 (D.D.C. 2007)) (quoting Fed. R. Civ. P. 26(d)(1)).

Fed. R. Civ. P. 26(f) and this District's Local Civil Rule 16.3 "require parties to meet at least twenty-one (21) days before a scheduling conference is held or a scheduling order is due to the Court, and to confer regarding a number of issues provided for in Local Civil Rule 16.3." *Wada*, 525 F. Supp. 2d at 11 (citing Fed. R. Civ. P. 26(f); LCvR 16.3). *See Faith Satellite Radio, LLC*, 2010 U.S. Dist. LEXIS 105764 at *3 (same).

3

Given that it only recently ordered all Defendants to respond to Plaintiff's Complaint by March 16, 2026 (*see* February 23, 2026 Minute Order), "this Court has not held an initial scheduling conference …, has not entered a scheduling order, and it is clear that the parties have neither met as required nor agreed to conduct discovery.  As a result, Plaintiff's efforts to pursue written discovery in this action are premature."  *Wada*, 525 F. Supp. 2d at 11.  *Accord, Faith Satellite Radio, LLC*, 2010 U.S. Dist. LEXIS 105764 at \*3.  *See also Petty*, 2022 U.S. Dist. LEXIS 250729 at \*12 (subpoenas quashed as "premature" because the "parties have not yet held a Rule 26(f) conference, and the Court has *not* authorized discovery before such a conference is held").  Because the Requests For Admissions that Plaintiff served on Lane and Mr. Firmender are premature, the Lane Defendants request entry of a protective order relieving them of the obligation to respond to them or any other discovery requests at this time.[1]

**B. The Lane Defendants Should Not Be Required To Respond to Plaintiff's Discovery Requests Because They Are Inappropriate While The Lane Defendants' Motion To Dismiss is Pending**

"It is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion." *Chavous v. D.C. Fin. Resp. & Mgmt. Assistance Auth.*, 201 F.R.D 1, 2 (D.D.C. 2001).  *Accord*, *Devincci Salah Hourani v. Mirtchev*, 2011 U.S. Dist. LEXIS 172862, \*2 (D.D.C. July 12, 2011).  "In accordance with this broad discretion, the court … has observed that 'it is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.'" *Chavous*, 201 F.R.D. at 2 (quoting *Anderson v. United States Attorneys Office*, 1992 U.S. Dist. LEXIS 23192, \*1 (D.D.C. June 19, 1992)).  *Accord*, *Loumiet v. United States*, 225

---

[1] Plaintiff similarly served premature discovery requests on the defendants in the action he brought in the Eastern District of Virginia, and the court granted the defendants' motions for protective order and stayed all discovery, holding that "[b]ecause no Scheduling Order has issued and the parties have not yet conferred pursuant to Rule 26(f), discovery is not yet open in this matter."  April 8, 2024 Order, attached hereto as Exhibit A.

4

F. Supp. 3d 79, 82 (D.D.C. 2016); *Sibley v. United States Supreme Court*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011); *Devincci Salah Hourani*, 2011 U.S. Dist. LEXIS 172862 at *2; *Jones v. IRS*, 2011 U.S. Dist. LEXIS 67526, *3 (D.D.C. June 24, 2011); *Institut Pasteur v. Chiron Corp.*, 315 F. Supp. 2d 33, 37 (D.D.C. 2004).

Because the Court is vested with broad discretion to manage the conduct of discovery, with the ultimate goal of ensuring the "just speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, "[a] stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting time and effort of all concerned, and to make the most efficient use of judicial resources.'" *Sai v. Dep't of Homeland Sec.*, 99 F. Supp. 3d 50, 58 (D.D.C. 2015) (quoting *Chavous*, 201 F.R.D. at 2). *Accord*, *Devincci Salah Hourani*, 2011 U.S. Dist. LEXIS 172862 at *3.

Given the pendency of the Motion to Dismiss filed by the Lane Defendants, discovery – including Plaintiff's First Requests For Admissions – is inappropriate at this time, and should be stayed until after the Court rules on that dispositive motion. That would be "an eminently logical means to prevent wasting time and effort" of the parties and the Court, and "make the most efficient use of judicial resources." *Sai*, 99 F. Supp. 3d at 58.

**C. A Stay of Discovery Will Not Prejudice Plaintiff and Is Appropriate Until The Court Resolves Its Subject Matter Jurisdiction**

In determining whether to stay discovery while a dispositive motion is pending, the Court must balance the harm produced by a delay in discovery against the possibility that the dispositive motion will be granted and entirely eliminate the need for such discovery. *Chavous*, 201 F.R.D. at 3. Here, the parties have not yet conferred as required by Fed. R. Civ. P. 26(f) and LCvR 16.3 and no scheduling order has been issued, so a delay in discovery will not prejudice Plaintiff. *See Maljack Prods. Inc. v. Motion Picture Ass'n*, 1990 U.S. Dist. LEXIS 13284, *2 (D.D.C. Oct. 3,

5

1990) ("the record reflects that a discovery deadline has not yet been set by the Court" and, thus, "at this early stage of the proceedings, it is unlikely that a stay of discovery will harm either of the parties").

