**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUIS B. ANTONACCI,** | |
| Plaintiff | **Case No. 1:26-cv-00211** |
| **v.** | |
| **RAHM ISRAEL EMANUEL et. al.** | |
| Defendants. | |

## PLAINTIFF'S MOTION FOR LEAVE TO SERVE REQUESTS FOR ADMISSION

Plaintiff Louis B. Antonacci ("Antonacci") hereby files this Motion for Leave to Serve Requests for Admission, and states as follows:

In its March 10, 2026 Minute Order, this Court granted Defendants Lane Construction Corp. ("Lane") and Seth T. Firmender's ("Firmender", collectively "Lane Defendants") Motion for Protective Order because this Court has not yet issued a scheduling order, pursuant to Rule 26(f), and because Antonacci had not yet requested leave to serve discovery.

First, it is Antonacci's position that Requests for Admission are not a discovery device, but rather a part of the pleading and stipulation process. As District Judge Claudia Wilken and Professor Robert Bloom explain in Moore's Federal Practice:

> Although Rule 36 is included in the division of the Rules of Civil Procedure covering depositions and discovery, requests for admission are distinguishable from other discovery devices. While the basic purpose of discovery is to elicit facts and information and to obtain production of documents, Rule 36 was not designed for this purpose. Instead, requests for admission are used to establish admission of facts about which there is no real dispute.
>
> Because requests for admission are used to establish admission of facts about which there is no real dispute, they

> can be particularly helpful in expediting and streamlining litigation. Likewise, requests for admission can save litigants valuable time and substantial money, which would otherwise have to be spent unnecessarily either to prove certain facts at trial, or to establish certain facts through complex, costly discovery procedures, such as interrogatories, depositions, and requests for the production of documents, when such facts are not contested. Many courts have stressed this aspect of the efficacy of requests for admission.

7 *Moore's Federal Practice* § 36.02[1] (3d. ed. 2011).

Second, Antonacci seeks leave to serve these Requests for Admission because there is no real dispute about the facts Antonacci has alleged in his complaint or for which he has sought the Lane Defendants' admission. Almost all the documents he is asking to be authenticated were attached to his complaint in the Eastern District of Virginia, demonstrating that Mike Nachmanoff's loyalty to Zionism far exceeds his allegiance to the rule of law. These requests are simply part of the pleading process.

Antonacci seeks leave to serve the Requests for Admission attached hereto and identified below (Antonacci has separately sought leave to serve jurisdictional discovery on Defendant Richard Johnson):

1.  Matt Gehringer: 37 Requests served February 17, 2026.

2.  Perkins Coie: 41 Requests served February 19, 2026.

3.  Anita Ponder: 34 Requests served February 20, 2026.

4.  Lane Construction: 14 Requests served February 26, 2026.

5.  Seth Firmender: 33 Requests served February 26, 2026.

6.  Lane Construction: 3 Additional Requests served March 11, 2026 (14 days to respond).

Antonacci has served limited Requests for Admission on a few key defendants. They are highly relevant to Antonacci's causes of action because, when those defendants admit the truth of

the allegations against them and answer the complaint, we can save time and money and proceed to judgment on the pleadings. That is not unduly burdensome or oppressive. Rather, that is how the administration of justice is supposed to work.

And as Antonacci pointed out in his Motion for Extension of Time (dkt. 30), in the nearly 15 years and three previous lawsuits Antonacci has brought against this Zionist criminal enterprise, beginning with his lawsuit against Defendants Seyfarth Shaw LLP and Anita J. Ponder for defamation in Cook County, Illinois, Circuit Court in 2011, they have not once been required to answer any complaint, allege any material fact, or produce even a scintilla of evidence. Not one fact has been adjudicated. These defendants have been allowed to drag three separate court proceedings on for years by adding nothing more than hot air and specious incredulity. And their attempted coup de grace was to install an unscrupulous Zionist zealot, Richard W. Johnson, as Assistant Bar Counsel for the Virginia State Bar, so he could charge Antonacci with thought crime.

This Court should grant leave to serve the attached discovery so that these defendants have to admit material facts in this case and this Court can serve the administration of justice.

**WHEREFORE**, for the reasons stated herein, Plaintiff Louis B. Antonacci hereby requests this Court **GRANT** Antonacci's Motion for Leave to Serve Requests for Admission and **ORDER** Defendants Lane Construction Corp., Seth T. Firmender, Perkins Coie LLP, Matthew J. Gehringer, and Anita J. Ponder to **ANSWER** within the time prescribed therein lest those Requests for Admission be deemed **ADMITTED**.

3

**Dated: March 11, 2026**                                   Respectfully submitted


                                                            /s/ *Louis Antonacci*

                                                            LOUIS B. ANTONACCI
                                                            **ANTONACCI PLLC**
                                                            4126 8th Street NW #3
                                                            Washington, DC 20011
                                                            703-300-4635
                                                            lou@antonaccilaw.com

4

**CERTIFICATE OF SERVICE**

I hereby certify that I filed this Motion with the Court's CM/ECF system, which caused it to be served on all counsel of record.

**Dated: March 11, 2026**                    Respectfully submitted


/s/ *Louis Antonacci*

LOUIS B. ANTONACCI
**ANTONACCI PLLC**
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com