**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **LOUIS B. ANTONACCI,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Civil Action No. 1:26-CV-00211-LLA |
| | ) | |
| **RAHM ISRAEL EMANUEL,** *et al* | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**ON BEHALF OF HOLLAND & KNIGHT, LLP**

Defendant Holland & Knight, LLP ("H&K") submits this Memorandum in Support of its

Motion to Dismiss the Complaint filed *pro se* by Louis B. Antonacci ("Plaintiff") with prejudice.

### I.    INTRODUCTION

On January 23, 2026, Plaintiff filed a 672-paragraph Complaint.  This Complaint is

substantially similar – in many places, verbatim - to the 573-paragraph Complaint Plaintiff filed

in the Eastern District of Virginia ("EDVA") on February 14, 2024.  It is also substantially similar

to the 295 paragraph Complaint Plaintiff filed in the Northern District of Illinois on April 29, 2015.

Although in this Complaint Plaintiff has changed some defendants and added a few new

allegations which postdate his EDVA filing, the fundamental implausibility of Plaintiff's

allegations remains unchanged and legally frivolous.

As best as can be discerned, Plaintiff alleges a more than fifteen year conspiracy by an

unspecified "Zionist criminal enterprise" to derail his legal career, destroy his reputation, have him

murdered, influence judicial processes, and suspend his bar licenses.  These are essentially the

same conspiracy allegations that the Seventh Circuit and Fourth Circuit affirmed as frivolous and

unsupportable.  Plaintiff alleges that the "leader" of the conspiracy and "racketeering enterprise" is Rahm Emanuel, once White House Chief of Staff, Mayor of Chicago, and Ambassador to Japan. Other named defendants are law firms who at some point in the past intersected with Plaintiff, technology companies accused of spying on him; the Illinois State Bar; the City of Chicago; multiple judges and courts; Plaintiff's father and brother; an Illinois court-reporting firm; the Department of Justice; an "old family friend" in the restaurant business; a passerby on the streets of Washington, D.C.; an attorney who represented Plaintiff;  the Virginia and District of Columbia Bar; and President Biden.

The Complaint should be dismissed because it violates Rule 8's requirement of a short and plain statement of the basis for relief.  It is excessively long, rambling, repetitive, and circular. Additionally, the Complaint lumps H&K with the other Defendants in each claim and provides no factual basis to distinguish H&K's alleged conduct from other Defendants.

The Complaint should also be dismissed under Rule 12(b)(6) for independently dispositive reasons: (1) any alleged wrongdoing by H&K occurred outside the applicable statute of limitations; and (2) the Complaint fails to allege facts which could plausibly entitle Plaintiff to any relief or support a viable claim against H&K on any claim.

## II.    PROCEDURAL HISTORY

On April 29, 2015, Plaintiff filed a Racketeer Influenced and Corrupt Organizations Act ("RICO") complaint in the U.S. District Court for the Northern District of Illinois.  Plaintiff alleges he brought "RICO and other fraud claims against members of this criminal enterprise" concerning his employment with Seyfarth and subsequent litigation in Illinois state court.  Compl. ¶ 251. Plaintiff's Northern District of Illinois complaint named Seyfarth; the City of Chicago; Plaintiff's

former lawyer; Perkins Coie; a court-reporting service; and others.  Plaintiff did not name H&K as a defendant.

The District Court for the Northern District of Illinois dismissed Plaintiff's claims *sua sponte*, finding Plaintiff's assertion that he has:

> been the victim of a massive global conspiracy on the part of what seems to be the entire world with which he comes into contact plainly appears to fail -flat out- the 'plausibility' requirement established by the *Twombly-Iqbal* canon.

*Antonacci v. City of Chic.*, No. 15-C-3750, 2015 U.S. Dist. LEXIS 58490, at \*2 (N.D. Ill. May 5, 2015). The Seventh Circuit upheld the District Court's dismissal, holding:

> Antonacci's complaint fails to raise anything that is worth salvaging … The difficult question is whether Antonacci's RICO claims are legally frivolous, or if they simply fail to state a claim. In our view, the former is the proper description. While he premises his RICO claims on multiple allegations of fraud, each individual allegation is so unsupported by any plausible detail as to be preposterous.

*Antonacci v. City of Chic.*, 640 Fed. Appx. 553, 556-57, (7th Cir. Mar. 18, 2016). The Supreme Court of the United States denied Plaintiff's petition for certiorari.

On February 14, 2024, Plaintiff filed his EDVA complaint alleging RICO violations against all defendants named, including H&K. *Antonacci v. Emanuel*, No. 1:24-cv-172-MSN-LVR, 2024 U.S. Dist. LEXIS 107279 (E.D. Va. May 23, 2024).

The court dismissed Plaintiff's 2024 EDVA complaint against all defendants finding his "allegations are 'wholly insubstantial.'" *Antonacci v. Emanuel*, 2024 U.S. Dist. LEXIS 107279 at \*7.  The court explained:

> [t]he alleged conspiracy spans many individuals and companies he has interacted with over the last two decades, or as one federal court put it, 'the entire world with which [Antonacci] comes into contact…Although it is difficult to piece together a common thread amongst the voluminous allegations, the thrust of Antonacci's complaint is that 'an insidious criminal enterprise has sought to destroy him' ever since his involvement in litigation as an associate at a law firm roughly fifteen years ago.

*Id.* at *4.  The court noted the complaint "mirrors Antonacci's previous federal suit" and "brings roughly identical allegations concerning all the events prior to his previous federal suit." *Id.* at *6. The court found:

> Although Antonacci has added new defendants and allegations, the alleged conspiracy— and the fundamental implausibility of it—has not changed. This Court agrees with the Seventh Circuit's assessment that Antonacci's previous, and now renewed, allegations are 'legally frivolous' because they are 'so unsupported by any plausible detail as to be preposterous.' And the new allegations do not move the needle towards plausibility—if anything, they reinforce the implausibility of the alleged conspiracy. Antonacci continues to 'fl[ing] wild conspiracies at a large,' and seemingly-never ending, number of people' who have no apparent connection other than their interactions, however tangential, to Antonacci.

