-i-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LOUIS B. ANTONACCI, | |
| Plaintiff, | |
| v. | Civil Action No. 1:26-cv-00211-LLA |
| RAHM I. EMANUEL, PERKINS COIE LLP; MATTHEW J. GEHRINGER; STORIJ, INC.; BEAN LLC; LANE CONSTRUCTION CORPORATION; SETH FIRMENDER; DESCRYBE, LLC; ROKK SOLUTIONS, LLC; ANITA J. PONDER; HOLLAND & KNIGHT LLP; THE VIRGINIA STATE BAR; RICHARD W. JOHNSON, JR.; PARRISH LAW FIRM, PLLC; 9208 LEE AVENUE, LLC; SEYFARTH SHAW LLP, | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COMPLAINT ON
BEHALF OF DEFENDANTS SEYFARTH SHAW LLP, ANITA J. PONDER
PERKINS COIE LLP, AND MATTHEW J. GEHRINGER**

-i-

I.      INTRODUCTION ........................................................................................................ 1

II.     BACKGROUND ......................................................................................................... 3

III.    ARGUMENT.............................................................................................................. 5

        A.      Antonacci's Allegations Fail to Establish Subject Matter Jurisdiction. ................ 5

                1.      The Court Lacks Jurisdiction to Adjudicate Frivolous Claims.................. 5

                2.      Antonacci's Civil RICO Claims Are Frivolous. ...................................... 5

        B.      Claim Preclusion Bars Antonacci's Allegations Against the
                Seyfarth/Perkins Defendants.................................................................................. 8

                1.      The Causes of Action Are Identical.......................................................... 9

                2.      The Parties to the Actions Are the Same. ................................................. 9

                3.      The Judgments Were Final. ..................................................................... 10

                4.      Federal Courts are Courts of Competent Jurisdiction.............................. 11

        C.      Antonacci's Claims Are Time-Barred. ................................................................ 11

                1.      The Statute of Limitations Bar Antonacci's Civil RICO Claims. ........... 11

                2.      D.C. State Law Also Time-Bars his State Law Claim.............................. 12

        D.      Absolute Litigation Immunity Shields the Seyfarth/Perkins Defendants
                from Antonacci's Claims. .................................................................................... 12

        E.      Antonacci's Claims Are Implausible and Fail to State a Claim. ......................... 13

                1.      Antonacci's Claims Fail Under Rule 9(b). .............................................. 14

                2.      Antonacci's Claims Fail Under Rule 12(b)(6).......................................... 14

                3.      Antonacci's Claims Fail Under Rule 8. ................................................... 15

IV.     CONCLUSION......................................................................................................... 16

Defendants Seyfarth Shaw LLP ("Seyfarth"), Anita J. Ponder ("Ponder"), Perkins Coie LLP ("Perkins"), and Matthew J. Gehringer ("Gehringer") (the "Seyfarth/Perkins Defendants") hereby move to dismiss the Complaint filed by Plaintiff Louis B. Antonacci ("Antonacci"). The Complaint is baseless, fanciful, devoid of any plausible allegations or claims, and a regurgitation of the same allegations and claims already rejected by the several other courts that have been forced to address them by this serial and vexatious litigant.

## I.    INTRODUCTION

This is Plaintiff Antonacci's third federal case involving an allegedly widespread "conspiracy" involving individuals and entities that have interacted in some way—however tangential—with him. State and federal courts in Illinois and Virginia have dismissed these claims, and those decisions were readily affirmed as Antonacci exhausted all appeals. Antonacci's vexatious litigation amounts to harassment and gives rise to a colossal waste of judicial and other resources that should come to a speedy end here as well.

In his 122-page Complaint, Antonacci weaves a bizarre narrative of a global conspiracy of Zionists involving public officials, judges, lawyers and others inexplicably joined together to target him. He has never bothered to make clear why he is of such interest to this diverse group. Within the first few pages of the Complaint, Antonacci asserts that "state courts carefully fabricate[d] and misrepresent[ed] facts," a state committee on attorney fitness "attempted to extort" him, and that Chicago state and federal courts propagated "false narratives" against him. Compl. at 4–5.

With this suit, with respect to the Seyfarth/Perkins Defendants Antonacci has recycled much of his dismissed complaints filed in the Northern District of Illinois in 2015, and in the Eastern District of Virginia in 2025, reasserting those allegations virtually whole-cloth. Declaration of Barak Cohen ("Cohen Decl."), ¶ 2, Ex. A (providing a side-by-side comparison of allegations made in the earlier-dismissed Northern District of Illinois litigation and the dismissed Eastern District of Virginia action); ¶ 3, Ex. B (providing side-by-side comparison of causes of action lodged in the dismissed Eastern District of Virginia matter and the instant action). Ignoring principles of *res judicata*, he purports to assert civil RICO claims (Counts I and II) and antitrust

claims (Count III) against the Seyfarth/Perkins Defendants, claims that he premises on the same conduct already litigated to final judgment in other courts, starting over eight years ago.[1] *Id*.

