**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| LOUIS B. ANTONACCI,<br><br>   *Plaintiff*,<br><br>  v.<br><br>RAHM ISRAEL EMANUEL, *et al.*,<br><br>   *Defendants*. | Civil Action No. 26 - 211 (LLA) |

**ORDER**

This matter is before the court on Defendant Storij, Inc.'s Motion to Dismiss, ECF No. 38; Defendant Virginia State Bar's Motion to Dismiss, ECF No. 40; Defendants Parrish Law Firm, PLLC and 9208 Lee Avenue, LLC's Motion to Dismiss, ECF No. 41; Defendant Descrybe, LLC's Motion to Dismiss, ECF No. 44; Defendant Holland & Knight, LLP's Motion to Dismiss, ECF No. 46; Defendant ROKK Solutions, LLC's Motion to Dismiss, ECF No. 49; Defendants Seyfarth Shaw LLP, Anita J. Ponder, Perkins Coie LLP, and Matthew J. Gehringer's Motion to Dismiss, ECF No. 51.[1]  Plaintiff Louis B. Antonacci, who is proceeding pro se, is advised of the following:

Before the court rules on Defendants' motions to dismiss, Plaintiff is entitled to file a memorandum and supporting material in response.  Under this court's local rules, a party opposing a motion must serve and file a memorandum of points and authorities in opposition within fourteen

---

[1] Defendant Rahm Israel Emanuel has filed a notice, ECF No. 55, joining Defendant Storij, Inc.'s Motion to Dismiss, ECF No. 38; Defendants Parrish Law Firm, PLLC and 9208 Lee Avenue, LLC's Motion to Dismiss, ECF No. 41; Defendant Holland & Knight, LLP's Motion to Dismiss, ECF No. 46; and Defendants Seyfarth Shaw LLP, Anita J. Ponder, Perkins Coie LLP, and Matthew J. Gehringer's Motion to Dismiss, ECF No. 51; as well as a previous Motion to Dismiss filed by Defendants Lane Construction Corporation and Seth Firmender, ECF No. 28.

days of the date of service of the motion or "at such other time as the Court may direct."  Local

Civ. R. 7(b).  Here, pursuant to the court's February 23, 2026 Minute Order, the court directs that

Plaintiff's response(s) must be filed on or before **March 30, 2026**.  If Plaintiff fails to respond to

Defendants' motions in the time provided, the court may (1) treat the motions as conceded, *id.*;

(2) rule on Defendants' motions based on Defendants' arguments alone and without considering

Plaintiff's arguments; or (3) dismiss Plaintiff's claims for failure to prosecute, *see Bristol

Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).  Further, if Plaintiff opposes the

motions but addresses only some of Defendants' arguments, the court may treat the arguments that

Plaintiff failed to address as conceded.  *See, e.g.*, *Xenophon Strategies, Inc. v. Jernigan Copeland

& Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017); *Hopkins v. Women's Div., Gen. Bd. of

Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004) ("It

is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion

and addresses only certain arguments raised by the defendant, a court may treat those arguments

that the plaintiff failed to address as conceded.").

Accordingly, it is hereby **ORDERED** that Plaintiff shall file briefs in opposition or a

combined brief in opposition to Defendants' Motions to Dismiss, ECF Nos. 38, 40, 41, 44, 46, 49,

51, on or before **March 30, 2026**.  If Plaintiff does not file a response within the time provided,

the court may treat the motions as conceded, dismiss Plaintiff's claims for failure to prosecute, or

rule on the motion to dismiss based on Defendants' arguments alone and without considering any

arguments that Plaintiff may later wish to raise.

**SO ORDERED.**

LOREN L. ALIKHAN
United States District Judge

Date:   March 17, 2026