**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Louis B. Antonacci | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:26-cv-000211-LLA |
| | ) | |
| Rahm Israel Emanuel, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**OPPOSITION TO PLAINTIFF'S MOTIONS TO RECONSIDER**
**MINUTE ORDER GRANTING PROTECTIVE ORDER AND FOR LEAVE**
**TO SERVE REQUESTS FOR ADMISSION**

**INTRODUCTION**

Despite the Court having rightly issued a protective order barring all discovery before a ruling on the motion to dismiss filed by The Lane Construction Corporation and Seth Firmender (the "Lane Defendants"), Plaintiff now asks the Court to reconsider that order and allow him to serve requests for admission at this time. Apart from being procedurally defective, which is reason alone to deny Plaintiff's motions, there is no reason for the Court to reconsider its protective order and to allow Plaintiff to again serve premature requests for admission in violation of Fed. R. Civ. P. 26(d)(1) and before the Court rules on the Lane Defendants' motion to dismiss.

**ARGUMENT**

**A. Plaintiff's Motions Are Procedurally Defective and Should Be Denied For That Reason Alone**

LCvR 7(m) required Plaintiff to discuss his anticipated motions with the Lane Defendants' counsel in a good-faith effort to determine whether there was any opposition to the relief sought and, if there was, to narrow the areas of disagreement, and to include in the motions a statement that the required discussion occurred and a statement as to whether the motions were opposed.

LCvR 7(m) "requires a good faith effort to resolve the non-dispositive disputes that occur in the course of litigation," and "[t]hat means that the Local Rule 'at least contemplates that counsel will speak to each other.'" *Oceans v. U.S. DOT*, 2024 U.S. Dist. LEXIS 78236, *8 (D.D.C. Apr. 30, 2024) (citations omitted). "Even if the movant is sure that his opponent will not concede one inch of ground, he must still make a good-faith effort to confer." *Smith v. Athena Constr. Grp., Inc.*, 2023 U.S. Dist. LEXIS 241734, *5 (D.D.C. Sept. 18, 2023) (citing *U.S. v. All Assets Held at Bank Julius Baer & Co.*, 202 F. Supp. 3d 1, 6 (D.D.C. 2016)). "[A] litigant's 'violation of Local Civil Rule 7(m) is, on its own, reason to deny their motion.'" *Johnson v. ACB Ideas, LLC*, 2024 U.S. Dist. LEXIS 114097, *6 (D.D.C. June 28, 2024) (quoting *12 Percent Logistics, Inc. v. United Carrier Reg. Plan Bd.*, 316 F. Supp. 3d 22, 24 (D.D.C. 2018)). *Accord*, *Smith*, 2023 U.S. Dist. LEXIS 241734 at *6. *See also Oceans*, 2024 U.S. Dist. LEXIS 78236 at *8 ("this Court has often denied motions for failure to comply with Rule 7(m)"). "There is no exception to Local Rule 7(m) for discovery motions." *Campaign Legal Ctr. v. Values*, 710 F. Supp. 35, 54 (D.D.C. 2024).

Plaintiff never discussed his anticipated motions with the Lane Defendants' counsel, or included in either motion a statement that the required discussion occurred or whether the motion was opposed. By failing to do so, Plaintiff violated LCvR 7(m), and that alone is reason to deny Plaintiff's motions.

### B. There is No Reason For The Court to Reconsider Its Protective Order or To Allow Plaintiff to Serve Premature Requests for Admission

Although the Court retains discretion to reconsider earlier orders, Plaintiff provides no "good reasons for doing so." *Inova Health Care Servs. v. Omni Shoreham Corp.*, 2023 U.S. Dist. LEXIS 141006, *13 (D.D.C. Aug. 14, 2023). Plaintiff instead mischaracterizes the Court's March 10, 2026 Minute Order to suggest that the Court awarded the Lane Defendants a protective

3230377.50300357.1

order "because Antonacci had not requested leave to serve those Requests For Admission," and that Order should be reconsidered because, since that time, "Antonacci filed his Motion for Leave to Serve Requests for Admission." Doc. 35 at 1.

The Court, however, issued its protective order not "because Antonacci had not requested leave to serve those Requests for Admission" but rather because, as the Lane Defendants had argued, "[u]nder Federal Rule of Civil Procedures 26(d), a 'party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)' unless 'authorized … by court order,'" and "[t]he court sees no basis to permit discovery before it has ruled on Defendants' Motion to Dismiss." March 10, 2026 Minute Order. There is no reason for the Court to reconsider those well-established principles, and Plaintiff may not use his Motion for Reconsideration as a vehicle to reargue theories upon which the Court has already ruled. *Inova Health Care Servs.*, 2023 U.S. Dist. LEXIS 141006 at *14.

Given entry of the Court's protective order precluding all discovery before a ruling on the Lane Defendants' Motion to Dismiss, Plaintiff's Motion For Leave to Serve Requests For Admission is also groundless, if not contemptuous. "Antonacci's position that Requests For Admissions are not a discovery device," Doc. 34 at 1, provides no basis for ignoring Rule 26(d)(1) or the Court's protective order.

