**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LOUIS B. ANTONACCI,<br><br>    Plaintiff,<br><br>    v.<br><br>RAHM I. EMANUEL, PERKINS COIE LLP;<br>MATTHEW J. GEHRINGER; STORIJ, INC.;<br>BEAN LLC; LANE CONSTRUCTION<br>CORPORATION; SETH FIRMENDER;<br>DESCRYBE, LLC; ROKK SOLUTIONS, LLC;<br>ANITA J. PONDER; HOLLAND & KNIGHT<br>LLP; THE VIRGINIA STATE BAR;<br>RICHARD W. JOHNSON, JR.; PARRISH<br>LAW FIRM, PLLC; 9208 LEE AVENUE, LLC;<br>SEYFARTH SHAW LLP,<br><br>    Defendants. | Civil Action<br>No. 1:26-cv-00211-LLA |

**DEFENDANT MATTHEW J. GEHRINGER, ANITA PONDER,
AND PERKINS COIE LLP'S OPPOSITION
TO PLAINTIFF'S MOTION TO SERVE DISCOVERY AND REQUEST FOR
PROTECTIVE ORDER**

Defendants Matthew J. Gehringer, Anita Ponder, and Perkins Coie LLP ("Movants") submit this Opposition to the Motion for Leave to Serve Discovery filed by Plaintiff Louis Antonacci ("Antonacci"). Movants also request a protective order under Rule 26(c), prohibiting discovery under the Court has ruled on all defendants' motions to dismiss.

On March 10, the Court granted a protective order, in which it recognized that there is "no basis to permit discovery" in this matter before the Court rules on at least some of the threshold motions before the Court. In this Order, the Court further emphasized that discovery is premature under Rule 26(d)(1), as the parties had not yet conferred under Rule 26(f).

Undaunted by the Court's plain language, Antonacci filed a motion for leave to serve discovery upon Movants and other defendants. ECF 34. Each of Antonacci's arguments fails.

-2-

*First*, Antonacci claims that Requests for Admission ("RFAs") are not a discovery device. For support, Antonacci selectively cites an extensive passage from Moore's *Federal Practice*, but even the cited passage belies Antonacci's position. Antonacci quotes this language: "requests for admission are distinguishable from *other discovery devices*." Mot. at 1 (emphasis added). The phrase "other discovery devices" means that RFAs are just another tool of discovery among, others.

Looking beyond the singular secondary source Antonacci cites, his position is also undercut by the Federal Rules themselves. For example, Rule 26 expressly references requests for admission as a discovery tool. *See* Rule 26(b)(2)(A) (noting that courts may limit discovery, including setting limits on the number of RFAs allowed); Rule 26(e)(1) (requiring supplementing requests for admission). Moreover, the comments to Rule 36 refer explicitly to "discovery," indicating that RFAs are indeed a discovery tool. *See* Notes to Rule 36 1970 Amendment ("procedural operation of the rule is brought into line with *other discovery procedures*") (emphasis added); *id.* 1993 Amendment ("The rule is revised to reflect the change made by Rule 26(d), preventing a party from seeking formal discovery until after the meeting of the parties required by Rule 26(f).").

*Second*, Antonacci claims that there is "no real dispute about the facts Antonacci has alleged in his complaint" so the RFAs must be served as "part of the pleading process." Mot. at 2. This is a ridiculous proposition. As noted in the Movants' previously-filed motion to dismiss, multiple courts have already reviewed Antonacci's claims and found them frivolous. *See* ECF 51. There is no merit to Antonacci's claims, and his vexatious litigation tactics have already led to a colossal waste of judicial and other resources over more than a decade of repetitive and utterly baseless litigation. *Id*.

In conclusion, Antonacci has no grounds to continue to seek discovery. With this Opposition, Movants ask the Court to expand its prior protective order, issued March 10, 2026, to bar any discovery until the Court rules on all defendants' motions to dismiss.

-3-

Dated:  March 24, 2026.

**PERKINS COIE LLP**

By: */s/ Barak Cohen*
Barak Cohen, D.C. Bar No. 485945
BCohen@perkinscoie.com
700 13th St NW, Ste. 800
Washington, DC 20005
Telephone:     +1.202.654.6200
Facsimile:     +1.202.654.6211

*/s/ Thomas J. Tobin*
Thomas J. Tobin, D.C. Bar No. 1049101
TTobin@perkinscoie.com
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone:     +1.206.359.8000
Facsimile:     +1.206.359.9000

-4-

**CERTIFICATE OF SERVICE**

I hereby certify that I have caused to be served a copy of the foregoing document via U.S.

Mail and email on the date noted below upon the following:

Louis B. Antonacci
4126 8th Street NW, Suite 3
Washington, DC 20011
lou@antonaccilaw.com


Signed this 24th day of March, 2026.


By: */s/ Thomas J. Tobin* _____
Thomas J. Tobin, D.C. Bar No. 1049101
TTobin@perkinscoie.com
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000