**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| LOUIS B. ANTONACCI,<br><br>        Plaintiff,<br><br>        v.<br><br>RAHM I. EMANUEL, PERKINS COIE LLP;<br>MATTHEW J. GEHRINGER; STORIJ, INC.;<br>BEAN LLC; LANE CONSTRUCTION<br>CORPORATION; SETH FIRMENDER;<br>DESCRYBE, LLC; ROKK SOLUTIONS, LLC;<br>ANITA J. PONDER; HOLLAND & KNIGHT<br>LLP; THE VIRGINIA STATE BAR;<br>RICHARD W. JOHNSON, JR.; PARRISH<br>LAW FIRM, PLLC; 9208 LEE AVENUE, LLC;<br>SEYFARTH SHAW LLP,<br><br>        Defendants. | Civil Action<br>No. 1:26-cv-00211-LLA |

**MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**
**PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants Seyfarth Shaw LLP ("Seyfarth"), Anita J. Ponder ("Ponder"), Perkins Coie LLP ("Perkins"), and Matthew J. Gehringer ("Gehringer") (the "Seyfarth/Perkins Defendants") hereby move for sanctions against Plaintiff Louis B. Antonacci ("Antonacci") pursuant to Federal Rule of Civil Procedure 11. This motion was first served upon Antonacci on March 11, 2026, together with a request that Antonacci voluntarily withdraw the Complaint and claims against Seyfarth, Perkins, and Antonacci. Antonacci declined the safe harbor protection contemplated under Rule 11(c).

The Seyfarth/Perkins Defendants file this motion while their motion to dismiss is forthcoming because of importance of the relief requested. Specifically, for the reasons set out below sanctions relief is appropriate under the circumstances here in order to discourage further waste of judicial and party resources and address Antonacci's perpetual attempts to relitigate, repeatedly, bizarre and frivolous allegations of conspiracy.

## I.    INTRODUCTION

This is Plaintiff's fourth lawsuit against Seyfarth and third lawsuit against Perkins and Gehringer arising out of the same core of operative facts from almost a decade ago.  Plaintiffs' fictitious and bizarre claims lack merit and are being pursued in violation of Rule 11 of the Federal Rules of Civil Procedure. Antonacci's claims against the Seyfarth/Perkins Defendants recycle often-identical allegations made in his previously-dismissed complaint filed in the Northern District of Illinois in 2015 and the Eastern District of Virginia in 2024. *See* ECF 51-2, Declaration of Barak Cohen In Support of Motion to Dismiss ("Cohen Decl."), ¶ 2, Ex. A (providing a side-by-side comparison of the causes of action lodged in the earlier-dismissed Northern District of Illinois litigation and the Eastern District of Virginia case); ¶ 3, Ex. B (a side-by-side comparison of causes of actions lodged in the earlier-dismissed the Eastern District of Virginia case and the instant case). After the now-decade-old claims were dismissed *sua sponte* in the Northern District of Illinois, the Seventh Circuit affirmed the dismissal, characterizing Antonacci's claims as "legally frivolous" and recognizing that "each individual allegation is so unsupported by any plausible detail as to be preposterous." *Antonacci v. City of Chicago*, 640 F. App'x 553, 557 (7th Cir. 2016).[1]

The contentions Antonacci regurgitates against the Seyfarth/Perkins Defendants here are equally frivolous and have no support in the law. The factual assertions against the moving defendants are specious and have no support. In short, Antonacci's Complaint violates Federal Rule of Civil Procedure 11(b) in virtually every way imaginable.

Antonacci knows this, or he should. He was a licensed attorney registered with the Virginia State Bar (VSB No. 75840) and the D.C. Bar (No. 993978),[2] now appearing *pro se* (but with his

---

[1] Seyfarth, Perkins, and Gehringer were first caught up in Antonacci's claims of a purported global conspiracy because Perkins and its former partner Matt Gehringer represented Seyfarth more than a decade ago when Antonacci sued Seyfarth in Illinois state court for alleged wrongful termination. The Illinois state circuit court dismissed the action in 2014, and the Illinois Appellate court affirmed that dismissal with prejudice on appeal in August 2015. *Antonacci v. Seyfarth Shaw, LLP*, 2015 IL App (1st) 142372, ¶ 13, 39 N.E.3d 225, 232.

