**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **LOUIS B. ANTONACCI,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Civil Action No. 1:26-CV-00211-LLA** |
| **RAHM ISRAEL EMANUEL,** *et al* | ) ) ) | |
| **Defendants.** | ) ) | |

**DEFENDANT HOLLAND & KNIGHT, LLP'S**
**REPLY IN SUPPORT OF MOTION TO DISMISS**

Defendant Holland & Knight, LLP ("H&K") submits this Reply in Support of Its Motion

to Dismiss Louis B. Antonacci's ("Plaintiff") Complaint.

### I.    ARGUMENT

#### A.    The Court Should Exercise Its Inherent
#### Authority to Dismiss This Frivolous Case *Sua Sponte*

In its opening memorandum, H&K showed that the Court has the inherent authority to

dismiss frivolous cases and showed why the Court should exercise that authority here. Plaintiff

does not challenge the Court's inherent authority to dismiss cases of its own accord.

#### B.    The Complaint Should be Dismissed Because
#### it Does not Comply with Fed. R. Civ. P. 8.

In its opening memorandum, H&K showed that Plaintiff's 672 paragraph and 121-page

Complaint failed to comply with Rule 8 of the Rules of Civil Procedure because his allegations

are not "simple, concise, and direct," nor are they "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2), (d)(1). H&K showed that Plaintiff's

Complaint requires the Court to guess which facts concern which claims, impermissibly lumps

Defendants together, and that the details of the alleged "Zionist criminal enterprise" are unclear, including who is in the enterprise or the alleged connection between the Defendants.

In opposition, Plaintiff does not directly address the requirements of Rule 8, nor articulate why or how he believes his Complaint complies with it. Instead, he asserts his allegations "are just right for a private citizen alleging the heinous misconduct perpetrated by the insidious criminal enterprise" and further cites to "his definition of this criminal Zionist enterprise". Dkt. 69 at 13.

Plaintiff cannot overcome his failure to comply with Rule 8. Plaintiff's Complaint is not "simple" or "concise." It does not clearly allege which facts are intended to support which causes of actions, or even which alleged facts relate to, or were committed by, each defendant. This failure to comply with Rule 8 requires dismissal.

**C.    The Court Should Dismiss Count I Alleging Violations of RICO Because Plaintiff's Claims Against H&K are <u>Untimely and Fail to State a Claim Under Rule 12(b)(6)</u>.**

In its opening memorandum, H&K demonstrated that Plaintiff's RICO violations under 18 U.S.C. § 1962(a)-(c) against H&K must be dismissed because they are outside the statute of limitations, and Plaintiff failed to state a plausible claim against H&K.

1.    <u>Counts I is Barred by the Statute of Limitations.</u>

In its opening memorandum, H&K showed that Count I is time-barred as alleged against H&K. RICO has a four-year statute of limitations for each defendant, and the last alleged overt act by H&K occurred on April 30, 2010 when Plaintiff alleged H&K forced him to resign. H&K demonstrated that this renders Count I time-barred against H&K by more than a decade.

In his opposition, Plaintiff argues "[t]he statute of limitations for earlier injuries should be tolled because of the surreptitious and self-destructive nature of this criminal Zionist enterprise, and because [Plaintiff] has diligently investigated his claims and pursued his rights over the years,

all while the defendants continually misrepresented their true intentions and intentionally created and exploited fiduciary relationships with [Plaintiff] in order to deceive him." Dkt. 69 at 29.

