-i-

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

LOUIS B. ANTONACCI,

              Plaintiff,

              v.

RAHM I. EMANUEL, PERKINS COIE LLP;
MATTHEW J. GEHRINGER; STORIJ, INC.;
BEAN LLC; LANE CONSTRUCTION
CORPORATION; SETH FIRMENDER;
DESCRYBE, LLC; ROKK SOLUTIONS,
LLC; ANITA J. PONDER; HOLLAND &
KNIGHT LLP; THE VIRGINIA STATE
BAR; RICHARD W. JOHNSON, JR.;
PARRISH LAW FIRM, PLLC; 9208 LEE
AVENUE, LLC; SEYFARTH SHAW LLP,

              Defendants.

Civil Action
No. 1:26-cv-00211-LLA

**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT ON BEHALF
OF DEFENDANTS SEYFARTH SHAW LLP, ANITA J. PONDER, PERKINS
COIE LLP, AND MATTHEW J. GEHRINGER**

-ii-

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT.............................................................................................................. 2

      A.    Antonacci's Allegations Fail to Establish Subject Matter Jurisdiction. ................ 2

      B.    Claim Preclusion Bars Antonacci's Allegations Against the
            Seyfarth/Perkins Defendants.................................................................................. 3

      C.    Antonacci's Claims Are Time-Barred. .................................................................. 4

      D.    Antonacci's Claims Are Implausible and Fail to State a Claim. ........................... 5

            1.    The Complaint's Allegations Fail Under Rule 8. ...................................... 5

            2.    Antonacci's Claims Fail Under Rule 9(b). ............................................... 6

            3.    Antonacci's Claims Fail Under Rule 12(b)(6)........................................... 7

      E.    Absolute Litigation Immunity Shields the Seyfarth/Perkins Defendants
            from Antonacci's Claims. ...................................................................................... 8

III.  CONCLUSION .......................................................................................................... 9

Defendants Seyfarth Shaw LLP ("Seyfarth"), Anita J. Ponder ("Ponder"), Perkins Coie LLP ("Perkins"), and Matthew J. Gehringer ("Gehringer") (the "Seyfarth/Perkins Defendants") hereby submit this reply in support of their motion to dismiss the Complaint filed by Plaintiff Louis B. Antonacci ("Antonacci"). As explained below, Antonacci's Opposition confirms that the Complaint's bizarre allegations are wholly insubstantial, precluded, barred by absolute immunity, and untimely.

## I.    INTRODUCTION

As a preliminary matter, Antonacci's threats—direct or otherwise—of violence against this Court, government officials, or officers of the Court cannot be tolerated. Among other things, Antonacci's Opposition asserts that a "civil war" is fomenting, Opp. at 21, and that "you can expect violence" because a "Zionist enterprise" "owns these Courts." *id*. at 29 (noting that "the people who played by the rules [would have] no other choice"); *see also id*. at 39 ("Zionists are destroying" the American justice system); Opp. at 37 (the purported "Zionist conspiracy" seeks the "evisceration of any semblance of integrity from the American legal profession" and this case is needed to address the "metastasizing their cancerous criminality into the marrow of this nation"). This language is not only inappropriate as legal advocacy, it is concerning as a matter of public safety and the secure functioning of the judiciary, highlighting the need to dismiss his complaint and prevent this ongoing and unending abuse and intimidation.

This is Plaintiff Antonacci's third federal case involving an allegedly widespread "conspiracy" involving individuals and entities that have interacted in some way—however tangential—with him. In his Opposition, Antonacci continues his bizarre and anti-Semitic narrative of a global Zionist conspiracy involving diverse public officials, judges, lawyers and others inexplicably joined together to target him. According to the Opposition, these so-called Zionist have worked together for "16 years," plotting together to extort Antonacci and kill him. *Id.*

Further, Antonacci claims that defendants, including the Seyfarth/Perkins Defendants, are about to "start a civil war in this country." *Id.* at 21. Not only are such allegations frivolous on their face, they are recycled from Antonacci's two prior failed cases. *See Antonacci v. City of*