Plaintiff cannot argue that he needs discovery now to determine whether his allegations state a claim that can survive a motion to dismiss. Discovery is "designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim." *People for Ethical Treatment of Animals, Inc. v. U.S. Dep't of Agriculture*, 60 F. Supp. 3d 14, 20 (D.D.C. 2014) (quoting *Mama Cares Found. v. Nutriset Societe Par Cimplifee*, 825 F. Supp. 2d 178, 184 (D.D.C. 2011). *Accord, United States v. All Assets Held at Bank Julius Baer & Co.*, 202 F. Supp. 3d 1, 9 (D.D.C. 2016); *Burlodge Ltd. v. Standex Int'l Corp.*, 257 F.R.D. 12, 17 (D.D.C. 2009). *See Blackmon-Malloy v. U.S. Cap. Pol. Bd.*, 2024 U.S. Dist. 174186, *239 (D.D.C. Sept. 26, 2024) ("Plaintiff must first overcome a 12(b)(6) motion before he is entitled to discovery.") (citing *People for Ethical Treatment of Animals, Inc.*, 60 F. Supp. 3d at 20); *see also id.* ("[s]ince the … Complaint has failed to adequately plead facts that allow the Court to infer a causal connection …, the Court cannot allow [plaintiff] discovery in hopes that such a connection will be established during discovery").

The Lane Defendants have moved to dismiss Plaintiff's Complaint not only for failure to state a claim, but also for lack of subject matter jurisdiction. "[I]t would be unduly burdensome to require defendants to proceed with discovery until the Court resolves the threshold question[] of … subject matter jurisdiction." *American Constitutional Coalition Foundation, Inc. v. Fed. Bureau of Prisons*, 1989 U.S. Dist. LEXIS 688, *1 (D.D.C. June 15, 1989). The Lane Defendants' Motion to Dismiss "raises serious questions about the Court's jurisdiction over Plaintiff's claims"

and, "[i]n light of these jurisdictional issues, it would be inappropriate to allow Plaintiff to proceed with discovery while [that] motion is pending." *Petty*, 2022 U.S. Dist. LEXIS 250729 at *13.

### CONCLUSION

For the foregoing reasons, the Lane Defendants respectfully request that the Court enter a protective order staying all discovery, including the obligation of the Lane Defendants to respond to Plaintiff's First Requests for Admissions, while the Lane Defendants' motion to dismiss remains pending and before the parties meet as required by Fed. R. Civ. P 26(f) and LCvR 16.3 and a scheduling order is issued by the Court.

Dated:  March 9, 2026                              Respectfully submitted,

                                   /s/ Christopher W. Mahoney
                          Christopher W. Mahoney, Esquire
                          Barclay Damon LLP
                          1742 N Street, NW
                          Washington, DC 20036
                          cmahoney@barclaydamon.com
                          *Counsel for Defendants The Lane Construction Corporation and Seth Firmender*

8

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th day of March 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys.

      /s/ Christopher W. Mahoney      
Christopher W. Mahoney

3230377.50227268.1

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| LOUIS B ANTONACCI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 1:24-cv-0172 (MSN/LRV) |
| | ) |
| RAHM ISRAEL EMANUEL, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court on the following motions: Motion for Protective Order filed by Defendants Perkins Coie LLP and Matthew J. Gehringer (Dkt. No. 47); Motion for Protective Order and Incorporated Memorandum in Support filed by Defendant The So Company (Dkt. No. 59); and Motion for Protective Order filed by Defendants Holland & Knight, LLP and Paul Kiernan (Dkt. No. 62) (the "Motions"). Generally, the Motions state that Plaintiff has served pre-answer discovery requests on the defendants and request that the Court stay discovery in this matter pending the resolution of the pending motions to dismiss. (*See, e.g.*, 59 at 7.) Plaintiff opposes the Motions. (Dkt. Nos. 65, 70, 76.) Upon review, the Court finds that oral argument would not aid in the decisional process, and thus dispenses with a hearing on the Motions. *See* L. Civ. R. 7(J).

Under Federal Rule of Civil Procedure 26(d), a "party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d)(1). Because no Scheduling Order has issued and the parties have not yet conferred pursuant to Rule 26(f), discovery is not yet open in this matter. *See, e.g.*, *Fed. Nat'l Mortg. Ass'n v. Davis*, 3:19-CV-570, 2020 WL 3550006, at *3 (E.D. Va. Jan. 22, 2020) ("At the appropriate time, the Court will enter a

scheduling order and will direct the parties to confer under Rule 26(f). The parties may begin discovery at that time."). Accordingly, it is hereby

ORDERED that the Motions (Dkt. Nos. 47, 59, 62) are **GRANTED** such that all discovery in this matter is **STAYED** until the issuance of a Scheduling Order; it is further

ORDERED that the hearings on the Motions scheduled for April 12, 2024 at 10:00 a.m. are **CANCELLED**.

ENTERED this 8th day of April, 2024.

/s/ _____

Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia

2