*Id.* at *7 (citations omitted) (quoting *Antonacci,* 640 F. App'x at 557).  The Fourth Circuit affirmed the dismissal. *Antonacci v. Emanuel*, Nos. 24-1544, 24-1545, 2025 LX 153987, at *1 (4th Cir. Apr. 9, 2025).  The Supreme Court again denied Plaintiff's petition for certiorari.

## III.    STATEMENT OF ALLEGED RELEVANT FACTS

Plaintiff worked as an associate in H&K's Washington, D.C. office until 2010.  Compl. ¶¶ 28, 72. On April 27, 2010, Plaintiff was asked to resign from H&K.  Compl. ¶ 72.  Plaintiff alleges that he was let go by H&K or forced to resign because he disagreed with the firm's decision about not bringing a certain claim in a case pending in Virginia. Compl. ¶¶ 33-45. Plaintiff subsequently moved to Chicago and accepted a job at Seyfarth Shaw, LLP.  Compl. ¶ 92.  On May 22, 2012, Seyfarth terminated Plaintiff's employment.  Compl. ¶ 109.

Plaintiff filed a lawsuit against Seyfarth in Illinois state court wherein he alleged that state and federal courts in Illinois were engaged in a conspiracy to issue rulings against him and eventually to dismiss his claims, and to prevent him from becoming a member of the Illinois Bar. *See generally* Compl. ¶¶ 109-251.

While the allegations are difficult to track, Plaintiff appears to allege that clients he represented and the alleged RICO enterprise are also related to his former marriage, his ex-wife's kidney stones, and his younger brother. Plaintiff alleges that his employment at Seyfarth beginning in 2011 was a "trap set by this enterprise." Compl. ¶ 93.[1] Plaintiff alleged in 2016, Derran Eaddy accosted Plaintiff outside a restaurant and that the defendants "paid or otherwise incentivized Eaddy to attempt to murder Antonacci, assault and race-bait him." Compl. ¶¶ 283-292, 527. Plaintiff now alleges a second attempted murder by the enterprise where on June 18, 2024, Plaintiff alleges Sergio Palma – someone with no connection to Defendants - nearly hit Plaintiff with his motor vehicle while Plaintiff was biking. Compl. at ¶¶ 503-505, 527, 619.

Plaintiff alleges that H&K partners Paul Kiernan and Stephen Shapiro, and Rahm Emanuel (then-Chief of Staff for President Obama) "engaged their enterprise to prevent Mr. Antonacci from obtaining employment…because they were afraid that legal theories promoted by Antonacci could implicate" them. Compl. ¶¶ 81-82. Plaintiff alleges that the hiring of Plaintiff by Seyfarth in August 2011 "was a trap set by this enterprise, particularly through Kiernan, Seyfarth and Emmanuel." (Compl. ¶ 93) and that Plaintiff was terminated by Seyfarth "at the behest of" the Mayor of Chicago. Compl. ¶ 111. The Complaint does not contain allegations of any wrongful act by H&K subsequent to Plaintiff's departure from H&K in April 2010. Compl. ¶ 525.

Plaintiff alleges the conspiracy is a "Zionist criminal enterprise" that has continued to conspire against him. Plaintiff alleges his EDVA complaint was "prematurely assigned to a Zionist district judge appointed by Joe Biden… The Fourth Circuit then sat on [his] appeal for ten months, allowing the Zionist-run Virginia State Bar to pursue an attack on [his] law license" until the Fourth

---

[1] In this Complaint, Plaintiff makes the same allegations as he made in his EDVA complaint. All facts up to paragraph 420 are substantially the same as his EDVA complaint. *See Antonacci*, No. 1:24-cv-172-MSN-LVR at Doc. 1, Compl.

Circuit "affirmed [Judge] Nachmanoff's fraudulent disgrace in a one-page order." Plaintiff's Complaint then goes on to claim the Virginia State Bar's suspension of his license "was plainly in retaliation for [his] protected speech against this Zionist criminal enterprise." Plaintiff further explains "[t]his Zionist criminal enterprise's deleterious effect on the legal profession and American culture is manifest in our country's decline…This is federal racketeering being perpetrated by officers of our courts." Compl. at 5.

While Plaintiff makes additional allegations relating to events that have happened after filing his EDVA complaint allegedly related to the conspiracy such as losing his EDVA case, having both his Virginia and District of Columbia bar licenses suspended, and nearly getting hit by a motor vehicle while biking, none of Plaintiff's additional and ongoing allegations relate to H&K. *See* Compl.  Now, Plaintiff alleges that H&K partners Shapiro and Kiernan are "both Jews" and "Zionists" who along with H&K allegedly took acts on behalf of "the Zionist criminal enterprise." Compl. ¶¶ 5, 38, 62. Nowhere does Plaintiff allege any new specific allegations relating to H&K that were not already alleged in the prior EDVA complaint or that have even occurred within the past decade.  *See* Compl.  Instead, Plaintiff summarily concludes and repeats that "Defendants," which includes H&K, engaged in an ongoing conspiracy.  *Id.* The last allegations that specifically relate to H&K are Plaintiff's allegations that he had disagreements about a case he worked on at H&K in 2009 and was forced to resign from H&K in 2010.

## IV.    STANDARD OF REVIEW

A defendant may test the legal sufficiency of a complaint through a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *McKinney v. District of*

*Columbia*, 142 F.4th 784, 789 (D.C. Cir. 2025) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). To survive a motion to dismiss, the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level. . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *Iqbal,* 556 U.S. at 678. Hence, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Plaintiff must plead "more than labels and conclusions" and more than "a formulaic recitation of the elements" of a claim. *Id*.; *Twombly,* 550 U.S. at 555.