The Seventh Circuit rejected Antonacci's imaginative tale, aptly characterizing it as "legally frivolous" and recognizing that "each individual allegation is so unsupported by any plausible detail as to be preposterous." *Antonacci v. City of Chicago*, 640 F. App'x 553, 557 (7th Cir. 2016). The Eastern District of Virginia agreed, holding that Antonacci's claims are "wholly insubstantial," and any minor changes only served to "reinforce the implausibility of the alleged conspiracy." *Antonacci v. Emanuel*, No. 1:24-CV-172-MSN-LRV, 2024 WL 2988943, at *2 (E.D. Va. May 23, 2024), *aff'd*, 2025 WL 1065245 (4th Cir. Apr. 9, 2025) and *aff'd*, 2025 WL 1091848 (4th Cir. Apr. 9, 2025). The court went on to conclude that Antonacci's "wild accusations" against a "seemingly never-ending, number of people who have no apparent connection other than their interactions, however tangential, to Antonacci" were entirely devoid of merit. *Id*., at *2; *see also id*. ("This Court agrees with the Seventh Circuit's assessment that Antonacci's previous, and now renewed, allegations are 'legally frivolous' because they are 'so unsupported by any plausible detail as to be preposterous.'" (quoting *Antonacci*, 640 F. App'x at 557). This Court should likewise reject the claims here, with prejudice, for five independent reasons, each of which separately requires dismissal.

*First*, this Court lacks subject matter jurisdiction over the claims. Antonacci's assertion of federal jurisdiction depends solely upon a violation of civil RICO. *See* Civil Cover Sheet (ECF No. 1-3) at 1. As the Northern District of Illinois and Seventh Circuit held in Antonacci's previous suits, he has failed to allege adequate facts to assert a civil RICO claim. And there is no diversity of citizenship between Antonacci and the defendants. Accordingly, Antonacci's assertion of subject matter jurisdiction fails.

*Second*, Antonacci's claims against the movants have previously been litigated. *See Antonacci*, 640 F. App'x at 557; *Antonacci*, 2024 WL 2988943, at *1. The Court should preclude

---

[1] The Complaint's fourth and fifth causes of action—for violations of 42 U.S.C. § 1985 and of the Computer Fraud and Abuse Act—do not name the Seyfarth/Perkins Defendants. *See* Compl. ¶¶ 651–672. Nonetheless, these claims should be dismissed as the entire action is frivolous.

him from attempting to re-litigate the same frivolous claims here as a matter of law. Indeed, Antonacci concedes that his dismissed Eastern District of Virginia matter is a "related case" to this litigation. Notice of Related Case ("Notice") (ECF No. 3). In his Notice, Antonacci admitted that this case was filed by the *same* litigant, against the *same* parties, involving the *same* subject matter. *Id.* (emphasis in original). He cannot plausibly argue that *res judicata* does not apply to prevent him from bringing the same frivolous claims yet again here.

*Third,* Antonacci's claims are time-barred. The statutes of limitation for each of Antonacci's claims have long passed.

*Fourth,* the Seyfarth/Perkins Defendants' role in Antonacci's fanciful conspiracy relates to litigation activity that is subject to absolute privilege. To the extent that Antonacci bases his conspiracy on purported defamation, litigation privilege rules cover any defamatory statements made by Seyfarth/Perkins Defendants.

*Fifth*, in addition to these multiple facial deficiencies, Antonacci's bizarre allegations fail to state any plausible claim under Federal Rule of Civil Procedure 12(b)(6).

For any and all of these reasons, the Court should dismiss his claims with prejudice.

## II.    BACKGROUND

This is Antonacci's fourth lawsuit against Seyfarth and third lawsuit against Perkins and Gehringer arising out of the same core of operative facts from almost a decade ago. The Seyfarth/Perkins Defendants were first caught up in Antonacci's claims of a purported global conspiracy because Perkins and its former partner Matt Gehringer represented Seyfarth when Antonacci sued Seyfarth in Illinois state court for alleged wrongful termination in 2012. Ponder was a partner at Seyfarth at the time.[2] The Illinois state circuit court dismissed the action in 2014, and the Appellate Court of Illinois affirmed that dismissal with prejudice in August 2015. *Antonacci v. Seyfarth Shaw, LLP*, 39 N.E.3d 225, 232 (Ill. App. Ct. 2015). He petitioned the Illinois

---

[2] Both Perkins and Seyfarth are limited liability partnerships. As former partners of their respective firms, Gehringer was in privity with Perkins and Ponder was in privity with Seyfarth. *See Park v. Bender,* No. CV 21-2448 (RDM), 2022 WL 4598628, at *5 n.2 (D.D.C. Sept. 30, 2022) (acknowledging that law firm partners may be in privity with their partnerships).

Supreme Court, which declined further review. *Antonacci v. Seyfarth Shaw, LLC*, 42 N.E.3d 369 (Ill. 2015).