Although "requests for admission may not be, technically speaking, tools of discovery," this Court has concluded that, nevertheless, they are subject to the discovery rules. *Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001). "[T]he drafters of the Federal Rules of Civil Procedure included Rule 36 in the chapter of the rules governing depositions and discovery." *Id*. (citing Fed. R. Civ. P., Ch. V). Rule 26(e)'s duty to supplement discovery responses expressly applies to any "request for admission." Fed. R. Civ. P. 26(e)(1). Similarly, Rule 37, entitled

3

"Failure to Make Disclosures or to Cooperate in Discovery," also expressly applies to a "fail[ure] to admit what is requested under Rule 36." "Since the rules were designed to provide for fair and speedy resolutions of disputes, *see* Fed. R. Civ. P. 1, it is fair to conclude that the framers of the rules intended that requests for admission be subject to the rules applicable to other discovery tools …." *Gluck*, 204 F.R.D. at 219. *See Jefferson v. Austin*, 345 F.R.D. 249, 252 (D.D.C. 2024) ("[i]nterrogatories, requests for production, and requests for admission are all discovery devices governed by" Rule 26 "and must be filed within the discovery window set by the Court").

Because requests for admission are "subject to the rules applicable to other discovery tools," including Rule 26(d)(1), courts routinely hold that, under Rule 26(d)(1), requests for admission that are served before the parties have conferred as required by Rule 26(f) are premature and need not be responded to by the receiving party. *See*, *generally, Adelson v. Ocwen Fin. Corp.*, 2018 U.S. App. LEXIS 23356, *25-26 (6th Cir. Aug. 20, 2018); *Flanagan v. Le Mahn*, 2026 U.S. Dist. LEXIS 53982, *7-10 (E.D. Pa. Mar. 16, 2026); *Ward v. Copenhaver*, 2025 U.S. Dist. LEXIS 205719, *17-18 (E.D. Ark. Oct. 20, 2025); *LeSzczynski v. Kitchen Cube LLC*, 2024 U.S. Dist. LEXIS 75252, *5-7 (C.D. Cal. Mar. 14, 2024); *Alaska Air Grp., Inc. v. Anthem Inc.*, 2023 U.S. Dist. LEXIS 249362, *83 (N.D. Ala. Feb. 21, 2023); *Discover Bank v. Greenwood House for the Jewish Aged T/A Abrams Residence*, 2019 U.S. Dist. LEXIS 252093, *6 (D.N.J. Aug. 9, 2019); *Brown v. Cnty. of San Bernardino*, 2016 U.S. Dist. LEXIS 46766, *14 (C.D. Cal. Mar. 9, 2016); *Thompson v. Fred's Stores of Tenn., Inc.*, 2015 U.S. Dist. LEXIS 128449, *7-8 (S.D. Miss. Sept. 24, 2015); *Nelson v. Tamko Bldg. Prods.*, 2015 U.S. Dist. LEXIS 74894, *2-3 (D. Kan. Jun. 10, 2015); *Turpin v. Cooper Tire & Rubber Co.*, 2012 U.S. Dist. LEXIS 181881, *25 (W.D. La. Dec. 20, 2012); *Long v. Alcoa Inc.*, 2010 U.S. Dist. LEXIS 86830, *6-7 (E.D. Tenn. Aug. 24, 2010); *Fontenot v. Granite State Ins. Co.*, 2008 U.S. Dist. LEXIS 91613, *4 (W.D. La. Nov. 3,

4

2008); *Jensen v. Douglas*, 2008 U.S. Dist. LEXIS 115045, *4-5 (D. Ariz. Sept. 4, 2008); *Eckert v. United Auto. Workers, Local Union 897*, 2005 U.S. Dist. LEXIS 48296, *14 (W.D.N.Y. Aug. 29, 2005); *United States v. Schiefen*, 926 F. Supp. 877, 882 (D. S.D. 1996).

Courts have, therefore, "acknowledged and enforced the moratorium" under Rule 26(d)(1) against premature requests for admission "consistently, in case after case." *Ward*, 2025 U.S. Dist. LEXIS 205719 at *16. Plaintiff insists, however, that his Requests for Admission are "highly relevant" and serve "the administration of justice" because "there is no real dispute about the facts Antonacci has alleged in his complaint" and "[n]ot one fact has been adjudicated" over the many years that Plaintiff has litigated "against this Zionist criminal enterprise." Doc. 34 at 2-3. But even if that were true, Plaintiff's Requests for Admission remain premature, as the Court held in issuing its protective order, because the parties have not yet conferred as required by Rule 26(f). Plaintiff should not be granted leave to serve those premature Requests for Admission in violation of Rule 26(d)(1) and this Court's March 10, 2026 protective order.

## CONCLUSION

For the foregoing reasons, the Lane Defendants respectfully submit that Plaintiff's Motions To Reconsider Minute Order Granting Protective Order and For Leave To Serve Requests For Admission should be denied.

Dated:  March 18, 2026                          Respectfully submitted,

                                    /s/ Christopher W. Mahoney
                                    Christopher W. Mahoney, Esquire
                                    Barclay Damon LLP
                                    1742 N Street, NW
                                    Washington, DC 20036
                                    cmahoney@barclaydamon.com
                                    *Counsel for Defendants The Lane Construction*
                                    *Corporation and Seth Firmender*

5

6

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 18th day of March 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys.

/s/ Christopher W. Mahoney
Christopher W. Mahoney

6