[2] Mr. Antonacci apparently has resigned his Virginia State Bar license following an administrative suspension. It appears Mr. Antonacci's license to practice in D.C. has also been suspended. *See In re Antonacci*, No. 25-BG-874, 2026 WL 532315 (D.C. Feb. 26, 2026) (noting that Mr. Antonacci "demonstrates a clear lack of remorse" for his

law firm part of the signature block). In his Complaint, Antonacci concedes that prior claims against the Seyfarth/Perkins Defendants were rejected by other state and federal courts in prior litigation that concluded years ago. Compl. at 4-5, ¶ 269, 275, 500.[3] Nothing has happened in the intervening years since Antonacci's prior litigation was dismissed to make Antonacci's claims against the Seyfarth/Perkins Defendants any more viable. To the contrary, the opposite is true. Respectfully, sanctions are not only appropriate but necessary in order to bring Antonacci's vexatious litigation tactics to an end.

## II.    ARGUMENT

### A.    Rule 11 Standards.

Federal Rule of Civil Procedure 11 imposes a duty upon attorneys to certify, based upon a reasonable inquiry, that any pleading they file with a district court "is not being presented for any improper purpose," is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law," and that "factual contentions have evidentiary support." The rule applies to both attorneys and unrepresented parties. Fed. R. Civ. P. 11(b). If, after providing notice and a reasonable opportunity to respond, the Court determines that Rule 11(b) has been violated, the Court may impose sanctions on the party responsible. Fed. R. Civ. P. 11(c)(1). The D.C. Circuit has held that "once the district court finds that a pleading is not well grounded on fact, not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or is interposed for any improper purpose, Rule 11 *requires* that sanctions of some sort be imposed." *Rafferty v. NYNEX Corp.,* 60 F.3d 844, 852 (D.C. Cir. 1995) (citation omitted) (emphasis in original). In fact, "where a party reiterates arguments that have already been unequivocally rejected by the Court, and its pleadings reflect a deliberate decision to ignore an opinion of the Court which is the controlling law of the case,

---

professional misconduct, suspending license for approximately one year, and imposing a fitness requirement). With this case, Mr. Antonacci has now added the Virginia State Bar and its investigating attorney to the purported conspiracy against him.

[3] Antonacci's Complaint begins with a two-page "Nature of the Case" statement that is not numbered by paragraph. Accordingly, page numbers are used to cite to that section.

sanctions are warranted under Rule 11." *Reynolds v. U.S. Capitol Police Bd.,* 357 F. Supp. 2d 19, 24 (D.D.C. 2004) (collecting cases).

The Court should terminate this frivolous case outright. *Desenberg v. United States Dep't of Just.,* No. 23-CV-01534 (APM), 2023 WL 4706094, at *1 (D.D.C. July 24, 2023) ("Plaintiff's allegations rest on the kind of fantastic and delusional claims that warrant dismissal sua sponte."). In *Desenberg*, the court dismissed "bizarre conspiracy theories" alleging "conspiratorial criminal activity by a large group of individuals" employed by U.S. government agencies and "private sector internet companies." *Id.* The Complaint contains equally bizarre theories.  And federal courts are, in fact, "without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal citation omitted). As this Court has aptly recognized, courts should "dismiss a complaint as frivolous when the facts alleged rise to the level of the irrational or the wholly incredible or postulate events and circumstances of a wholly fanciful kind." *Gilberti v. Harris*, No. CV 24-2837, 2024 WL 5137074, at *1 (D.D.C. Dec. 17, 2024) (internal citations omitted) (AliKhan, J.).