Plaintiff's assertions that his claims are not time barred make no sense. The statute of limitations is four years beginning from the date Plaintiff knew or should have known about the injury - *not* from Plaintiff's discovery of a pattern of predicate acts. *Youkelsone v. FDIC.,* 910 F. Supp. 2d 213, 226 (D.D.C. 2012); *Rotella v. Wood,* 528 U.S. 549, 553 (2000). The Supreme Court rejected Plaintiff's argument that that statute of limitations runs from the discovery of a pattern of predicate acts for precisely the reason Plaintiff seeks to expand it – "a pattern of predicate acts can continue indefinitely, with each separated by as many as 10 years, that rule might have extended the limitations period to many decades." *Rotella,* 528 U.S. at 544, 558-59, 569 (2000). And here, Plaintiff certainly knew of the alleged acts long before 2022 – indeed, he filed a lawsuit alleging the existence of the same general conspiracy in 2015. Dkt. 1 at 4, ¶¶ 251, 264-280. In his Complaint Plaintiff states after his petition for writ of certiorari was denied in October 2016, "he believed that the enterprise alleged in his federal case was done with their campaign to destroy him. He was wrong, and has since realized the extent and nature of this criminal enterprise." Dkt. 1 at ¶¶ 280, 294. H&K's last alleged involvement in the conspiracy was its forcing Plaintiff to resign – which occurred in April 2010 causing him to be unemployed until August 2011 when he accepted a position at Seyfarth. Dkt. 1 at ¶ 92.

While Plaintiff argues equitable tolling applies, Plaintiff has pled no plausible facts that H&K took any action to prevent his discovery of the alleged conspiracy. Unlike in *Solomon* where plaintiff was unaware of defendants' identities due to actions amounting to fraudulent concealment at the time of injury, which defendants in the *Solomon* case did not contest. Here, Plaintiff filed a complaint in the Northern District of Illinois on April 29, 2015 alleging RICO violations meaning

3

Plaintiff was aware of the alleged conspiracy no later than April 29, 2015. Dkt. 1 at ¶ 251; *Antonacci v. City of Chic.*, No. 15-C-3750, 2015 U.S. Dist. LEXIS 58490, at \*2 (N.D. Ill. May 5, 2015). This post-dates his resignation or termination from H&K in April 2010 and his period of unemployment until August 2011 when he accepted a position at Seyfarth. *Solomon v. Dechert LLP,* No. 22-3137(JEB), 2023 U.S. Dist. LEXIS 164821, at 20-21 (D.D.C. Sep. 18, 2003).

Just like in *Youkelsone* where plaintiff brought RICO claims more than four years after the date of the injury after making similar allegations in other courts, Plaintiff cannot plead ignorance of the underlying injury to overcome a statute of limitations bar. 910 F. Supp. 2d at 226-27.

Plaintiff's allegations against H&K are beyond the statute of limitations.

> 2.    Count I Fails to Adequately Alleged H&K
> was Part of an "Enterprise" or that it Committed
> <u>Predicate Acts Constituting Racketeering Activity.</u>

In its opening memorandum, H&K showed that Plaintiff failed to state a claim for a violation of RICO because Plaintiff failed to plausibly allege: allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity" *Son Ly v. Solin, Inc.*, 910 F. Supp. 2d. 22, 26 (D.D.C. 2012) (quoting *Sedima, S.P.R.L. v. Imrex, Co.,* 473 U.S. 479, 496 (1985)); *United States ex rel. Yelverton v. Fed. Ins. Co.*, 831 F.3d 585, 589 (D.D.C. 2016).

> a.    *Plaintiff fails to allege the H&K*
> <u>*was part of an "Enterprise."*</u>

H&K showed that Plaintiff failed to plausibly allege H&K was part of an enterprise responsible for committing racketeering activity.

In his opposition, Plaintiff offers only the implausible argument that seemingly every company, business, or individual he encounters is part of criminal enterprise bent on the destruction of his career. But these conclusory statements do not satisfy Plaintiff's pleading burden to allege non-conclusory plausible allegations that H&K was part of a criminal enterprise under

RICO. Dkt. 69 at 30.  With few exceptions, Plaintiff does not even allege how the Defendants and alleged co-conspirators know one another.