*Chicago*, 640 F. App'x 553, 557 (7th Cir. 2016); *Antonacci v. Emanuel*, No. 1:24-CV-172-MSN-LRV, 2024 WL 2988943, at *2 (E.D. Va. May 23, 2024), *aff'd*, 2025 WL 1065245 (4th Cir. Apr. 9, 2025) and *aff'd*, 2025 WL 1091848 (4th Cir. Apr. 9, 2025). The Opposition concedes this point, admitting that Antonacci's prior complaints argued the same core of operative allegations. *See* Opp. at 8 (claiming the conspiracy started in 2009); Opp. at 12 (arguing that Antonacci was targeted between 2009-2012); *see also Antonacci*, 2024 WL 2988943, at *8 ("Although Antonacci has added new defendants and allegations, the alleged conspiracy—and the fundamental implausibility of it—has not changed"). Antonacci argues that each "successive complaint" simply adds material onto these core allegations, including the extensive legal record that Antonacci is creating with his vexatious filings. *See* Opp. at 21 (noting that Antonacci had included over 500 pages of material attached to his Virginia complaint, which included both a petition to the U.S. Supreme Court and the dismissed Illinois federal complaint from 2015).

## II.    ARGUMENT

### A.    Antonacci's Allegations Fail to Establish Subject Matter Jurisdiction.

Federal courts lack jurisdiction to adjudicate frivolous and fanciful claims. In fact, federal courts reviewing civil RICO claims are obligated to "flush out frivolous civil RICO allegations at an early stage of the litigation." *Curtis & Assocs., P.C. v. L. Offs. of David M. Bushman, Esq.*, 758 F. Supp. 2d 153, 167 (E.D.N.Y. 2010), *aff'd sub nom. Curtis v. L. Offs. of David M. Bushman, Esq.*, 443 F. App'x 582 (2d Cir. 2011). The D.C. Circuit has recognized that RICO claims based on mail and wire fraud must be "particularly scrutinized." *Republic of Kazakhstan v. Stati*, 380 F. Supp. 3d 55, 61-62 (D.D.C. 2019), *aff'd sub nom. Republic of Kazakhstan, Ministry of Just. v. Stati*, 801 F. App'x 780 (D.C. Cir. 2020).

As the Northern District of Illinois, the Eastern District of Virginia, the Fourth Circuit, and the Seventh Circuit each independently recognized, Antonacci's allegations claims are frivolous. Because he has merely recycled those same concocted allegations in this case, they remain frivolous, and should likewise be dismissed.

-2-

In his Opposition, Antonacci's legal argument amounts to "*I said so, so it must be true*." He writes: "Antonacci's RICO claims are not frivolous because he has plainly alleged that the defendants are part of an enterprise that engaged in a pattern of racketeering activity, through innumerable predicate acts, that has caused, and continues to cause, Antonacci both economic and physical injuries." Opp. at 7. The act of making outlandish allegations does not transform nonsense into cognizable RICO claims.

Antonacci strains to support his claims by asserting that the Court must "accept all of Antonacci's well-pleaded allegations and their reasonable inferences as true." Opp. at 6-7. But this is an incomplete statement of the law. The Court need not accept "legal conclusions couched as facts" or unsupported inferences, unreasonable conclusions, or arguments. *Mark v. Republic of Sudan*, No. 1:20-CV-03022 (TNM), 2021 WL 4709718, at *2 (D.D.C. Oct. 7, 2021), *aff'd sub nom. Mark v. Republic of the Sudan*, 77 F.4th 892 (D.C. Cir. 2023). Antonacci's Complaint weaves a bizarre, not to mention offensive, narrative over 122 pages of a global Zionist conspiracy. As the Seventh Circuit and Eastern District of Virginia recognized, he has continued to fling "wild accusations at a large," and seemingly never-ending, "number of people" who have no apparent connection other than their interactions, however tangential, to Antonacci. *Antonacci*, 2024 WL 2988943, at *2 (quoting *Antonacci*, 640 F. App'x at 557). Nothing in his Complaint or Opposition changes these foundational truths. Likewise, this Court need not—and should not—accept Antonacci's allegations or the absurd premises behind such allegations.

Because Antonacci's civil RICO claims lack any reasonable basis in law or fact, there is no federal question jurisdiction in the present case, and no basis for the Court's subject matter jurisdiction.

**B.    Claim Preclusion Bars Antonacci's Allegations Against the Seyfarth/Perkins Defendants.**

As explained in the Motion to Dismiss, Antonacci's claims satisfy each of the elements of claim preclusion, and should therefore be dismissed. Antonacci argues that the prior dismissals were not "on the merits," allowing him to re-file his claims in future courts without limitation.