"Although for the purposes of this motion to dismiss [courts] must take all the factual allegations in the complaint as true, [courts] are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

## V.    LEGAL ANALYSIS

### A.    The Court Should Exercise Its Inherent Authority to Dismiss This Frivolous Case *Sua Sponte*

The Court has inherent authority to dismiss frivolous cases and cases brought for harassment *sua sponte*. *Desenberg v. United States Dep't of Just.,* No. 23-CV-01534 (APM), 2023 U.S. Dist. LEXIS 127201, at \*1 (D.D.C. July 24, 2023); *Brown v. Dist. Unemployment Comp. Bd.*, 411 F. Supp. 1001, 1001-2 (D.D.C. Dec. 10, 1975). As explained in *Desenberg*, "it is well-settled that 'federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous.'" *Desenberg*, 2023 U.S. Dist. LEXIS 127201 at \*1 (quoting *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

7

In *Brown*, plaintiff filed a complaint naming numerous defendants that "ramble[d] on for some 98 pages, ma[de] a myriad of allegations, including that the defendants, either individually or as a conspiracy, have discriminated against him, harassed him, libelled [sic] him, and attempted to kill him." *Id.* at 1002. Like in *Brown*, Plaintiff also filed numerous nearly identical complaints multiple times in the past seven years, which were dismissed each time and each time Plaintiff appealed and lost. *Id.*  In *Brown*, this Court dismissed plaintiff's complaint *sua sponte* based on the court's inherent power to control the judicial process.  *Id.* at 1001-2.

In *Desenberg,* plaintiff alleged a criminal conspiracy by government employees and private sector companies to steal from him which also related to at least one prior case plaintiff filed against a defendant and lost. *Desenberg*, 2023 U.S. Dist. LEXIS 127201 at *2-3. Plaintiff's conspiracy encompassed his prior case and "incomprehensible government and socio-bureaucratic powers who hide behind a systematically corrupt gang of criminals posing as legitimate attorneys, prosecutors, judges, and police." *Id.* at *3. The Court found plaintiff's "allegations rest on the kind of fantastic and delusional claims that warrant dismissal *sua sponte*." *Id.* at *2.

Like in *Brown*, Plaintiff has filed the same hundred plus page complaint alleging a widespread incomprehensible conspiracy against him including attempted murder.  Similarly, these complaints have been dismissed and affirmed on appeal and then refiled in a different jurisdiction alleging the same ongoing conspiracy – now in three federal courts.  Plaintiff's most recent complaint against H&K was dismissed, and Judge Nachmanoff (who is now part of Plaintiff's conspiracy (Compl. at 5)) found Plaintiff's "RICO and [Computer Fraud and Abuse Act] allegations are 'wholly insubstantial.'" *Antonacci*, 2024 U.S. Dist. LEXIS 107279 at *7.

Like in *Desenberg*, Plaintiff alleges an incomprehensible conspiracy of a "Zionist criminal enterprise" comprised of government and private actors. For example, Plaintiff explains the courts' role in the "Zionist criminal enterprise" and alleged systematic corruption:

> This Zionist criminal enterprise's deleterious effects on the legal profession and American culture is manifest in our country's decline. In their view, political power and money give you a monopoly on the truth, even if courts of law have to discredit themselves to fabricate their false reality. This is federal racketeering being perpetrated by officers of our courts- the very people charged with protecting against these crimes…Left unchecked, criminal racketeering overtakes government to subject the governed to rule by the most avaricious, unscrupulous and incompetent among us. The Zionists seek to elevate the weak to protect them from the strong, becaue [sic] Zionists are afraid of everything…There can be no faith in America's government while this Zionist criminal enterprise acts with impunity. The Zionists must be stopped before they undo all social and economic progress of the past two centuries.

Compl. at 5-6.

Plaintiff's Complaint is frivolous on its face. As such, this Court should exercise its inherent authority to dismiss frivolous cases and *sua sponte* dismiss Plaintiff's Complaint with prejudice.

## B. The Complaint Should be Dismissed Because it Does not Comply with Fed. R. Civ. P. 8.

The Court should dismiss Plaintiff's Complaint with prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires that a complaint comprise "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 also requires that the allegations in a Complaint be "simple, concise, and direct." Fed. R. Civ. P. (8)(d)(1).

The purpose of Rule 8(a) "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare adequate defense and determine whether the doctrine of res judicata is applicable." *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1997). Plaintiff must provide information about "the types of violations allegedly suffered by plaintiffs, facts related to the events that form the basis of their claims, which

defendants committed each violation, and when such events occurred." *Cheeks v. Fort Meyer Constr. Corp.*, 71 F. Supp. 3d 164, 169 (D.D.C. 2014) (citing *Chennareddy v. Dodaro*, 698 F. Supp. 2d 1, 16 (D.D.C. 2009); *Hilska v. Jones*, 217 F.R.D. 16, 25-26 (D.D.C. 2007)).  Plaintiff "must provide this information in an organized and succinct manner.  A 'confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies'" and "untidy assortment of claims that were neither plainly nor consciously stated, nor meaningfully distinguished from bold conclusions, sharp harangues, and personal comments" do not comply with the requirements of Rule 8.  *Cheeks*, 71 F. Supp. 3d at 169; *Brown*, 75 F.D.R. at 499.

Pro se litigants must comply with Rule 8, including complaints alleging RICO and antitrust violations. *Kaul v. Fed'n of State Med. Bds.*, No. 19-cv-3050 (TSC), 2021 U.S. Dist. LEXIS 62007 (D.D.C. Mar. 31, 2021). Additionally, *pro se* litigants who are licensed attorneys are not afforded the leniency given to *pro se* complaints brought by non-attorneys. *Jones v. Ogletree, Deakins, Nash, Smoak, & Stewart, P.C.,* No. 23-3488, 2025 U.S. Dist. LEXIS 59302, *11 (D.D.C. Mar. 30, 2025) (citing *Spence v. VA,* 109 F. 4th 531, 563 (D.C. Cir. 2024)).