Antonacci separately filed suit in the Northern District of Illinois in April 2015. The allegations in his present lawsuit echo practically verbatim the allegations in the Illinois federal lawsuit, which also named Seyfarth, Perkins, and Gehringer, among others, as defendants. *See* Cohen Decl. ¶ 2, Ex. A. The district court in that case viewed Antonacci's pleadings as so deficient that, *sua sponte*, the court dismissed the action for want of federal jurisdiction. *See Antonacci v. City of Chicago,* No. 15 C 3750, 2015 WL 13039605, at *1–2 (N.D. Ill. May 5, 2015), aff'd, 640 F. App'x 553 (7th Cir. 2016).

When Antonacci appealed the dismissal, the Seventh Circuit affirmed in March 2016, concluding that Antonacci's claims—allegations that he reasserts here—were "preposterous" and "legally frivolous." *Antonacci*, 640 F. App'x at 557. The Seventh Circuit further determined that his civil RICO claims, which mirror the civil RICO claims alleged here, fell "far short of meeting the stringent pleading requirements of a civil RICO claim," and relied solely on "sheer speculation." *Id*. Unsurprisingly, the U.S. Supreme Court denied *certiorari* to hear Antonacci's appeal from the Seventh Circuit's opinion. Compl. ¶ 280.

On February 14, 2024, nearly eight years after the dismissal of his claims was affirmed by the Seventh Circuit, Antonacci attempted to resurrect his threadbare allegations against Seyfarth, Perkins, and Gehringer by filing a substantively identical complaint in the Eastern District of Virginia. As noted above, the Eastern District of Virginia dismissed Antonacci's assertions as entirely frivolous and devoid of merit in May 2024. *See* Compl. ¶ 500 (acknowledging that the Eastern District of Virginia case was dismissed as "frivolous"). The Fourth Circuit affirmed. *Antonacci,* 2025 WL 1091848, at *1. Again, the Supreme Court denied *certiorari*. *Antonacci v. Emanuel,* 145 S. Ct. 2755 (June 2, 2025).

Antonacci has now filed this action, regurgitating the same material allegations against the Seyfarth/Perkins Defendants he has attempted to serially litigate for more than a decade.

-4-

### III.    ARGUMENT

#### A.    Antonacci's Allegations Fail to Establish Subject Matter Jurisdiction.

##### 1.    The Court Lacks Jurisdiction to Adjudicate Frivolous Claims.

Federal courts are "without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (citation modified). As this Court has aptly recognized, courts should "dismiss a complaint as frivolous when the facts alleged rise to the level of the irrational or the wholly incredible or postulate events and circumstances of a wholly fanciful kind." *Gilberti v. Harris*, No. CV 24-2837, 2024 WL 5137074, at *1 (D.D.C. Dec. 17, 2024) (AliKhan, J.) (citation modified); *see also Desenberg v. U.S Dep't of Just..,* No. 23-CV-01534 (APM), 2023 WL 4706094, at *1 (D.D.C. July 24, 2023) ("Plaintiff's allegations rest on the kind of fantastic and delusional claims that warrant dismissal sua sponte."). In *Desenberg*, the court dismissed "bizarre conspiracy theories" alleging "conspiratorial criminal activity by a large group of individuals" employed by U.S. government agencies and "private sector internet companies." *Id.* The present Complaint contains equally bizarre theories and warrants dismissal for want of federal jurisdiction.

Two sister federal courts have previously dismissed Antonacci's mirror claims of conspiracy as frivolous, and each court's decision was upheld on appeal. *Antonacci,* 640 F. App'x at 557; *Antonacci,* 2025 WL 1091848, at *1. Here, Antonacci recycles the same core of conspiracy claims. The claims were frivolous before, they remain so now. They should be dismissed.

##### 2.    Antonacci's Civil RICO Claims Are Frivolous.

Antonacci's wild allegations against the Seyfarth/Perkins Defendants especially merit dismissal because they are civil RICO claims. Jurisdiction in this Court as to the Seyfarth/Perkins Defendants depends entirely on Antonacci's civil RICO claims of among other things, mail and wire fraud. Courts have repeatedly emphasized that civil RICO—specifically because of a potentially stigmatizing effect on innocent defendants, the threat of treble damages, and the potential abuse of RICO's "potent provisions"—requires well-reasoned, non-frivolous pleading in order to establish federal question jurisdiction. *Curtis & Assocs., P.C. v. L. Offs. of David M.*

*Bushman, Esq.*, 758 F. Supp. 2d 153, 167 (E.D.N.Y. 2010), *aff'd sub nom. Curtis v. L. Offs. of David M. Bushman, Esq.*, 443 F. App'x 582 (2d Cir. 2011) (holding that courts have "a particular imperative . . . to flush out frivolous civil RICO allegations at an early stage of the litigation") (citation modified); *see also Republic of Kazakhstan v. Stati,* 380 F. Supp. 3d 55, 61-62 (D.D.C. 2019) (holding that "far-fetched theory of RICO liability lack[ed] legal support" and noting that RICO claims based on mail and wire fraud must be "particularly scrutinized"), *aff'd sub nom. Republic of Kazakhstan, Ministry of Just. v. Stati*, 801 F. App'x 780 (D.C. Cir. 2020); *Spiteri v. Russo*, No. 12-CV-2780 MKB RLM, 2013 WL 4806960, at *45 (E.D.N.Y. Sept. 7, 2013) ("Courts look with particular scrutiny at claims for a civil RICO, given RICO's damaging effects on the reputations of individuals alleged to be engaged in RICO enterprises and conspiracies."), *aff'd sub nom. Spiteri v. Camacho*, 622 F. App'x 9 (2d Cir. 2015). The Complaint's alleged "Zionist conspiracy" does not even satisfy basic plausibility standards, and certainly falls far short of this exacting standard.