The primary purpose of sanctions is to deter future litigation abuse. Thus, federal courts "have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Crumpacker v. Ciraolo-Klepper*, 288 F. Supp. 3d 201, 204 (D.D.C. 2018) (quotation omitted). This includes the authority to issue pre-filing injunctions against litigants who continue to abuse the judicial process by filing frivolous, duplicative, and harassing lawsuits. *Gharb v. Mitsubishi Elec. Corp.,* 148 F. Supp. 3d 44, 55 (D.D.C. 2015) ("[I]f a litigious plaintiff continues to abuse the judicial process by filing frivolous, duplicative, and harassing lawsuits, a Court may employ injunctive remedies to protect the integrity of the courts and the orderly and expeditious administration of justice.") (quotation omitted).

**B.**    **Antonacci's Claims Against the Seyfarth/Perkins Defendants Have No Proper Purpose.**

The Complaint violates Rule 11(b)(1) because it is not being presented for any proper purpose. In this Court, the test under Rule 11 is an objective one: "that is, whether a reasonable inquiry would have revealed there was no basis in law or fact for the asserted claim." *Reynolds*, 357 F. Supp. 2d at 23 (citing *Washington Bancorporation v. Said,* 812 F.Supp. 1256, 1275 (D.D.C. 1993)).

In addition to *again* accusing the Seyfarth/Perkins Defendants of somehow being part of a vast criminal enterprise directed against him, Antonacci's Complaint attacks the Virginia State Bar (Compl. ¶¶ 661-664), judges (*id.* ¶¶ 79, 150, 152), the clerk's office of the Fourth Circuit (*id.* ¶ 473), the Illinois Supreme Court Committee on Character and Fitness (*id.* at 4; ¶ 523.d), the former mayor of Chicago and former U.S. ambassador to Japan (*id.* at 4, ¶¶ 2, 66, 70), a court reporter (¶ 236), his own brother and father (¶¶ 318-336), numerous law firms and lawyers, and various other individuals who apparently crossed paths with Antonacci over the course of the last 15 years. The Complaint regularly veers off, randomly, into personal details of Antonacci's or others' lives. Furthermore, it is replete with conclusory assertions that the Seventh Circuit and the Eastern District of Virginia appropriately found to be "preposterous" and "legally frivolous." *Antonacci*, 640 F. App'x at 557; *Antonacci v. Emanuel*, No. 1:24-CV-172-MSN-LRV, 2024 WL 2988943, at *2 (E.D. Va. May 23, 2024), *aff'd*, No. 24-1545, 2025 WL 1065245 (4th Cir. Apr. 9, 2025).

Regardless of Antonacci's motivation, under an objective standard of reasonableness it simply is impossible to conclude that the claims were brought for any proper purpose.

**C.**    **Antonacci's Claims Against the Seyfarth/Perkins Defendants Are Unfounded Under the Law.**

The Complaint violates Rule 11(b)(2) because Antonacci's claims and contentions are not supported by existing law or nonfrivolous arguments for modifying existing law. As set forth in the Motion to Dismiss filed by the Seyfarth/Perkins Defendants (ECF 51-1) (the "MTD"), the Complaint is deficient as a matter of law because, among other reasons:

- Antonacci's claims regarding civil RICO lack any reasonable basis in law or fact, and thus there is no federal question jurisdiction. (MTD, at 5-8);

- The doctrine of *res judicata* bars Antonacci's efforts to relitigate his claims against the Seyfarth/Perkins Defendants. (MTD, at 8-11);

- Antonacci's claims against the Seyfarth/Perkins Defendants are plainly barred by the applicable statute of limitations. (MTD, at 11-12); and

- An absolute litigation immunity bars Antonacci's claims that the Seyfarth/Perkins Defendants somehow defamed Antonacci through defending his prior claims. (MTD, at 12-13).

Additional, fundamental flaws in Antonacci's Complaint were also outlined in the multiple motions dismiss filed by other defendants in the Eastern District of Virginia matter. *See Antonacci v. Emanuel*, No. 1:24-CV-172-MSN-LRV (E.D.Va.), ECF 27, 39-40, 55-56, 72-73.