> b.     *Plaintiff fails to allege "predicate acts" of*
> *"racketeering activity" against H&K*

In its opening memorandum, H&K showed Plaintiff failed to allege any act by H&K that violated state or federal laws enumerated in the RICO statute, and thus, Plaintiff failed to allege a pattern of racketeering activity, which requires at least two predicate criminal acts.

In his opposition, Plaintiff argues that he has alleged "a Zionist conspiracy-arising … involve[ing] at least ten fraudulent and extortionist schemes, and well as two attempts at murder, obstruction of justice in at least two federal cases, and the evisceration of any semblance of integrity from the American legal profession."  Dkt. 69 at 37. Plaintiff argues his Complaint "does not engage in improper 'group pleading' because he describes the individual acts of the [D]efendants."  Dkt. 69 at 33.

But Count I contains no specific reference to H&K. For a viable RICO claim, there must be "'a pattern of racketeering activity' on the part of each defendant" and "'at least two acts of racketeering activity' are necessary to form a pattern."  *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1117 (D.C. Cir. 2009). While Plaintiff alleges he "has alleged at least one hundred instances of wire and mail fraud in this case" (Dkt. 69 at 36), Plaintiff has not alleged any of them against H&K.  The only act Plaintiff alleges specifically taken by H&K is his termination or resignation from H&K in 2010, which is not an act of racketeering.  Because Plaintiff has failed to plead the necessary two predicate acts of racketeering against H&K necessary to allege a pattern of racketeering under RICO, Plaintiff's claims against H&K must be dismissed.

**D.** **The Court Should Dismiss Count II Alleging RICO Conspiracy Because Plaintiff Fails to Allege an Underlying <u>RICO Violation, Fails to State a Claim, and Any Claim is Untimely</u>.**

In its memorandum, H&K showed that Plaintiff failed to state a RICO conspiracy claim against H&K. It established Plaintiff failed to both plead the underlying conspiracy and the substantive RICO claim under 18 U.S.C. § 1962(a)-(c) required for a conspiracy under § 1962(d).

In his opposition, Plaintiff argues all Defendants are part of a RICO conspiracy and liable for all alleged acts of all alleged conspirators because a "conspiracy can be inferred from a combination of close relationships or knowing presence or other supporting circumstantial evidence." *United States v. Philips Morris USA, Inc.,* 566 F.3d 1095, 1130 (D.C. Cir. 2009) (quoting *United States v. Mellen,* 383 F.3d 175, 191 (D.C. Cir. 2004)); Dkt. 69 at 17-18. However, inferring a conspiracy requires more than just conclusory allegations asserting that a conspiracy merely exists as Plaintiff alleges. In *Phillips Morris USA, Inc.*, the court upheld that nine cigarette manufacturers were liable for RICO violations including conspiring to fraudulently deceive the public about the health effects of smoking. *Id.* at 1116-18, 1150. Defendant Altria challenged the finding that it joined a RICO conspiracy, but the court rejected that assertion finding Altria directly participated in the enterprise, took actions furthering the goals of the enterprise including directly "as well as the voluminous findings of concerted action and *explicit agreement* by Defendants, amply support the circumstantial inference that Altria conspired with the other Defendants to violate RICO." *Id.* at 1129-30 (emphasis added). However, here Plaintiff has pled no facts that support the inference that H&K joined a conspiracy beyond his threadbare conclusory statements that there is a conspiracy, and H&K must be part of it. This is insufficient to support allegations that there is any relationship between H&K and the other Defendants - let alone a conspiracy.

To prove a RICO conspiracy, Plaintiff must show H&K participated in "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Ying Qing Lu v. Lezell*, 45 Supp.