Opp. at 13-14. In support, he cites cases from 1866, 1961, and 1984. None of these decades-old cases apply here.

*First*, he fails to wrestle with the fact that the fundamentals of his claim—the Illinois state case—was dismissed on the merits with prejudice over a decade ago. *Antonacci v. Seyfarth Shaw, LLP*, 2015 IL App (1st) 142372, ¶ 19, 395 Ill. Dec. 758, 767, 39 N.E.3d 225, 234. In that case, the trial court dismissed his claims on the state court equivalent of a Rule 12(b)(6) motion to dismiss, and the Illinois Court of Appeals affirmed on *de novo* review.

*Second*, Antonacci fails to appreciate that his prior federal cases were dismissed as frivolous. The Eastern District of Virginia, for example, held that Antonacci's claims were "wholly insubstantial" and "implausible," which adjectives are directly on point about the merits of Antonacci's claims. *Antonacci*, 2024 WL 2988943, at *7-*8. While prudence dictates that jurisdictional defects might be cured in re-filing, Antonacci has done nothing to cure the basis for the lack of jurisdiction, i.e. frivolous, insubstantial and implausible claims. All Antonacci is doing is forum-shopping to peddle his bizarre conspiracy.

*Third*, Antonacci fails to consider that the Eastern District of Virginia made an alternative holding regarding his failure to meet the demands of Federal Rule of Civil Procedure 8. *Id.* at *4 n.2 ("dismissal would be warranted for this reason alone"). Such a conclusion provides a non-jurisdictional basis for the dismissal of Antonacci's prior case.

## C.    Antonacci's Claims Are Time-Barred.

The applicable statutes of limitations bar Antonacci's claims with respect to the Seyfarth/Perkins Defendants.

Antonacci's RICO claims are subject to a four-year statute of limitations. *Elemary v. Philipp Holzmann A.G.*, 533 F. Supp. 2d 116, 143 n.28 (D.D.C. 2008). Antonacci filed his Illinois state case and his Illinois federal case more than a decade ago. Antonacci filed the present suit well after the expiration of the statute of limitations for similar (if not identical) civil RICO claims against the same defendants, including the Seyfarth/Perkins Defendants. This filing was also more than four years after the Supreme Court denied *certiorari* on Antonacci's 2015 RICO suit. Because

Antonacci's re-litigation of his RICO claims occurs more than four years after he knew or should have known of any purported injuries, his RICO claims against the Seyfarth/Perkins Defendants are barred by the statute of limitations.

Antonacci claims that he only learned about the extent of the RICO conspiracy after the denial of his earlier Supreme Court *certiorari* petition. Opp. at 23. That is not the appropriate legal test, as a civil RICO claim accrues when a plaintiff "discovers the injury he has suffered to his business or property." *Elemary*, 533 F. Supp. 2d at 143 n.28. Antonacci knew about the injury to his business or property when he filed his Illinois cases well past the statutory period.

Similarly, Antonacci's D.C. Antitrust Act claims are subject to a four-year statute of limitations. D.C. Code § 28-4508. The Complaint and Antonacci's Opposition concede that purported harm and the alleged conspiracy started more than four years ago. *See, e.g.*, Compl. ¶¶ 109-117 (detailing harm purportedly suffered in 2012); ¶¶ 118-251 (detailing allegations between 2012 and 2015); Opp. at 8 (claiming the conspiracy started in 2009); Opp. at 12 (arguing that Antonacci was targeted between 2009-2012). Attempting to avoid these facts, Antonacci seeks support from *Doe v. Medlantic Healthcare Group, Inc.*, 814 A.2d 939, 945-46 (D.C. 2000). Opp. at 25. But *Doe* is a D.C., not federal, case, and its holding on the standards for adjudicating dispositive motions in D.C. do not apply to this Court.

**D.    Antonacci's Claims Are Implausible and Fail to State a Claim.**

In addition to all the above defects in the Complaint, Antonacci's claims suffer from readily apparent pleading deficiencies and fail to state a claim under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

**1.    The Complaint's Allegations Fail Under Rule 8.**

As the Eastern District of Virginia previously held, the rambling allegations of the Complaint fail to meet even basic, threshold pleading requirements. *Antonacci*, 2024 WL 2988943, at *4 n.2.