"[A] complaint that is excessively long, rambling, disjointed, or full of irrelevant and confusing material will fail Rule 8's standard and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues, and personal comments."  *Bell v. District of Columbia*, No. 23-cv-2036, 2024 U.S. Dist. LEXIS 99643, *8 (D.D.C. June 5, 2024) (internal quotes omitted); *Kaul*, 2021 U.S. Dist. LEXIS 62007, at *47-48.  This Court has held that verbose complaints warrant dismissal under Rule 8. *See id.*; *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004) (affirming dismissal of 61-page amended complaint with 105 paragraphs); *Unfoldment, Inc.*

10

*v. District of Columbia*, No. 07-01717, 2007 U.S. Dist. LEXIS 78417, *3 (D.D.C. Oct. 24, 2007) (dismissing a complaint that consisted of 368-paragraphs over 61-pages).

A plaintiff violates Rule 8 "by lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct." *Whaleco Inc., v. Shein Tech. LLC,* No. 23-3706, 2025 U.S. Dist. LEXIS 193394, *19 (D.D.C. Sept. 30, 2025) (quoting *Toumazou v. Turkish Rep. of N. Cyprus*, 71 F. Supp. 3d 7, 21 (D.D.C. 2014)). This Court has routinely "granted motions to dismiss when the plaintiff's 'factual allegations refer[red] to "Defendants" collectively without specifying which of' the individual defendants 'allegedly took each action described in the complaint.'" *Id.*

Here, Plaintiff's Complaint contains 672 paragraphs and is 121 pages. This Court has dismissed complaints half the length of Plaintiff's Complaint for violating Rule 8 for being "prolix, redundant, bloated with unnecessary detail, and full of vituperative charges." *Unfoldment,* 2007 U.S. Dist. LEXIS 78417, *3; *Ciralsky*, 355 F.3d at 669. Like in *Brown*, the Complaint is a "confused and rambling narrative of charges and conclusions concerning numerous persons, organizations and agencies" and does not comply with the requirements of Rule 8. *Brown*, 75 F.R.D. at 499 (D.D.C. 1977). Plaintiff's Complaint requires both the Court and Defendants to guess as to which facts concern which claims. Plaintiff attributes much of the alleged conduct to a "Zionist criminal enterprise" but the details of the enterprise are unclear including who is allegedly in it. Plaintiff presents no facts connecting Defendants together or the unrelated actions Plaintiff alleges they have taken over at least fifteen years. The Complaint strings together disparate claims involving multiple Defendants whose only connection is Plaintiff, and more precisely, Plaintiff's unsupported conclusion that all the Defendants and many other people are working behind the scenes to harm him. The Complaint lumps Defendants together as "the

Defendants" but fails to specify what individual Defendant(s) allegedly took what actions. Plaintiff's Complaint runs afoul of Rule 8 and should be dismissed.[2]

Accordingly, the Court should still dismiss the Complaint for failure to comply with Rule 8. Given the nature of the Complaint and Plaintiff's prior filings in multiple jurisdictions, the Court should dismiss Plaintiff's claims with prejudice.

**C.    The Court Should Dismiss Count I Alleging Violations of RICO Because Plaintiff's Claims Against H&K are <u>Untimely and Fail to State a Claim Under Rule 12(b)(6)</u>.**

The Court should dismiss Count I alleging violations of RICO sections 18 U.S.C. § 1962 (a), (b), and (c) against the H&K for at least two reasons. First, the allegations against H&K fall outside the statute of limitations. Second, Plaintiff has failed to state a plausible claim against H&K under Rule 12(b)(6).

1.    <u>Counts I is Barred by the Statute of Limitations.</u>

Claims brought under 18 U.S.C. § 1962(a), (b) and (c) are subject to a four-year statute of limitations, which "begins to run 'when a plaintiff knew or should have known of his injury.'"

---

[2] Plaintiff filed a version of this same claim in 2015 in the Northern District of Illinois and then EDVA in 2024;both courts dismissed his complaints finding they ran afoul of Rule 8. Compl. ¶ 243, 500. The Illinois federal court dismissed the claim, stating that it had "waded through Antonacci's extensive allegations," and noted the "obvious difficulty in squaring Antonacci's Complaint with the Fed. R. Civ. P. ('Rule') 8(a)(2) requirement of a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Antonacci*, 2015 U.S. Dist. LEXIS 58490 at *1-2. EDVA dismissed Plaintiff's complaint because the "allegations are 'wholly insubstantial'" stating "although [Plaintiff] has added new defendants and allegations, the alleged conspiracy – and the fundamental implausibility of it – has not changed…And the new allegations do not move the needle towards plausibility – if anything, they reinforce the implausibility of the alleged conspiracy. [Plaintiff] continues to 'fl[ing] wild accusations at a large,' and seemingly never-ending, 'number of people' who have no apparent connection other than their interactions, however tangential, to [Plaintiff]." *Antonacci*, 2024 U.S. Dist. LEXIS 107279 at *7. Despite dismissal for this same reason now twice, Plaintiff's complaints are getting even longer. The first complaint contained 295 allegations across 67 pages (*Antonacci,* 2015 U.S. Dist. LEXIS 58490 at *n.1), the second complaint contained 574 allegations over 101 pages (*Antonacci,* 2024 U.S. Dist. LEXIS 107279 at *n.1), and this current Complaint contains 672 allegations over 121 pages.

*Youkelsone v. FDIC.,* 910 F. Supp. 2d 213, 226 (D.D.C. 2012) (quoting *Rotella v. Wood,* 528 U.S. 549, 553 (2000)).  In the case of multiple defendants with multiple acts, the "injury" runs from the date of the individual acts of the individual purported members of the conspiracy.  *See Hutchinson v. Staton*, 994 F. 2d 1076, 1079 (4th Cir. 1993) ("[a]s to the remaining defendants, the court ruled that the limitations period had expired for their alleged individual acts."); *see also United States v. Persico*, 832 F. 2d 705, 714 (2d Cir. 1987) ("we conclude that in order to satisfy the statute of limitations for section 1962(c), the government must demonstrate that a defendant committed at least one predicate racketeering act within the limitations period."); *Sterling Nat'l Mortg. Co. v. Infinitive Title Solutions*, No. 10-22147, 2011 U.S. Dist. LEXIS 169005 at *13 (S.D. Fla. March 3, 2011) ("for purposes of analyzing the statute of limitations, the court looks solely to acts alleged against a particular defendant, regardless of the apparent commission of timely predicate acts by other members of the alleged racketeering enterprise.").