Ordinarily, civil RICO can serve as a basis for federal question jurisdiction. But, as the Seventh Circuit previously held with respect to Antonacci's claims at issue here, courts may dismiss suits for want of federal jurisdiction when a civil RICO claim is facially frivolous. *Antonacci*, 640 F. App'x at 557; *Antonacci,* 2025 WL 1091848, at *1. Sister courts in this District have also held that dismissal is warranted when civil RICO claims are "wholly insubstantial and frivolous." *DeWayne v. United States*, No. 20-CV-00515 (APM), 2020 WL 5393858, at *1 (D.D.C. July 28, 2020) (citation modified).  And more broadly, courts widely agree with the conclusion that frivolous RICO claims should be dismissed. *See, e.g., Fraley v. Ohio Gallia County.*, 1998 WL 789385, at *2 (6th Cir. Oct. 30, 1998) (unpublished) (affirming dismissal of civil RICO claim as frivolous); *Swan v. Barbadoro*, 520 F.3d 24, 26 (1st Cir. 2008) (same); *Vicom, Inc. v. Harbridge Merch. Servs., Inc.*, 20 F.3d 771, 774 (7th Cir. 1994) (same): *Oak Park Trust & Sav. Bank v. Therkildsen*, 209 F.3d 648, 651 (7th Cir. 2000) (concluding the RICO theory was "feeble"); *Bast v. Cohen, Dunn & Sinclair, PC*, 59 F.3d 492, 494 & n.1, 496 (4th Cir. 1995) (holding that when faced with the "complete deficiency of a properly pleaded civil RICO claim,"

dismissal of such claims is "not only correct, but required."); *Nansemond Wharf-Suffolk Props., LLC v. Bank of Southside Va.*, 780 F. Supp. 2d 453, 457 (E.D. Va. 2011) (concluding that because the suit did "not raise a RICO claim," the suit did not implicate any federal law and there was no federal question jurisdiction).

For example, in *DeWayne*, the plaintiff filed identical civil RICO claims in multiple judicial districts. Like Antonacci, the plaintiff in *DeWayne* filed civil RICO claims in multiple judicial districts. *DeWayne v. United States*, No. 22-CV-304 (TSC), 2022 WL 1718953, at *3 (D.D.C. May 27, 2022) (reviewing cases filed in district and bankruptcy courts in South Carolina, Massachusetts, and D.C.). As courts in the District of Columbia and South Carolina concluded, the RICO claims were frivolous and devoid of merit. *DeWayne,* 2020 WL 5393858, at *1 ("Plaintiff asserts a single cause of action under the civil RICO statute, but that claim is wholly insubstantial and frivolous.") (quotation omitted); *DeWayne v. J.P. Morgan Mortg. Acquisition Corp.*, No. CV 3:19-3376-JMC-PJG, 2019 WL 12363236, at *2 (D.S.C. Dec. 6, 2019) ("[T]his action is duplicative of an action already pending the District of Massachusetts, and therefore, the action is subject to summary dismissal as frivolous."). As in *DeWayne*, Antonacci's efforts to relitigate his frivolous civil RICO claims in multiple fora should be dismissed.

Here, Antonacci's claims parrot his previously dismissed civil RICO claims. *Antonacci*, 640 F. App'x at 557; *Antonacci,* 2025 WL 1091848, at *1; *see also* Cohen Decl. ¶ 2, Ex. A, ¶ 3, Ex. B. As in the prior litigation, Antonacci alleges that Gehringer was "the architect of the enterprise's criminal conspiracy against Antonacci in Chicago" by, among other things, moving to quash a subpoena and corresponding with other counsel involved in Antonacci's litigation. Compl. ¶¶ 3, 418, 596, 597, 601. Now, however, Antonacci also apparently claims that all defendants, including movants here, conspired with a man named Derran Eaddy to attempt to murder Antonacci and race-bait him. *Id.* ¶¶ 292, 609. These absurd claims, which lack any basis in law or fact, are either identical to the claims that he previously filed or are further disconnected from any plausible or specific factual allegations. *See* Cohen Decl., ¶ 2, Ex. A, ¶ 3, Ex. B.