As a law school graduate, formerly licensed law, and serial litigant, Antonacci surely knew of these fundamental legal deficiencies to his claims. The Complaint explicitly references, for example, the opinion of the Illinois Appellate Court affirming dismissal of Antonacci's state court claims against Seyfarth (Compl. ¶ 269), the Seventh Circuit opinion affirming dismissal of Antonacci's purported RICO claims against Seyfarth, Perkins, and Gehringer (*id.* ¶ 275), and the Eastern District of Virginia's dismissal of the same frivolous claims (*id.* ¶ 500). Antonacci lacks any legal basis for reiterating these claims yet again, year after year. There is no legal reason for tolling applicable statute of limitations, especially considering that Antonacci makes the same allegations against the Seyfarth/Perkins Defendants that he made nearly a decade ago. The Complaint was and is unsupported by any law.

### D. The Complaint's Factual Allegations Against the Seyfarth/Perkins Defendants Have No Evidentiary Support.

In the instant suit, Antonacci alleges that the Seyfarth/Perkins Defendants have joined forces—together with a wide range of disconnected entities and individuals—to somehow harm Antonacci. Antonacci at various points attempts to allege that the Seyfarth/Perkins Defendants,

among other things, "sought to sabotage" Antonacci's Illinois state court case, unnecessarily delayed the case, and falsified unidentified official documents. *See* Compl. ¶ 523.b. But his repeatedly conclusory assertions regarding an "enterprise" and "criminal conspiracy" are unsupported by anything close to the detailed factual allegations required under Federal Rule of Civil Procedure 9(b). Nor does the Complaint meet Antonacci's basic threshold obligation to present enough allegations of fact to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To the extent the Complaint contains factual contentions regarding the Seyfarth/Perkins Defendants they are fantastical, implausible, surreal, and have no evidentiary support. The Complaint therefore violates Rule 11(b)(3) as well.

**E.     The Court Should Issue Monetary Sanctions and Enjoin Future Filings.**

Under Federal Rule of Civil Procedure 11(c), the Court may impose "an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Any sanction is to be designed to "deter repetition of the conduct or comparable conduct by others similarly situated" and "may include nonmonetary directives."

**1.     Monetary Sanctions and an Injunction is Warranted.**

Defendants have incurred years of significant burden and expense in responding to Antonacci's bizarre claims and repeated filings. While defendants defer to the Court's determination of an appropriate monetary sanction, they request that monetary sanctions be imposed.

Defendants also request that Antonacci also be enjoined from filing any further claims against the Seyfarth/Perkins Defendants without leave of court, to curb Antonacci's frivolous, harassing, and duplicative lawsuits. *See Crumpacker*, 288 F.Supp.3d at 204. In issuing a pre-filing injunction, the court should consider:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits;
>
> (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?;
>
> (3) whether the litigant is represented by counsel;

(4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

5) whether other sanctions would be adequate to protect the courts and other parties.

*1250 24th Street Associates Ltd. P'ship v. Brown*, 684 F.Supp. 326, 331 (D.D.C. 1988). (citation omitted). Application of these factors shows that a pre-filing injunction against Antonacci is appropriate. As described above, he has a history of harassing and duplicative lawsuits against the Seyfarth/Perkins Defendants, and the recurring meritless filings unnecessarily create burdens for the defendants and court systems. Monetary sanctions, while appropriate, are unlikely—standing alone—to deter future litigation abuse.

### 2.    All Procedural Requirements Are, or Will Be, Satisfied.

In this Circuit, a court must make certain findings before it can issue an injunction. Specifically, (1) the affected litigant must be provided with "notice and an opportunity to be heard," or the chance to "oppose the entry of an order restricting him before it is entered"; (2) the court must create an "adequate record for review"; and (3) the court must "make substantive findings as to the frivolous or harassing nature of the litigant's actions." *Gharb*, 148 F.Supp.3d at 56 (quotation omitted). Each of these prongs are, or will be, satisfied.

First, Antonacci has the opportunity to contest the entry of an injunction as he has the right to oppose this Motion. *See Smith v. Scalia*, 44 F.Supp.3d 28, 45–46 (D.D.C. 2014) ("[A]n opportunity to address an issue in briefing counts as notice and an opportunity to be heard.").