3d 86, 95 (D.D.C. May 27, 2014) (quoting *Sedima,* 473 U.S. 479 (1985)). Plaintiff fails to allege any plausible facts to infer a conspiracy relating to H&K. Plaintiff does not allege any plausible connection between H&K or any Defendant beyond conclusory allegations that there is "a single conspiracy" by a "Zionist criminal enterprise" that H&K allegedly is a part of.  Dkt. 69 at 18. Plaintiff has failed to allege any facts that support a plausible interference that H&K knew of the alleged conspiracy, agreed to join it, agreed to further it, or that there is any kind of agreement at all.[1]

In its memorandum and as discussed above, H&K showed that Plaintiff's RICO conspiracy allegations are past the four-year statute of limitations since Plaintiff discovered the alleged conspiracy in 2009 and the alleged injury occurred when Plaintiff resigned or was terminated from H&K in April 2010.  Because Plaintiff knew of his injury - specifically his resignation or termination from H&K in April 2010, his statute of limitations began then. Because the last allegation against H&K is that it terminated or forced Plaintiff to resign in April 2010, Plaintiff's RICO conspiracy allegations against H&K are beyond the statute of limitations.

> **E.   The Court Should Dismiss Count III Alleging Violations of the District of Columbia Antitrust Act Under D.C. Code 28-4502, 4503, and 4508 Because it is Barred by the Statute of Limitations and Fails to State a Claim.**

In its opening memorandum, H&K demonstrated that any alleged violations of the District of Columbia Antitrust Act ("Act") against H&K are barred by the statute of limitations and Plaintiff has also failed to state a claim against H&K.

---

[1] Plaintiff's RICO conspiracy claim fails because Plaintiff has failed to plead a substantive RICO violation. *E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 15-16 (D.D.C. 2014); *Ctr. for Immigration Studies v. Cohen*, 410 F. Supp. 3d 183, 194 (D.D.C. 2019).

1.      Count III is Barred by the Statute of Limitations.

In its memorandum, H&K showed that even if Plaintiff plead any facts specific to his allegations that H&K violated the Act, which he did not, any alleged act is beyond the four year statute of limitations because the only specific allegations that relate to H&K are that Plaintiff was terminated or forced to resign from H&K in April 2010.  In his opposition, Plaintiff argues only – and without case law support - that he has alleged a conspiracy and "all these defendants are accountable for the acts of their co-conspirators, none of the defendants is outside the four-year statute of limitations."  Dkt. 69 at 38-39.  Plaintiff's claims here fail for the same reason as his RICO claims; the statute of limitations begins for antitrust claims when a plaintiff knew or should have known of his injuries.  *Pocahontas Supreme Coal Co. v. Bethlehem Steel Corp.,* 828 F.2d 211, 220 (4th Cir. 1987)  (dismissing claims alleging a conspiracy to restrain trade, price fixing, and racketeering as barred by the statute of limitations under RICO, Sherman Act, and Clayton Act). Plaintiff knew of his injuries from H&K's alleged acts by April 29, 2015 at the latest based on Plaintiff's RICO complaint filed in the Northern District of Illinois.  His claim is time-barred.

2.      Plaintiff Fails to State a Claim for Count III

a.      *Plaintiff Fails to State a Claim Under D.C. Code § 28-4502*
        *for Unlawful Restraint of Trade or Commerce*

In its memorandum, H&K showed that Plaintiff failed to plead an unlawful restraint of trade or commerce against H&K including that Plaintiff failed to allege specific allegations against H&K under the Act or allege any facts that H&K had an agreement or took any concerted effort to restrain trade, attempt to monopolize, or engage in anticompetitive conduct.

In his opposition, Plaintiff appears to allege that the Zionist criminal enterprise "impose counterproductive restraints on trade that make the legal profession less competitive and more expensive" and "the Zionists' impact on the legal system has profound anticompetitive impacts

8

and no procompetitive impacts." He argues this is demonstrated by an increase in attorney billing rates and legal revenue and blanketly states that this is orchestrated by the Defendants.  Dkt. 69 at 37-38.   These new facts and characterizations of the alleged unlawful restraint of trade or commerce are new and were not contained in Plaintiff's Complaint.  But even if they were, there remain no plausible facts to support H&K's involvement in this alleged effort.