This Court has repeatedly dismissed cases for failure to make a "short and plain" statement of claims. *See, e.g.*, *Williams v. Dreyfuss Mgmt. LLC*, No. CV 25-4131 (UNA), 2026 WL 415313,

at *1 (D.D.C. Feb. 10, 2026) (AliKhan, J.); *Cai v. United States*, No. CV 23-2235 (LLA), 2025 WL 2758985, at *1 (D.D.C. Sept. 26, 2025) (AliKhan, J.). Here, Antonacci's bizarre 122-page complaint with over 670 paragraphs is neither plain nor short.

Despite his efforts to distinguish it, Antonacci's case is just like the "wide-ranging conspiracy" this Court dismissed earlier this year. Opp. at 7 (citing *Andreski v. Dep't of Just.*, No. CV 25-2977 (LLA), 2026 WL 445648, at *1 (D.D.C. Feb. 17, 2026) (AliKhan, J.)). Striving to distinguish his lawsuit from *Andreski*, Antonacci argues that whereas Andreski did not know the individuals' names in his rambling conspiracy, Antonacci knows and is connected with the individuals who constitute his Zionist conspiracy. Opp. at 4-5. But this is a distinction without a difference. This Court has made clear that it will not tolerate an "excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material," or one that "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Andreski*, 2026 WL 445648, at *2.

Antonacci further asserts that if the defendants in the instant case admit the conspiracy, the conspiracy will therefore be proved, and that his lawsuit should therefore proceed into discovery. Opp. at 8. ("[I]f the Defendants admit the factual allegations against them, then there is no question concerning their liability for the claims alleged."). For the avoidance of doubt, the Seyfarth/Perkins Defendants deny both Antonacci's imaginary conspiracy and that they are part of any such far-fetched conspiracy.

## 2.    Antonacci's Claims Fail Under Rule 9(b).

Under Rule 9(b), Antonacci is required to allege "with particularity the circumstances constituting fraud or mistake" for his civil RICO claims sounding in fraud. Fed. R. Civ. P. 9(b). Such circumstances include "the time, place, and content of the false representations," as well as the identity of the person making the misrepresentations and what he obtained thereby. *United States ex rel. Conteh v. IKON Off. Sols., Inc.*, 27 F. Supp. 3d 80, 85 (D.D.C. 2014).

Antonacci at various points attempts to allege that the Seyfarth/Perkins Defendants, among other things, "sought to sabotage" Antonacci's Illinois state court case; "unnecessarily delay[ed]" the case, and "falsified official documents." Compl. ¶¶ 140-142; ¶¶ 523-524; ¶ 604. But these conclusory allegations do not come close to providing the level of specificity required under Rule 9(b).

Antonacci attempts to resuscitate his Complaint by supplementing the Complaint in his Opposition. *See* Opp. at 31-33 (claiming defendants "committed predicate acts innumerable times with[in] ten-year periods" and setting out a 10-point categorization of the hundreds of paragraphs in the Complaint). For example, Antonacci claims that more than 100 paragraphs of his Complaint pertain to the "sabotage of his state court case against Anita Ponder and Seyfarth Shaw and extortion by the Illinois State Bar." *Id.* at 31. This is insufficient specificity to understand what the Seyfarth/Perkins Defendants purportedly did or did not do.

Antonacci then proceeds to argue that defendants, including the Seyfarth/Perkins Defendants, are monopolizing the D.C. legal market. Opp. at 34-36. Antonacci claims that defendants seek to "destroy Antonacci's legal career so that Zionist criminals may monopolize the legal markets." Opp. at 35. Not only is such an assertion not present in the Complaint itself, it lacks any semblance of specificity as to the actions or inactions of the Seyfarth/Perkins Defendants in contributing to this purported monopolization. Accordingly, the claim—like all the rest of Antonacci's allegations—fail Rule 9(b)'s requirements.

### 3.      Antonacci's Claims Fail Under Rule 12(b)(6).

Antonacci's allegations are patently implausible. As the Seventh Circuit and Eastern District of Virginia recognized, he has continued to fling "wild accusations at a large," and seemingly never-ending, "number of people" who have no apparent connection other than their interactions, however tangential, to Antonacci. *Antonacci*, 2024 WL 2988943, at *2 (quoting *Antonacci*, 640 F. App'x at 557). The Eastern District of Virginia concluded that the claims were "implausible" and "wholly insubstantial." *Antonacci*, 2024 WL 2988943, at *4 n.2.