Here, Plaintiff filed his Complaint on January 23, 2026.  To fall within the statute of limitations, he must allege that H&K engaged in an overt act in furtherance of the racketeering scheme on or after January 23, 2022.  The latest allegation against H&K is that it forced Plaintiff to resign from H&K on April 30, 2010.  Compl. ¶ 72.  Therefore, Count I is untimely as to H&K by more than ten years as to the allegation directly against H&K.

> 2.    Count I Fails to Adequately Alleged H&K
> was Part of an "Enterprise" or that it Committed
> <u>Predicate Acts Constituting Racketeering Activity.</u>

To state a claim for a violation of RICO, 18 U.S.C. § 1962,  a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" *Son Ly v. Solin, Inc.*, 910 F. Supp. 2d. 22, 26 (D.D.C. 2012) (quoting *Sedima, S.P.R.L. v. Imrex, Co.,* 473 U.S. 479, 496 (1985)); *U.S. ex rel. Yelverton v. Fed. Ins. Co.*, 831 F.3d 585, 589 (D.D.C. 2016).

a.    *Plaintiff fails to allege the H&K*
*was part of an "Enterprise."*

Plaintiff fails to plausibly allege an enterprise responsible for committing racketeering activity.  A RICO enterprise "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associates in fact although not a legal entity." 18 U.S.C. § 1961(4). "An enterprise is an entity separate and apart from the pattern of activity in which it engages." *Boyle v. United States*, 556 U.S. 938, 954 (2009) (quoting *United States v. Turkette,* 452 U.S. 576, 583 (1981)); *see also, Cent. Am. Bank for Econ. Integration v. Mossi,* No. 24-cv-2544, 2025 U.S. Dist. LEXIS 189018, at *36 (D.D.C. Sep. 25, 2025). Plaintiff alleges the alleged enterprise is "the association-in-fact of all Defendants."  Compl. ¶¶ 516, 517. An association-in-fact enterprise is "a group of persons associated together for a common purpose of engaging in a course of conduct." *Boyle*, 556 U.S. at 946 (quoting *Turkette,* 452 U.S. at 583).

The enterprise must contain at least three structural components: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose. *Boyle*, 556 U.S. at 946. "To successfully state a claim under RICO, a plaintiff must plead facts 'identifying the common purpose and organization and decisionmaking structure of the alleged enterprise.'" *Stankevich v. Kaplan*, 156 F. Supp. 3d 86, 94 (D.D.C. 2016) (quoting *Dodd v. Infinity Travel,* 90 F. Supp. 2d 115, 117 (D.C.C. 2000)). A plaintiff must allege the members of the alleged enterprise conducted or participated in the conduct of the enterprise's affairs meaning the members' actions must be undertaken on behalf of the enterprise.  *Mossi,* 2025 U.S. Dist. LEXIS 189018, at *38.

Plaintiff fails to allege H&K was part of an enterprise. Count I makes no specific reference to H&K.  Plaintiff merely lumps H&K into "all Defendants," "each Defendant," and "Defendants" which is insufficient under Rule 8.

14

Moreover, the Complaint fails to contain any plausible facts identifying the organizational and decision making structure of the enterprise. The Complaint fails to contain any facts that H&K "communicated, met, or otherwise coordinated with" other members of the enterprise or even knew any of any members. *Mossi,* 2025 U.S. Dist. LEXIS 189018 at \*37.

Plaintiff does not define what the "enterprise" is, who is in the enterprise, or its purpose beyond conclusory statements that it is a "Zionist criminal enterprise" and "the enterprise is administered and funded primarily by Zionists and Jews, but they will utilize anyone they can bribe or extort to accomplish their goals." Compl. ¶¶ 5, 518. Plaintiff alleges that Emmanuel "is a leader of this enterprise.  While he was in the greater Washington area working as Obama's Chief of Staff, Emanuel, Paul Kiernan, Shapiro, and Katz, agreed to use their enterprise to destroy Antonacci's legal career because his contempt for corruption posed a threat to them and the socialist totalitarianism that is the goal of Zionism."  Compl. ¶ 88.  Plaintiff does not allege how Emanuel knows Plaintiff or what his involvement with H&K was, or even whether they have ever communicated with one another about anything to do with Plaintiff.  Plaintiff does not allege any connection between Emanuel and H&K.

"[M]embers of a RICO enterprise must be 'distinct' – that is, 'one must allege and prove the existence of two distinct entities: (1) a 'person;' and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." *U.S. Dominion, Inc. v. MyPillow, Inc.*, 2022 U.S. Dist. LEXIS 90530, at \*14 (D.D.C. May 19, 2022) (quoting *Cedric Kushner Promotions, Ltd. v. King,* 533 U.S. 158 (2001)). The Complaint fails to allege any plausible facts that H&K associated with, met, or coordinated with the alleged "Zionist criminal enterprise" or that the actions were part of the organization and decision-making structure of the enterprise. Thus, the Complaint fails to plausibly allege that H&K shared a common purpose under RICO.

15

Plaintiff has not alleged that H&K were "coordinating conduct" as part of a "distinct enterprise." Plaintiff has failed to plausibly allege facts that can support Count I, and the Court should dismiss it with prejudice.

> ### b. Plaintiff fails to allege "predicate acts" of "racketeering activity" against H&K

A pattern of racketeering activity is defined as at least two acts that violate state and federal laws enumerated in the RICO statute. *Adler v. Loyd*, 496 F. Supp. 3d 269, 278 (D.D.C. 2020). The two predicate criminal acts must occur within a ten-year period. *Watson v. Ferris,* 139 F. Supp. 3d 456, 460 (D.D.C. 2015). When a RICO claim is based on mail and wire fraud, it is subject to the heighted pleading requirements of Rule 9(b) and must be plead with particularity and is subject to increased scrutiny "because of the relative ease with which a plaintiff may mold a RICO pattern from allegations that, upon closer scrutiny, do not support it." *Adler*, 496 F. Supp. 3d at 279; *Ambellu v. Re'ese Adbarat Debre Selam Kidist Mariam,* 406 F. Supp. 3d 72, 76-77 (D.D.C. 2019).