Because, as the Seventh Circuit and the Eastern District of Virginia have already determined, Antonacci's claims regarding civil RICO lack any reasonable basis in law or fact, there is no federal question jurisdiction in the present case.[3]

### B.    Claim Preclusion Bars Antonacci's Allegations Against the Seyfarth/Perkins Defendants.

The doctrine of *res judicata* ("claim preclusion") bars Antonacci's misguided efforts to resurrect and relitigate his outrageous and meritless claims against the Seyfarth/Perkins Defendants. Claim preclusion bars re-litigation of identical legal claims. *See DeWayne*, 2022 WL 1718953, at *3. Under the doctrine, "a subsequent lawsuit will be barred if there has been prior litigation (1) involving the same claims or cause of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction."[4] *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC,* 569 F.3d 485, 490 (D.C. Cir. 2009). *Res judicata* "bars relitigation not only of matters determined in a previous litigation but also ones a party could have raised" in the prior suit. *NRDC v. Thomas*, 838 F.2d 1224, 1252 (D.C. Cir. 1988). Federal law controls the preclusive effect of a prior federal court dismissal. 18B *Wright & Miller's Federal Practice & Procedure* § 4466 (3d ed. Sept. 2025 update) ("The Supreme Court has repeatedly said that federal law controls, lower courts agree, and the commentators concur.").

---

[3] Diversity jurisdiction is not alleged in the Complaint to be a basis for federal jurisdiction, and in any event is not an alternative basis for federal jurisdiction here. Among other reasons, both Perkins and Seyfarth has one or more partners who are citizens of the District of Columbia. Cohen Decl. ¶ 4. For purposes of diversity jurisdiction, limited liability partnerships are citizens of every state in which its individual partners are citizens. *See Monitronics Funding LP v. Pinnacle Sec., LLC*, No. 12 CIV. 1992 (JGK), 2012 WL 967623, at *1 (S.D.N.Y. Mar. 21, 2012) ("A limited liability partnership has the citizenship of each of its general and limited partners for the purposes of diversity jurisdiction.").

[4] Regardless of whether Illinois, Virginia, D.C. law applies to the present case, the preclusive effect is the same. For claim preclusion to apply in Virginia, there must be: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Providence Hall Assocs. Ltd. P'ship v. Wells Fargo Bank, N.A.*, 816 F.3d 273, 276 (4th Cir. 2016) (citation modified).  In Illinois, claim preclusion requires: (1) a final judgment on the merits rendered by a court of competent jurisdiction in the prior case; (2) an identity of cause of action between the prior case and the current case; and (3) an identity of parties or their privies in both cases. *Nowak v. St. Rita High School*, 757 N.E.2d 471, 477 (Ill. 2001). These factors track the analysis for claim preclusion under Illinois law, leading to the same conclusion: Antonacci's claims are precluded.

Here, the Illinois Appellate Court affirmed dismissal of Antonacci's original claims involving Seyfarth's alleged conduct. *Antonacci*, 39 N.E.3d at 232. The Seventh Circuit then affirmed the dismissal of Antonacci's suit against Seyfarth, Perkins, and Gehringer filed in the Northern District of Illinois. Subsequently, the Eastern District of Virginia dismissed virtually identical claims, and that too was affirmed on appeal. As a result, Antonacci's allegations regarding the Seyfarth/Perkins Defendants are barred as a matter of law.

### 1.    The Causes of Action Are Identical.

Antonacci's Complaint squarely meets the first prong of claim preclusion—that the suits involve the same claims or causes of action. Antonacci has re-asserted his civil RICO claims and purported to assert D.C. antitrust claims against the Seyfarth/Perkins Defendants premised on the same events and occurrences as the ones featured in his defunct Northern District of Illinois case and the dismissed Eastern District of Virginia matter. *See* Cohen Decl., ¶ 2, Ex. A; Cohen Decl. ¶ 3, Ex. B. Similarly, to the extent that the Complaint makes allegations concerning the Illinois state court litigation involving Seyfarth, claim preclusion also bars those same allegations in this case. Compl. ¶¶ 118–251.

Because the events are the same as the events alleged in the cases decided earlier, these claims are identical for purposes of claim preclusion. Antonacci's invocation of D.C. antitrust law in Count III does not change the outcome as Antonacci's claims against the Seyfarth/Perkins Defendants are based on the same underlying facts. "The judgment bars any further claim based on *the same nucleus of facts*, for it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." *Sczygelski v. U.S. Customs & Border Patrol Agency,* 48 F. Supp. 3d 80, 85 (D.D.C. 2014), *aff'd sub nom. Sczygelski v. U.S. Customs & Border Prot.,* 624 F. App'x 1 (D.C. Cir. 2015) (emphasis in original) (quotation omitted).

### 2.    The Parties to the Actions Are the Same.

The current version of Antonacci's lawsuit also meets the second element of claim preclusion—that the suit is between the same parties or their privies.