Second, Antonacci has a record of frivolous filings. "To create a record for review and make findings as to any pattern constituting harassment or frivolousness, courts should consider the number and content of the filings, the similarity of the filings to previous actions, and whether the litigant is attempting to harass a particular adversary." *Gharb*, 148 F.Supp.3d at 56 (citation omitted). In *Gharb*, a sister court found this prong satisfied when the movant had sought twice to relitigate similar claims. *See id.* ("The complaints in the three actions are overwhelmingly similar, as they all relate back to the initial 2012 judgment in the Northern District of Illinois."). Here, Antonacci has filed similar claims of a wide-ranging conspiracy involving Seyfarth, Perkins,

Ponder, and Gehringer in the Norther District of Illinois (2015) and the Eastern District of Virginia (2024). Like in *Gharb*, Antonacci's underlying claims relate back to Illinois state and federal decisions that are now over a decade old. As noted *supra*, this Plaintiff's fourth lawsuit against Seyfarth and third lawsuit against Perkins and Gehringer arising out of the same core of operative facts.[4]

Third, the Court should find that Antonacci's claims are frivolous, joining courts in the Seventh and Fourth Circuits in that determination. *Antonacci*, 640 F. App'x at 557 (holding that case was "preposterous" and "legally frivolous."); *Antonacci,* 2024 WL 2988943, at *2 (concluding similarly). As the Eastern District of Virgina concluded, Antonacci's claims are "wholly insubstantial," and any minor changes only served to "reinforce the implausibility of the alleged conspiracy." *Antonacci,* 2024 WL 2988943, at *2. The Eastern District of Virginia agreed when dismissing Antonacci's "wild accusations" against a "seemingly never-ending, number of people who have no apparent connection other than their interactions, however tangential, to Antonacci." *Id.*, at *2; *see also id*. ("This Court agrees with the Seventh Circuit's assessment that Antonacci's previous, and now renewed, allegations are "legally frivolous" because they are "so unsupported by any plausible detail as to be preposterous.") (quoting *Antonacci*, 640 F. App'x at 557). Here, Antonacci's claims remain largely unchanged against the Seyfarth/Perkins Defendants. *See* Cohen Decl., ¶ 2, Ex. A; ¶ 3, Ex. B. They arise from the same core of operative accusations that animated Antonacci's prior frivolous filings.

Accordingly, each of the procedural requirements for an injunction are, or will be, satisfied.

## III.    CONCLUSION

For all the above reasons, the Court should enter an order imposing monetary sanctions upon Antonacci for violations of Federal Rule of Civil Procedure 11, and further order that

---

[4] Antonacci has also taken a harassing view towards Defendants in this matter, including Seyfarth, Perkins, Ponder, and Gehringer and their counsel. Among other things, Antonacci has hurled expletives and insults over email. *See* ECF 24-2.

-10-

Antonacci is enjoined from filing any additional suits or pleadings against Seyfarth, Perkins, Ponder, or Gehringer without prior leave of Court.

[Signature Page Follows]

-11-

Dated: April 3, 2026

By: */s/ Barak Cohen*
Barak Cohen, Bar No. 485945
BCohen@perkinscoie.com
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, D.C. 20005-3960
Telephone: 202-654-6200
Facsimile:  202-654-9000

*/s/ Thomas J. Tobin*
Thomas J. Tobin, Bar No. 1049101
TTobin@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: 206-359-8000
Facsimile:  206-359-9000

-12-

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be filed a copy of the foregoing document on the

Court's CM/ECF system. I have also served a copy of the foregoing document via email on the

date noted below upon the following:

Louis B. Antonacci
4126 8th Street NW, Suite 3
Washington, DC 20011
lou@antonaccilaw.com


Signed this 3rd day of April, 2025.


By: */s/ Thomas J. Tobin* _____
Thomas J. Tobin, D.C. Bar No. 1049101
TTobin@perkinscoie.com
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000