Plaintiff's allegations fail to state a claim against H&K.

> **b.**      *Plaintiff Fails to State a Claim Under*
> *D.C. Code § 28-4503 for Attempted Monopolization*

In its memorandum, H&K established that Plaintiff failed to plead an attempted monopolization under the Act or any facts specific to H&K. In his opposition, Plaintiff argues that a Zionist criminal enterprise has destroyed Plaintiff's career in order to monopolize the legal markets. Dkt. 69 at 37-39.  Plaintiff makes no specific reference to H&K related to monopolization of the legal market. Plaintiff's allegations fail to state a claim against H&K.

**F.      Plaintiff Fails to State a Claim for Count IV Alleging Conspiracy to Interfere with Civil Rights Under 42 U.S.C. § 1985(3).**

In its opening memorandum, H&K showed that Plaintiff's allegations of a conspiracy to interfere with civil rights under 42 U.S.C. § 1985(3) against H&K must be dismissed because they are outside the statute of limitations, and Plaintiff failed to state a claim against H&K.

1.      Count IV is Barred by the Statute of Limitations

In its opening memorandum, H&K showed that Count IV is barred by the three-year statute of limitations for 42 U.S.C. § 1985 claims because the only actions Plaintiff alleged H&K took occurred in 2010.   In his opposition, Plaintiff fails to respond to H&K's argument that the allegations against H&K for Count IV are barred by the statute of limitations. Plaintiff summarily states "the statute of limitations does not bar this claim against any member of this conspiracy because the forfeiture in question occurred less than one year ago" seeming to refer to the Virginia

9

State Bar complaint, investigation, and suspension of Plaintiff's license in which H&K had no alleged role.  Dkt 69 at 43.  Because the only action Plaintiff alleged H&K took occurred in 2010, Count IV is barred by the three-year statute of limitations against H&K.

### 2.    Plaintiff Fails to State a Claim for Count IV

H&K also showed that Plaintiff failed to state a claim for Count IV because Plaintiff failed to allege any class based discriminatory animus and failed to allege facts relating to H&K's alleged involvement in the conspiracy that led to the Virginia State Bar's disciplinary investigation or suspension of Plaintiff's bar license.

In his opposition, Plaintiff argues that he was denied due process and equal protection under the U.S. and Virginia constitutions when the Virginia State Bar prosecuted him.

This argument fails to state a claim against H&K for at least two reasons.  First, Plaintiff has not pled a single fact as to how H&K allegedly conspired to or any actions taken by H&K relating to the Virginia State Bar's disciplinary investigation or suspension of Plaintiff's license, other than to generically state that this was a natural consequence of the overall conspiracy against him.  And second, Plaintiff still does not articulate his membership in a protected class. These shortcomings are both independently dispositive to Plaintiff's claim.

## II.    CONCLUSION

For the reasons above and in its original Memorandum in Support of its Motion to Dismiss, H&K respectfully requests the Court dismiss Plaintiff's Complaint with prejudice.

Date:  April 6, 2026

Respectfully submitted,

/s/ Jason A. Ross
Jason A. Ross (D.C. Bar 1047909)
Jeanne Louise Heiser (D.C. Bar 219176, *pro hac admission)*
**JACKSON LEWIS P.C.**
11790 Sunrise Valley Drive, Suite 400
Reston, Virginia 20191
(703) 483-8300 – Telephone
(703) 483-8301 – Facsimile
Jason.Ross@jacksonlewis.com
JeanneLouise.Heiser@jacksonlewis.com

***Counsel for Holland & Knight, LLP***

11

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that, on April 6, 2026, I electronically filed the foregoing

document with the Clerk of Court using the CM/ECF system, which will then send an electronic

notification of such filing (NEF) upon all parties of record.

/s/ Jason A. Ross
Jason A. Ross