Antonacci makes feeble and baseless arguments on plausibility. For example, he argues that the allegations are "not only plausible, but true, as demonstrated by the vitriol of the Jewish judges who previously dismissed his complaints with prejudice." Opp. at 9. To argue that bizarre allegations are true because several federal judges and a panel of the Seventh Circuit Court of Appeals have dealt harshly with his grossly implausible claims exceeds even Antonacci's typical sophistry. Antonacci further claims that he "has [] provided as much detail as possible, at this stage of the proceeding" along with "evidentiary support."[1] Opp. at 13. Such an assertion fails—as multiple courts have already held, there is no support for his "wild accusations."

### E.    Absolute Litigation Immunity Shields the Seyfarth/Perkins Defendants from Antonacci's Claims.

To the extent that Antonacci is alleging that he has been defamed, the Seyfarth/Perkins Defendants enjoy absolute immunity under the District's litigation privilege. As explained in the Motion to Dismiss, [for "the absolute immunity of the privilege to apply, two requirements must be satisfied: (1) the statement must have been made in the course of or preliminary to a judicial proceeding; and (2) the statement must be related in some way to the underlying proceeding." *Arneja v. Gildar*, 541 A.2d 621, 623 (D.C. 1988). Here, both elements are met: Antonacci's allegations regarding the Seyfarth/Perkins Defendants relate to their work in litigation—namely the Ilinois state court litigation, and the allegedly defamatory statements relate to the subject of those underlying proceedings—among other things, his firing and the conduct of that litigation.

In Opposition, Antonacci attempts to argue that this case does not actually allege defamation, *see* Opp. at 12, but he ultimately concedes that this is a "a lawsuit for textbook defamation." Opp. at 23. He also points to an inapposite 2014 case for the proposition that D.C. courts do not apply litigation privilege for anything other than "common law defamation." Opp. at 12 (citing *Osinubepi-Alao v. Plainview Fin. Servs., Ltd.*, 44 F. Supp. 3d 84, 91-92 (D.D.C. 2014)). Antonacci's caselaw fails to support his argument as the cited case, *Osinubepi-Alao*,

---

[1] Antonacci's request for judicial notice (ECF 68) does nothing to support his bizarre accusations. Among other things, Antonacci asks the Court to recognize the boundary line between the District of Columbia and the Commonwealth of Virginia as well as the location of the federal courthouse in Alexandria, Virginia.

involved a defendant who failed to contest whether the plaintiff's claims actually made out a claim. By contrast, the Seyfarth/Perkins Defendants have challenged the sufficiency of Antonacci's claims as well as the Court's subject matter jurisdiction to adjudicate them. *Osinubepi-Alao* also involved debt collection issues that have no relevance here.

## III.   CONCLUSION

For the reasons stated above and in the underlying motion, the Court should dismiss the Complaint with prejudice as to the Seyfarth/Perkins Defendants.

[Signature Page Follows]

Dated: April 6, 2026

*Barak Cohen*

Barak Cohen, Bar No. 485945
BCohen@perkinscoie.com
**PERKINS COIE LLP**
700 13th Street, NW, Suite 800
Washington, D.C. 20005-3960
Telephone: 202-654-6200
Facsimile: 202-654-9000

*Thomas J. Tobin*

Thomas J. Tobin, Bar No. 1049101
TTobin@perkinscoie.com
**PERKINS COIE LLP**
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: 206-359-8000
Facsimile: 206-359-9000

*Attorneys for Anita Ponder, Matthew Gehringer, Perkins Coie LLP, and Seyfarth Shaw LLP*

## CERTIFICATE OF SERVICE

I hereby certify that I caused to be filed the foregoing document on the Court's CM/ECF

system and have also caused to be served a copy of the foregoing document via email on the date

noted below upon the following:

Louis B. Antonacci
4126 8th Street NW, Suite 3
Washington, DC 20011
lou@antonaccilaw.com

Signed this 6th day of April, 2026.

By: */s/ Thomas J. Tobin*
Thomas J. Tobin, D.C. Bar No. 1049101
TTobin@perkinscoie.com
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

-11-