In addition to requiring two overt acts of racketeering activity to establish a pattern, the "acts must be related and must 'amount to or pose a threat of continued criminal activity.'" *Companhia Brasileira Carbureto de Calico – CBBC v. Applied Indus. Materials Corp.*, 887 F. Supp. 2d 9, 22 (D.D.C. 2012) (citing *H.J. Inc. v. Nw. Bell Tele. Co.*, 492 U.S. 229, 239 (1989)). Courts use a "commonsense, fact-specific approach" to determine if there is a pattern of RICO activity to avoid ordinary business disputes from becoming viable RICO claims. *Id.* Courts routinely dismiss cases where complaints allege a single scheme, single injury, and few victims. *Id.*; *Ambellu,* 406 F. Supp. 3d at 81-82; *see also Adler*, 496 F. Supp. 3d at 280-81 (allegations of a single scheme of twelve predicate acts by defendants against a singular victim (plaintiff and his company) that threaten no future criminal conduct is insufficient to allege a RICO claim).

16

Plaintiff does not allege two predicate acts by H&K. In fact, H&K is not alleged to have committed any of the racketeering activity in support of Count I. The only alleged act Plaintiff alleges H&K took is that it forced Plaintiff to resign his employment with H&K on April 30, 2010, which is not a criminal act. Compl. ¶ 72. Plaintiff failed to plead a RICO pattern of racketeering against H&K let alone plead his allegations with particularity to meet the heightened pleading standard under Rule 9(b) for wire and mail fraud.[3]

Like in *Adler*, Plaintiff alleges multiple defendants engaged in a singular scheme where he is the only victim. And, Plaintiff has failed to allege predicate acts against H&K. The D.C. Circuit has established that it is 'virtually impossible for plaintiffs to state a RICO claim' where there is 'only a single scheme, a single injury, and few victims.'" *Adler*, 496 F. Supp. at 280 (quoting *W. Assoc. Ltd. Pshp.,* 235 F.3d at 634). Accordingly, Plaintiff failed to allege that H&K engaged in the two requisite acts in furtherance of racketeering activity. Since there is no pattern of racketeering activity, the Court must dismiss Count I.

> **D.     The Court Should Dismiss Count II Alleging RICO
> Conspiracy Because Plaintiff Fails to Allege an Underlying
> <u>RICO Violation, Fails to State a Claim, and Any Claim is Untimely</u>.**

Plaintiff fails to state a cognizable claim in Count II for a conspiracy to violate RICO under 18 U.S.C. § 1962(d). To state a claim under this subsection of RICO, Plaintiff must allege that (1) two or more people agreed to commit a violation of §1962(a)-(c); and (2) defendant agreed to further that endeavor. *Son Ly*, 910 F. Supp. 2d at 28; *RSM Prod. Corp. v. Freshfields Bruckhaus Deringer US LLP*, 682 F.3d 1043, 1048 (D.C. Cir. 2012).

---

[3] Plaintiff alleges that the "Defendants" broadly committed the following racketeering activities: wire fraud, mail fraud, obstruction of justice, interstate transportation in aid of racketeering enterprises, and attempted murder on two separate occasions. *See* Compl. ¶¶ 515-537. But Plaintiff has not plead any facts to explain how H&K was involved in them.

A complaint must contain more than plaintiff's conclusory allegations that defendants agreed to further a RICO conspiracy. *Son Ly*, 910 F. Supp. 2d at 28 (D.D.C. 2012). A complaint fails to state a claim for RICO conspiracy when it fails to allege facts sufficient to support a plausible interference that the defendant knew of and agreed to further the racketeering conspiracy. *RSM Prod. Corp.*, 682 F.3d at 1052.  Dismissal is appropriate when the conspiracy allegation fails to "plausibly suggest an illicit accord because it [i]s not only compatible with, but indeed [i]s more likely explained by, lawful, unchoreographed freemarket behavior." *Id.* (quoting *Iqbal*, 556 U.S. at 680). Here, Plaintiff failed to allege facts sufficient to support a plausible interference that H&K knew of the alleged conspiracy, agreed to join the conspiracy, or agreed to further the conspiracy. Moreover, the allegations against H&K fail to suggest any kind of illegal agreement.

Furthermore, any claim under 18 U.S.C. § 1962(d) based on a conspiracy to violate § 1962(a)-(c) fails if the substantive RICO claims are deficient because there is no violation in which the defendant could have conspired. *E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 15-16 (D.D.C. 2014). When a plaintiff fails to state a claim of a substantive RICO violation under 18 U.S.C. § 1962(a)-(c), plaintiff also fails to plead a conspiracy to violate RICO under § 1962(d). *Id.; Ctr. for Immigration Studies v. Cohen*, 410 F. Supp. 3d 183, 194 (D.D.C. 2019).

Here, as explained above, Plaintiff fails to state a RICO claim under 18 U.S.C. 1962 (a), (b), and (c) because Plaintiff failed to allege the existence of an enterprise, failed to allege a pattern of predicate acts, or plausibly state the elements of any substantive RICO count, much less one that occurred within the statute of limitations.  Accordingly, Plaintiff's 18 U.S.C. 1962(d) claim is without merit and should be dismissed.[4]

---

[4] Though the nonexistence of a substantive RICO claim is dispositive to the RICO conspiracy claim, Plaintiff has also failed to allege any facts that could plausibly state the elements of a RICO conspiracy claim.  Plaintiff has failed to plausibly allege that H&K had knowledge of a general conspiracy, that they agreed to be involved in it, or that they had any knowledge whatsoever of

Even if Plaintiff stated a plausible claim for RICO conspiracy against H&K, which he does not, the claim still fails because it is untimely. The statute of limitations for a RICO conspiracy claim is four years, and it begins when the RICO conspiracy is discovered. According to Plaintiff's Complaint, he discovered the alleged RICO conspiracy in 2009 while working at H&K on the Katz fraud case. Compl. at 4, ¶¶ 28-82. The last specific mention of any act by H&K occurred in 2010 when Plaintiff resigned from H&K. *See* Compl. Plaintiff's RICO conspiracy claim is beyond the statute of limitations by more than ten years.[5]

**E.      The Court Should Dismiss Count III Alleging Violations of the District of Columbia Antitrust Act Under D.C. Code 28-4502, 4503, and 4508 Because it is Barred by the Statute of Limitations and Fails to State a Claim.**

The Court should dismiss Count III alleging violations of the District of Columbia Antitrust Act against H&K for at least two reasons. First, the allegations against H&K are barred by the statute of limitations. Second, the conduct Plaintiff alleges against H&K fails to state a claim.