Antonacci's purported co-conspirators are the very same parties named in his dismissed Northern District of Illinois case and the Eastern District of Virginia matter (namely, Seyfarth, Perkins, and Gehringer).[5] *See* Comp. ¶¶ 1, 3, 4, 14. Moreover, Seyfarth, Ponder, and Antonacci were both parties to the Illinois state court action discussed in the Complaint. Compl. ¶¶ 1, 14, 174. To be sure, Antonacci has named Ponder in this suit, but Ponder's addition does not change the analysis. As alleged in the Complaint, Ponder was a former partner at Seyfarth, a limited liability partnership. Compl. ¶¶ 10, 17. She was, therefore, in privity with Seyfarth at the relevant times. *See Capitol Hill Grp,* 569 F.3d at 490 (requiring identical parties or their privies). Because Ponder was in privity with Seyfarth, any attempt to sidestep the preclusive effect of his repeatedly-dismissed claims must fail. The parties are identical for purposes of *res judicata.*

### 3.    The Judgments Were Final.

There is no question that the prior judgments were final, satisfying the third prong of the *res judicata* test. The Seventh Circuit wholly rejected Antonacci's claims and affirmed their dismissal in the Northern District of Illinois matter. *Antonacci,* 640 F. App'x at 557 (7th Cir. 2016). The court concluded that Antonacci's factual allegations, as well as the legal theories underpinning those allegations, were both "preposterous" and "legally frivolous." *Id.* This judgment was final when the Supreme Court denied *certiorari.*

The Eastern District of Virginia found the same, and the Fourth Circuit affirmed. *Antonacci,* 2025 WL 1091848, at *1. The judgment was final when the Supreme Court again denied *certiorari. Antonacci,* 145 S.Ct. 2755.

Similarly, the Illinois state court decisions regarding Antonacci's allegations against Seyfarth were final, having been affirmed by the Illinois Appellate Court and with the Illinois Supreme Court declining further review. *See Antonacci,* 39 N.E.3d at 240; *see also Antonacci,* 42 N.E.3d 369.

---

[5] In the Illinois litigation, Perkins was named as "Perkins Coie LLC," an entity that was in privity with Gehringer and Perkins Coie LLP. *See Nowak,* 757 N.E. 2d at 477 (noting that claim preclusion under Illinois law requires identity of the parties to the prior action or persons in privity to those parties); *Providence Hall,* 816 F.3d at 276 (same under Virginia law). Perkins Coie LLC is a former limited partner of Perkins Coie LLP, and Gehringer is a former Perkins partner.

These judgments, which resolved Antonacci's previous litigation, preclude him from bringing the same claims against the Seyfarth/Perkins Defendants in this Court.

### 4.      Federal Courts are Courts of Competent Jurisdiction.

It is beyond dispute that sister federal courts within the Fourth and Seventh Circuits are courts of competent jurisdiction, satisfying the fourth prong of the *res judicata* test. *See Sczygelski,* 48 F. Supp. 3d at 85 (holding that the federal courts involved in the prior case "were courts of competent jurisdiction" and "no one" questioned that fact); *Yeager v. Nat'l Pub. Radio*, No. 20-CV-00755 (RC), 2021 WL 3510653, at *7 (D.D.C. Aug. 10, 2021) (holding *res judicata* when three "federal courts of competent jurisdiction have considered these claims" so there was "no reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation") (citation modified).

### C.      Antonacci's Claims Are Time-Barred.

The applicable statutes of limitations also bar Antonacci's claims with respect to the Seyfarth/Perkins Defendants.

### 1.      The Statute of Limitations Bar Antonacci's Civil RICO Claims.

The statute of limitations for civil RICO claims is four years. *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 143 n.28 (D.D.C. 2008). "A civil RICO plaintiff's claim accrues when he discovers the injury he has suffered to his business or property." *Id.* As a result, a civil RICO action is time-barred unless filed within four years of the date the plaintiff discovers or should have discovered his injury.

Antonacci first filed civil RICO claims against Seyfarth, Perkins, and Gehringer over a decade ago, in April 2015, alleging a global conspiracy virtually identical to the conspiracy later described in Eastern District of Virginia and the present matter. *See* Cohen Decl. ¶ 2, Ex. A; Decl. ¶ 3, Ex. B. Antonacci filed the present suit well after the expiration of the statute of limitations for similar (if not identical) civil RICO claims against the same defendants. This filing was also more than four years after the Supreme Court denied *certiorari* on Antonacci's 2015 RICO suit. Because Antonacci's re-litigation of his RICO claims occurs more than four years after he knew or should

have known of any purported injuries, his RICO claims against the Seyfarth/Perkins Defendants are barred by the statute of limitations.

### 2.    D.C. State Law Also Time-Bars his State Law Claim.

The statute of limitations similarly bars Antonacci's state law claim against the Seyfarth/Perkins Defendants. Antonacci's claims are brought pursuant to the D.C. Antitrust Act, inclusive of D.C. Code § 28-4508, which sets a four-year statute of limitations for efforts to recover damages.

By his own account, Antonacci claims to have suffered damage as a result of a conspiracy that was, according to Antonacci, directed at him long before he filed suit in the Northern District of Illinois in 2015. The Complaint here is replete with allegations of purported harm suffered many years ago. *See, e.g.,* Compl. ¶¶ 109-117 (detailing harm purportedly suffered in 2012); ¶¶ 118-251 (detailing allegations between 2012 and 2015). Antonacci's D.C. antitrust claim is time-barred.