1.      Count III is Barred by the Statute of Limitations.

The statute of limitations for violations of the District of Columbia Antitrust Act is four years. D.C. Code § 28-4511(b). While Plaintiff claims all Defendants violated the Act, Plaintiff has not plead any facts that H&K violated the Act beyond appearing to lump H&K into his conclusory allegations about "the Defendants" conspiring.

Plaintiff's only allegations related to H&K is where he alleges "Shapiro and Kiernan conspired to defame [Plaintiff] to prevent him from taking a senior associate position before they

---

this purported conspiracy. At minimum, Plaintiff has not alleged that any H&K had any knowledge of any acts committed by a co-conspirator within the four-year statute of limitations.

[5] Because Plaintiff relies on federal question to invoke this Court's jurisdiction, should the Court dismiss Counts I and II, it lacks jurisdiction over this case under Fed. R. Civ. P. 12(b)(1).

forced him to resign" from H&K on about April 27, 2010.  Compl. ¶¶ 72, 80, 593. Plaintiff's

resignation from H&K in 2010 occurred well outside the four-year statute of limitations.

While Plaintiff repeatedly alleges Defendants conspired over the course of over a decade

it is entirely unclear what actions, if any, Plaintiff alleges H&K took related to the alleged

conspiracy. Accordingly, the Court should dismiss Count III as barred by the statute of limitations.

    2.  <u>Plaintiff Fails to State a Claim for Count III</u>

The Court should dismiss Count III as to H&K because Plaintiff fails to state a claim under

the District of Columbia Antitrust Act.

*a.*  *Plaintiff Fails to State a Claim Under D.C. Code § 28-4502*
<u>*for Unlawful Restraint of Trade or Commerce*</u>

To establish a claim under D.C Code § 28-4502 a plaintiff must show "a 'concerted action'

that 'unreasonably restrains trade.'" *District of Columbia v. Amazon.com, Inc.,* 320 A.3d 1073,

1080 (D.C. 2024) (quoting *Am. Needle, Inc. v. NFL*, 560 U.S. 183, 186 (2010)). Plaintiff must

allege enough factual matter to suggest an agreement was made.  *Amazon.com, Inc.,* 320 A.3d at

1080 n.4.  "The existence of an agreement…is the 'essential element of a conspiracy claim.'"

*Acosta Orellana v. CropLife Int'l,* 711 F. Supp 2d 81, 113-14 (D.D.C. 2010) (quoting *Graves v.*

*United States,* 961 F. Supp. 314, 320 (D.D.C. 1997)).  Conclusory allegations of an agreement are

insufficient to survive a motion to dismiss. *Id.*  Failure to "provide any indication of when or how

such an agreement was brokered, or how [the defendants]…were parties to an agreement" are

lacking and "devoid of any factual support[,]" and thus, are fatal. *Id.*

Plaintiff alleges "Defendants combined, agreed, mutually undertook, and concerted

together, and with others, to effect preconceived plan and unity of design and purpose. The purpose

of this plan was to unlawfully destroy [Plaintiff's] legal career so that he could not expose the

criminal nature of this enterprise. The purpose was also to monopolize the private practice of law

20

among corrupt Zionists in the District of Columbia, the City of Chicago, and Northern Virginia." Compl. ¶¶ 590-592.  The allegations under the Act are nearly the same as those alleged as part of Plaintiff's RICO claims, which include conspiracies to: force Plaintiff to resign from H&K in 2010, prevent Plaintiff from finding work, terminate Plaintiff from Seyfarth, interfere with Plaintiff's prior court complaints and proceedings including influencing the cases, damage his reputation, delay Plaintiff's admission to the Illinois Bar, attempt to murder Plaintiff twice, and access Plaintiff's electronic devices. Compl. ¶¶ 589-649.

While Plaintiff makes numerous conclusory allegations against the Defendants, Plaintiff does not allege any specific allegations against H&K under the Act.  *See id.*  The only mention of H&K as it relates to Claim III is where Plaintiff states Shapiro and Kiernan allegedly conspired to force him to resign from H&K. Compl. ¶ 593.  Plaintiff does not allege any facts relating to H&K that allege H&K had an agreement or took any kind of concerted action to restrain trade, commerce, attempt to monopolize, or otherwise engage in anticompetitive conduct. It is unclear what the alleged agreement, concerted effort, or conspiracy Plaintiff alleges H&K was a part of without any indication of H&K's involvement.

Plaintiff has failed to state a claim under the District of Columbia Antitrust Act against H&K. As such, the Court should dismiss Count III.

b. *Plaintiff Fails to State a Claim Under*
*D.C. Code § 28-4503 for Attempted Monopolization*

Under D.C. Code § 28-4503 a claim of attempted monopolization requires pleading facts that show "(1) the defendant has engaged in predatory or anticompetitive conduct with (2) a specific intent to monopolize and (3) a dangerous probability of achieving monopoly power." *Amazon.com, Inc.,* 320 A.3d at 1084-85 (quoting *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456, (1993)); *WAKA, LLC v. DC Kickball,* 517 F. Supp. 2d 245, 252 (D.D.C. 2007). Plaintiff

21

alleges Defendants planned "to monopolize the private practice of law among corrupt Zionists in the District of Columbia, the City of Chicago, and Northern Virginia." Compl. ¶ 592. It is unclear what if anything beyond this conclusory allegation what Plaintiff alleges is the attempted monopolization. Plaintiff has not plead any facts specific to an established monopoly or an attempted monopoly. Plaintiff pleads no facts specific to H&K allegedly engaging in predatory or anticompetitive conduct or attempting to monopolize.