### D.    Absolute Litigation Immunity Shields the Seyfarth/Perkins Defendants from Antonacci's Claims.

Antonacci again alleges, in conclusory fashion, that the Seyfarth/Perkins Defendants have joined forces with many others to defame Antonacci. *See, e.g.* Compl. at 4 (detailing purported "false narratives" and a "criminal enterprise" set out to "destroy" Antonacci); *id.* ¶ 336 ("The purpose of this defamation campaign is to ensure that Louis Antonacci receives no legal work or employment/business opportunities…."); *id.* ¶ 339 ("This enterprise has prevented Antonacci from obtaining secure employment, through widespread defamation and paying off everyone in his personal and professional networks, in order to keep him trapped."). Even if these outlandish allegations—among others—could state a plausible claim, which they do not, D.C. law protects any statements made in connection with prior litigation under an absolute privilege.  Indeed, Antonacci alleges "All of Gehringer's acts alleged herein were on behalf of himself, Perkins Coie, Seyfarth, and Anita J. Ponder. . .who Gehringer represented as counsel of record in Antonacci's state and federal cases against Ponder, Seyfarth, Perkins Coie and Gehringer in Chicago." Compl. ¶ 3.

To the extent that this conspiracy is premised on purported defamation, any defamatory statements made by Perkins and Seyfarth—or their attorneys—are absolutely privileged under D.C.'s litigation privilege rules. *See Marsh v. Hollander*, 339 F. Supp. 2d 1, 8 (D.D.C. 2004) (protecting purportedly defamatory statements that are made "preliminary to or in the course of a judicial proceeding so long as the defamatory matter has some relation to the proceeding.") (citation modified). "For the absolute immunity of the privilege to apply, two requirements must be satisfied: (1) the statement must have been made in the course of or preliminary to a judicial proceeding; and (2) the statement must be related in some way to the underlying proceeding." *Arneja v. Gildar*, 541 A.2d 621, 623 (D.C. 1988). Here, both prongs are satisfied. Antonacci's allegations regarding the Seyfarth/Perkins Defendants relate to their work in litigation, and the allegedly defamatory statements relate to the subject of those underlying proceedings. *See, e.g.*, Compl. ¶ 3; *id.* ¶ 525 (alleging, among other things that the Seyfarth/Perkins Defendants "successfully endeavored to influence the outcome of Antonacci's federal case in Chicago"); *id.* ¶ 550(i) (same); *id.* ¶ 607 (same); *id.* ¶ 608 (alleging that the Seyfarth/Perkins Defendants "conspired to influence the outcome of Antonacci's SCOTUS Petition"); *id.* ¶ 601 (alleging that Gehringer conspired to "unlawfully quash" a subpoena); *id.* ¶ 597 (alleging, among other things, that Gehringer conspired with judges to influence how Antonacci appeared in court).

Antonacci's own allegations make clear that the alleged conduct of the Seyfarth/Perkins Defendants was in the context of litigation before state and federal courts in Illinois., Perkins and Seyfarth—and their attorneys—are alleged to have participated in litigation. Perkins and Seyfarth's involvement in litigation is now being contorted into a global conspiracy to defame Antonacci. This is precisely the type of situation litigation privilege was intended to address.

E.    **Antonacci's Claims Are Implausible and Fail to State a Claim.**

In addition to all the above defects in the Complaint, Antonacci's claims suffer from readily apparent pleading deficiencies and fail to state a claim under Federal Rules of Civil Procedure 9(b), 12(b)(6), and 8.

### 1.    Antonacci's Claims Fail Under Rule 9(b).

Rule 9(b) presents heightened pleading standards in cases of fraud, including civil RICO allegations sounding in fraud. Here, Antonacci claims, among other things, that wire fraud and mail fraud were predicate acts for the application of RICO. *See* Compl. ¶¶ 523–524; *see also* Compl. at 4 (claiming the alleged "criminal enterprise" had committed "innumerable predicate acts."). Antonacci was therefore required to allege "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Such circumstances include "the time, place, and content of the false representations," as well as the identity of the person making the misrepresentations and what he obtained thereby. *United States ex rel. Conteh v. IKON Off. Sols., Inc.*, 27 F. Supp. 3d 80, 85 (D.D.C. 2014). Antonacci at various points attempts to allege that the Seyfarth/Perkins Defendants, among other things, "sought to sabotage" Antonacci's Illinois state court case; "unnecessarily delay[ed]" the case, and "falsified official documents."  Compl. ¶¶ 140-142; ¶¶ 523-524; ¶ 604. But these conclusory allegations do not come close to providing the level of specificity required under Rule 9(b).