Plaintiff has failed to state a claim for attempted monopolization under the District of Columbia Antitrust Act against H&K. As such, the Court must dismiss Count III.

**F.      Plaintiff Fails to State a Claim for Count IV[6] Alleging Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985(3).**

The Court should dismiss Count IV alleging conspiracy to interfere with civil rights in violation of 42 U.S.C. § 1985(3) against H&K for at least two reasons. First, the allegations against H&K are time barred. Second, the conduct Plaintiff alleges fails to state a claim.

1.      <u>Count IV is Barred by the Statute of Limitations</u>

The statute of limitations for claims under 42 U.S.C. § 1985 is three years under District of Columbia Code § 12-301(8). *Curtis v. Lanier*, 535 F. Supp. 2d 89, 95 (D.D.C. 2008) (citing *Hall v. Clinton*, 285 F.3d 74, 82 (D.C. Cir. 2002)).

Plaintiff alleges an ongoing conspiracy under § 1985 by all Defendants beginning in approximately 2009 and continuing through the suspension of Plaintiff's Virginia State Bar license in 2025. Compl. ¶ 651-666.

While Plaintiff seems to summarily include H&K in Count IV with references to the count being against "All Defendants," Plaintiff does not allege H&K took any recent actions as part of

---

[6] Plaintiff's Complaint appears to contain a typographical error in its count numbering with two V counts and no IV count.

the alleged conspiracy under § 1985 that are within the three-year statute of limitations. The only actions Plaintiff alleges H&K took occurred in 2010, which is well beyond the three-year statute of limitations.  As such, the Court should dismiss Count IV.

2.      Plaintiff Fails to State a Claim for Count IV

To state a claim under 42 U.S.C. § 1985(3), a plaintiff must allege: (1) conspiracy; (2) for the purpose of depriving any person or class of persons equal protection of laws or equal privileges and immunities under laws; (3) an act in further of conspiracy; and (4) the act injures his personal property or deprives him of a right or privilege of a citizen of the United States.  *Lewis v. Green*, 629 F. Supp. 546, 552 (D.D.C. 1986).  When a complaint fails to allege racial or other class-based discriminatory animus behind the actions of the alleged conspirators, it fails to state a cognizable cause of action under 42 U.S.C. § 1985.  *Id.*

This Court should dismiss Count IV alleging conspiracy to interfere with civil rights under 42 U.S.C. § 1985 against H&K for failure to state a claim. Plaintiff does not allege he was discriminated against based on his membership in a protected class. Nowhere in his Complaint does Plaintiff identify his class that is the alleged basis of the discriminatory animus behind the actions of the alleged conspirators.

Plaintiff vaguely alleges the fifteen plus year conspiracy was "at the behest and for the benefit of, a Zionist criminal enterprise" but nowhere does Plaintiff allege any class-based basis discriminatory animus.  Compl. ¶ 665. While Plaintiff repeatedly refers to individuals and organizations he claims are "Jews" or Jewish affiliated as Zionists, including referring to the Illinois State Bar and Virginia State Bar as "Zionist criminal enterprises" and vaguely referencing "this Zionist criminal enterprise" to refer to Defendants and others alleged to be part of Plaintiff's

alleged conspiracy, he does not allege what protected characteristic under which he was discriminated. *See, e.g.,* Compl. at 5-6, ¶¶ 2-3, 5, 7, 333, 368, 437, 455, 457, 459, 462, 463, 665.

Plaintiff also fails to allege a cognizable conspiracy. Plaintiff's allegations that the Virginia State Bar suspended his license as part of a conspiracy by numerous individuals, including "all Defendants" are mere conclusory allegations. Plaintiff has failed to allege facts relating to H&K's alleged involvement in the alleged conspiracy or any actions that led to the Virginia State Bar's disciplinary investigation or suspension of Plaintiff's license. Plaintiff's Complaint merely states conclusory statements such as "All acts leading up to the Virginia State Bar's blatant denial of [Plaintiff's] constitution rights are all part of the same conspiracy and all Defendants are therefore liable for the conspiratorial acts alleged herein. All Defendants, including the Virginia State Bar, Johnson, Parrish, 9208 Lee and Parrish Law were fully aware of the conspiracy they agreed to join". Compl. ¶¶ 663-664. There is not a single fact as to how H&K allegedly conspired or any alleged actions taken by H&K relating to disciplinary proceedings against Plaintiff. Instead, Plaintiff explains "on May 9, 2024 Shaun So filed a bar complaint against [Plaintiff] in the Virginia State Bar, alleging that [Plaintiff's] lawsuit was frivolous and costing him unnecessary attorneys' fees" referring to the nearly identical complaint previously filed and dismissed in the Eastern District of Virgina. Compl. ¶¶ 420-21; *Antonacci*, 2024 U.S. Dist. LEXIS 107279.

Plaintiff's allegations against H&K are wholly unsubstantiated, the alleged conspiracy is implausible, and Plaintiff alleges no class-based discriminatory animus. Accordingly, Count IV must be dismissed against H&K.

## VI.    CONCLUSION

For the reasons articulated above, H&K respectfully requests the Court dismiss Plaintiff's Complaint with prejudice.

25

Date:  March 16, 2026      Respectfully submitted,


           /s/ Jason A. Ross
          Jason A. Ross (D.C. Bar 1047909)
          **JACKSON LEWIS P.C.**
          11790 Sunrise Valley Drive, Suite 400
          Reston, Virginia 20191
          (703) 483-8300 – Telephone
          (703) 483-8301 – Facsimile
          Jason.Ross@jacksonlewis.com

          ***Counsel for Holland & Knight, LLP***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on March 16, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will then send an electronic notification of such filing (NEF) upon all parties of record.

/s/ Jason A. Ross      <br>
Jason A. Ross