### 2.    Antonacci's Claims Fail Under Rule 12(b)(6).

Antonacci's allegations are not plausible. Under Rule 12(b)(6), it is the plaintiff's burden to present enough allegations of fact to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified). The Court need not accept "legal conclusions couched as facts" or unsupported inferences, unreasonable conclusions, or arguments. *Mark v. Republic of Sudan,* No. 1:20-CV-03022 (TNM), 2021 WL 4709718, at *2 (D.D.C. Oct. 7, 2021), *aff'd sub nom. Mark v. Republic of the Sudan*, 77 F.4th 892 (D.C. Cir. 2023).

Here, Antonacci's fantastical claims fall well short of stating a plausible claim. Instead, Antonacci weaves a bizarre, not to mention offensive, narrative over 122 pages of a global Zionist conspiracy involving public officials, judges, lawyers, and others inexplicably joined together to target him, "race-bait" him, and murder him. As the Seventh Circuit and Eastern District of

-14-

Virginia recognized, he has continued to fling "wild accusations at a large," and seemingly never-ending, "number of people" who have no apparent connection other than their interactions, however tangential, to Antonacci. *Antonacci*, 2024 WL 2988943, at *2 (quoting *Antonacci*, 640 F. App'x at 557).

### 3.    Antonacci's Claims Fail Under Rule 8.

For the reasons discussed above, the rambling allegations of the Complaint fail to meet even basic, threshold pleading requirements. As this Court has repeatedly held in *pro se* cases, Fed. R. Civ. P. 8(a) requires "(1) "a *short and plain* statement of the grounds for the court's jurisdiction," (2) "a *short and plain* statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *Williams v. Dreyfuss Mgmt. LLC*, No. CV 25-4131 (UNA), 2026 WL 415313, at *1 (D.D.C. Feb. 10, 2026) (AliKhan, J.) (emphasis in original); *see also Arnold v. White House,* No. CV 25-1695 (LLA), 2025 WL 1707691, at *1 (D.D.C. June 17, 2025) (AliKhan, J.) (holding the same); *Allen v. Mason*, No. CV 24-2917 (UNA), 2024 WL 5137064, at *1 (D.D.C. Dec. 16, 2024) (AliKhan, J.) (same); *Adams v. Harris*, No. CV 24-3566 (UNA), 2025 WL 49911, at *1 (D.D.C. Jan. 2, 2025) (AliKhan, J.) (same). This Court noted in *Bey v. United States*, that "[u]nnecessary prolixity in a pleading places an unjustified burden on the district judge and the party who must respond to it because they are forced to ferret out the relevant material from a mass of verbiage." No. CV 23-2299 (LLA), 2024 WL 1344413, at *1 (D.D.C. Mar. 29, 2024) (AliKhan, J.) (quoting 5 *Wright & Miller's Federal Practice & Procedure* § 1281 (4th ed. Sept. 2025 update).

As this Court noted in *Cai v. United States*, "[a] complaint that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material, or one that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments, fails to meet Rule 8's pleading standards." No. CV 23-2235 (LLA), 2025 WL 2758985, at *1 (D.D.C. Sept. 26, 2025) (AliKhan, J.) (citation modified). *Cai* involved a 163-page complaint with over 310 paragraphs. The Court held the complaint was "neither short nor plain." *Id.*, at *2 (citation modifed). Similarly

here, Antonacci's rambling 122-page complaint with over 670 paragraphs is not plain and not short. The complaint fails Rule 8(a)'s test, and it should be dismissed.

Similarly, this Court dismissed unfounded allegations of a "wide-ranging conspiracy" involving harmful racketeering activities just last month. *Andreski v. Dep't of Just*., No. CV 25-2977 (LLA), 2026 WL 445648, at *1 (D.D.C. Feb. 17, 2026) (AliKhan, J.). In *Andreski*, the Court was unable to find any "well-pled factual allegations that describe this streak of unlawful conduct with any degree of detail capable of providing fair notice to Defendants as to the basis of this action." *Id.* (citation modified). The speculative conspiracy Antonacci alleges should suffer the same fate as *Andreski*: dismissal with prejudice.

## IV.    CONCLUSION

For all the above reasons, the Court should dismiss the Complaint with prejudice as to the Seyfarth/Perkins Defendants.

[Signature Page Follows]

-16-

Dated: March 16, 2026

*Barak Cohen*

Barak Cohen, Bar No. 485945
BCohen@perkinscoie.com
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, D.C. 20005-3960
Telephone: 202-654-6200
Facsimile:  202-654-9000

*Thomas J. Tobin*

Thomas J. Tobin, Bar No. 1049101
TTobin@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: 206-359-8000
Facsimile:  206-359-9000

*Attorneys for Anita Ponder, Matthew
Gehringer, Perkins Coie LLP, and Seyfarth
Shaw LLP*

-18-

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served a copy of the foregoing document via U.S.

Mail and email on the date noted below upon the following:

Louis B. Antonacci
4126 8th Street NW, Suite 3
Washington, DC 20011
lou@antonaccilaw.com


Signed this 16th day of March, 2026.


By: */s/ Thomas J. Tobin* _____
Thomas J. Tobin, D.C. Bar No. 1049101
TTobin@perkinscoie.com
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000