**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUIS B. ANTONACCI,**<br><br>***Plaintiff,***<br><br>**v.**<br><br>**RAHM ISRAEL EMANUEL, et al.,**<br><br>***Defendants.*** | **Civil Action No.: 1:26-CV-00211-ACR** |

**DEFENDANTS' JOINT PRE-MOTION NOTICE TO FILE A MOTION TO DISMISS**

Defendants, by and through undersigned counsel, and pursuant to § 7(f) of this Court's Standing Order in Civil Cases and its July 29, 2026, Minute Order, hereby file this Joint Pre-Motion Notice to File their Joint Motion to Dismiss.

This notice sets forth the bases for the anticipated motion to dismiss, including the legal standards and arguments at issue. Defendants anticipate making several arguments, many of which are shared in common.[1]

**I. Defendants Anticipate Arguing Lack of Jurisdiction and Improper Venue Pursuant to Rule 12(b)(1).**

**A. Defendants Anticipate Arguing Lack of Subject Matter Jurisdiction.**

Multiple Defendants anticipate arguing that Plaintiff's Complaint is wholly insubstantial and frivolous and should, therefore, be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiff's Complaint alleges that Defendants conspired as a "criminal Zionist enterprise," to destroy Plaintiff and his livelihood. Plaintiff's Complaint mirrors two earlier complaints he filed in Illinois and Virginia, which the Seventh Circuit and the Eastern District of

[1] In addition to joining the parties' forthcoming Joint Motion, Defendant Bean LLC d/b/a Fusion GPS has moved to set aside the Clerk's Entry of Default as to Bean LLC, on grounds that the default was not willful, that Plaintiff would not be prejudiced by a set aside of the default, and that Bean LLC has meritorious defenses that it will be raising in the Joint Motion. *See* ECF No. 93 (moving to set aside entry of default at ECF No. 63).

Virginia concluded were "legally frivolous" and "wholly insubstantial" because "they are so unsupported by any plausible detail as to be preposterous" and, thus, deprived the court of subject matter jurisdiction. *Antonacci v. City of Chicago*, 640 F. App'x 553, 555-557 (7th Cir. 2016); *Antonacci v. Emanuel*, 2024 U.S. Dist. LEXIS 107279, *7 (E.D. Va. May 23, 2024). Plaintiff's frivolous Complaint presents no federal question suitable for decision and should be dismissed under Fed. R. Civ. P. 12 (b)(1) for lack of subject matter jurisdiction.[2] *See Page v. Raimondo,* 2024 U.S. Dist. LEXIS 129362, *6 (D.D.C. July 23, 2024); *Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 367 (D.D.C. 2020).

As to the federal Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, Courts have emphasized that federal question jurisdiction requires well-reasoned, non-frivolous pleading. *Republic of Kazakhstan, v. Stati*, 380 F. Supp. 3d 55, 61-62 (D.D.C. 2019), a*ff'd sub nom. Republic of Kazakhstan, Ministry of Just. v. Stati*, 801 F. App'x 780 (D.C. Cir. 2020) (holding that "far-fetched theory of RICO liability lack[ed] legal support" and noting that RICO claims based on mail and wire fraud must be "particularly scrutinized").

**B. Descrybe, LLC and the VSB Defendants Anticipate Arguing Lack of Personal Jurisdiction and Improper Venue.**

As to Defendants the Virginia State Bar ("VSB") and Richard W. Johnson, Jr., Assistant Bar Counsel ("Johnson"), (collectively "VSB Defendants") and Descrybe, the Complaint identifies no basis to assert personal jurisdiction. The VSB Defendants have no alleged contacts with D.C. sufficient to invoke specific or general personal jurisdiction. The only contact alleged is that the VSB Defendants allegedly transmitted a notice of Plaintiff's law license suspension in Virginia to the D.C. Bar Association.

---

[2] Federal subject matter jurisdiction rests on federal question jurisdiction. Diversity jurisdiction is not alleged in the Complaint.

Descrybe is a Delaware LLC headquartered in Massachusetts with no offices, targeted advertising, contracts, or other purposeful contacts in the District of Columbia, so neither D.C.'s domicile-based general jurisdiction statute (D.C. Code § 13-422) nor its long-arm statute (D.C. Code § 13-423) is satisfied as to Descrybe. The Complaint also fails to establish the "minimum contacts" that federal due process requires, and so exercising jurisdiction also fails constitutionally for these defendants. *GTE New Media Servs. Inc. v. BellSouth Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000).

Further, venue is improper. Neither Descrybe nor the VSB Defendants reside or have offices in D.C., and the Complaint does not allege that any substantial part of the events giving rise to the claim occurred in D.C. Further, neither Descrybe nor the VSB Defendants have been served or found in D.C., have an agent there, or transact business there. *See Nader v. Sec'y of the Air Force*, 648 F. Supp. 3d 64, 68 (D.D.C. 2022) (where "[t]he complaint simply states that venue is proper . . . without any additional supporting factual allegations," a "bare assertion is insufficient to . . . establish that venue is proper").

**C. The VSB Defendants Anticipate Arguing Immunity**

As an agency of the Commonwealth of Virginia, the VSB and their agent, Johnson, who was at all times acting in his official capacity, are immune from suit in the federal district courts on the basis of sovereign immunity, as codified in the Eleventh Amendment. Furthermore, Defendant Johnson has immunity based on the doctrine of prosecutorial immunity. Thus the Complaint should be dismissed pursuant to Rule 12(b)(1).

**II. Defendants Anticipate Arguing That the Complaint Fails to Comply With Rule 8 of the Federal Rules of Civil Procedure.**

Multiple Defendants anticipate arguing that Plaintiff's Complaint violates Rule 8 because it is excessively long, rambling, and disjointed and impermissibly lumps all Defendants

collectively together without distinguishing each Defendant's actions. *See Whaleco Inc. v. Shein Tech. LLC*, 2025 U.S. Dist. LEXIS 193394, *19 (D.D.C. 2025) (plaintiff flouts Rule 8 "by lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct");*Cai v. United States*, No. CV 23-2235 (LLA), 2025 WL 2758985, at *1 (D.D.C. Sept. 26, 2025) (citation modified) (explaining "[a] complaint that is 'excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material,' or one that 'contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments,' fails to meet Rule 8's pleading standards[]").

## III. Defendants Anticipate Arguing That the Complaint Fails Rule 9(b)'s Pleading Standard.

Defendants anticipate arguing that Plaintiff has failed to plead with particularity, as required for his claims sounding in fraud under Rule 9(b). For example, Plaintiff asserts, among other things, that wire fraud and mail fraud were predicate acts for the application of RICO. *See* Compl. ¶¶ 523–524; *see also* Compl. at 4 (claiming the alleged "criminal enterprise" had committed "innumerable predicate acts."). Plaintiff was therefore required to allege "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Instead, Plaintiff has provided no facts, but only conclusory allegations.

## IV. Defendants Anticipate Arguing That Plaintiff Failed to State a Claim Upon Which Relief Could be Granted Pursuant to Rule 12(b)(6).

Plaintiff's Complaint alleges five Counts including, (i) violation of the Racketeer Influenced and Corrupt Organizations Act, (18 U.S.C. §§ 1962 (a), (b) & (c)), (ii) conspiracy to violate RICO (18 U.S.C. § 1962(d)), (iii) conspiracy to violate the D.C. Antitrust Act (D.C. Code

§§ 28-4502 & 4503), (iv) conspiracy to interfere with civil rights (42 U.S.C. § 1985), and (v) violation of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) by Defendant Storij, Inc.

**A. Count One: Racketeer Influenced and Corrupt Organizations Act and Count Two: Conspiracy to Violate the Racketeer Influenced and Corrupt Organizations Act Against All Defendants.**

Defendants anticipate arguing that Count One and Count Two of Plaintiff's Complaint are barred by RICO's four-year statute of limitations. *Youkelsone v. FDIC,* 910 F. Supp. 2d 213, 226 (D.D.C. 2012). For example, Plaintiff filed his initial complaint in April 2015 against the Perkins/Seyfarth Defendants, alleging a global conspiracy virtually identical to the conspiracy later described in the Eastern District of Virginia case and the present matter. *See* Compl. ¶¶ 251, 264-280. Additionally, the Complaint alleges that Plaintiff knew in June 2021 of the purported "AECOM Fraud," the RICO predicate act allegedly perpetrated by the Lane Defendants. *See* Compl. ¶¶ 337-419. Because these actions took place more than four years ago, any allegations related thereto are time-barred.

Plaintiff's RICO claim should also be dismissed because he fails to plead a cognizable enterprise distinct from its members, fails to plead Defendants were each part of an enterprise, fails to plead with the requisite particularity predicate acts, let alone the requisite two predicate acts for each Defendant, or a pattern of racketeering activity, and fails to allege facts showing that Plaintiff's damages were proximately caused by any alleged predicate acts. *Cent. Am. Bank for Econ. Integration v. Mossi*, 2025 U.S. Dist. LEXIS 189018, *36 (D.D.C. Sept. 25, 2025); *Ambellu v. Re'ese Adbarat Debre Selam Kidist Mariam*, 406 F. Supp. 3d 72, 77-8 (D.D.C. 2019); *E. Sav. Bank, FSB v. Papageorge*, 31 F. Supp. 3d 1, 12 (D.D.C. 2014).

Since Plaintiff failed to plead a RICO violation under 18 U.SC. §§ 1962(a)-(c), his RICO conspiracy claim under Section 1962(d) must also fail because there was no violation in which any

Defendant could have conspired. *E. Sav. Bank, FSB*, 31 F. Supp. 3d at 16. Further, Defendants anticipate arguing that Plaintiff failed to plausibly allege that Defendants knew of a RICO conspiracy, agreed to join or, further a RICO conspiracy, or participated in any kind of illegal agreement. *Cheeks v. Fort Myer Constr. Corp.*, 216 F. Supp. 3d 146, 163 (D.D.C. 2016).

**B. Count Three: D.C. Antitrust Act Against all Defendants.**

Defendants anticipate arguing that the D.C. Antitrust claims are time-barred under the applicable four-year statute of limitations. D.C. Code § 28-4511(b). By his own account, Antonacci claims to have suffered damage as a result of a conspiracy that was, according to Antonacci, directed at him long before he filed suit in the Northern District of Illinois in 2015. The Complaint here is replete with allegations of purported harm suffered many years ago. See, e.g., Compl. ¶¶ 109-117 (detailing harm purportedly suffered in 2012); ¶¶ 118-251 (detailing allegations between 2012 and 2015). Antonacci's D.C. antitrust claim is time-barred.

Defendants also anticipate arguing that Plaintiff's claim for conspiracy to violate the D.C. Antitrust Act should be dismissed because Plaintiff fails to plausibly allege any facts showing that Defendants' conduct unreasonably restrained trade, reflected a specific intent to monopolize, or affected an appreciable amount of intrastate commerce, or that Defendants entered into the necessary agreement to do so. Plaintiff alleges injury to his legal career, not an injury to competition or the market. The D.C. Antitrust Act, however, protects competition, not an individual from purported injuries to his legal career, so Plaintiff also lacks antitrust standing to bring a claim. *WAKA LLC v. DC Kickball*, 517 F. Supp. 2d 245, 249 (D.D.C. 2007); *Atl. Coast Airlines Holdings, Inc. v. Mesa Air Group, Inc.*, 295 F. Supp. 2d 75, 88 (D.D.C. 2003).

**C. Count Four: Conspiracy to Interfere with Civil Rights as to all Defendants.**

Defendants anticipate arguing that Plaintiff's claim for conspiracy to interfere with civil rights must fail because that claim does not – as it must – identify an agreement between any of

the Defendants to investigate Plaintiff and seek the suspension of his Virginia Bar license, or plausibly allege that the Defendants were motivated by "class-based, invidiously discriminatory animus" to enter into any such agreement. *Jones v. Ogletree, Deakins, Nash, Smoak & Stewart P.C.*, 2025 U.S. Dist. LEXIS 59302, *17-18 (D.D.C. Mar. 30, 2025). Further, Defendant Holland & Knight, joined by Defendant Bean LLC, expects to argue that Plaintiff's conspiracy to interfere with civil rights claim is barred by the three-year statute of limitations.

### D. Count Five: Violation of Computer Fraud and Abuse Act (18 U.S.C. § 1030) as to Defendant Storij, Inc.

Defendant Storij Inc. anticipates arguing that Plaintiff fails to allege any violation of the Computer Fraud and Abuse Act ("CFAA"). Plaintiff fails to plausibly allege that Storij, Inc. accessed his computer systems or cell phone at all, let alone without or in excess of authorization. *See* 18 U.S.C. § 1030, *et seq*. Plaintiff also does not allege facts satisfying the CFAA's $5,000 damage threshold. *Lewis-Burke Assocs. LLC v. Widder*, 725 F. Supp. 2d 187, 192 (D.D.C. 2010). Finally, Storij, Inc. anticipates arguing that Plaintiff's CFAA claim is time-barred under the applicable two-year statute of limitations. 18 U.S.C. § 1030(g).

## V. The Perkins/Seyfarth Defendants, Bean LLC, Rahm Emanuel, and ROKK Solutions, LLC Anticipate Arguing That Plaintiff's Claims Are Barred by Applicable Preclusion Principles.

Multiple Defendants anticipate arguing that the doctrine of claim preclusion bars Plaintiff's claims against the Perkins/Seyfarth Defendants, Bean LLC, Rahm Emanuel, and ROKK Solutions, LLC ("ROKK") because such claims (1) involve the same claims or cause of action, (2) are between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction. *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009). Here, each prong is satisfied, given dismissals of Antonacci's original claims—materially the same as those alleged here—against those

Defendants or their privies in Illinois state court and federal courts in the Seventh and Fourth Circuits. ROKK likewise expects to argue that applicable preclusion principles bar Plaintiff from relitigating substantially the same allegations against ROKK that were previously rejected by the Eastern District of Virginia and affirmed by the Fourth Circuit.

**VI. The Perkins/Seyfarth Defendants Anticipate Asserting Litigation Privilege.**

The Perkins/Seyfarth Defendants further anticipate arguing that D.C. law bars any allegation based on defamation. Plaintiff alleges, in conclusory fashion, that Defendants have joined forces with many others to defame Antonacci. Compl. ¶¶ 4, 336, 339. To the extent that this conspiracy is premised on purported defamation, any "defamatory" statements made by Perkins and Seyfarth—or their attorneys—are absolutely privileged under D.C.'s litigation privilege rules because they were made in the course of a judicial proceeding and were related to the underlying proceeding. *See Marsh v. Hollander*, 339 F. Supp. 2d 1, 8 (D.D.C. 2004); *Arneja v. Gildar*, 541 A.2d 621, 623 (D.C. 1988). The application of D.C.'s litigation privilege results in immunity from suit against the Perkins/Seyfarth Defendants.

**VII. Insufficient Service of Process Pursuant to Rule 12(b)(5).**

Defendant Storij, Inc. anticipates arguing that Plaintiff has not effectuated proper service on it pursuant to Rule 4(m). Storij, Inc. withdrew its D.C. registration in 2021, expressly revoking CT Corporation's authority to accept service. CT Corporation confirmed it could not forward documents. Service on a former registered agent is ineffective, and outdated government website information cannot unilaterally confer authority.

## CONCLUSION

For the foregoing reasons, Defendants request that this Court authorize them to file their anticipated motion to dismiss.

Respectfully submitted,

*/s/ Justin M. Flint*
Justin M. Flint (#491782)
ECCLESTON & WOLF, P.C.
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
Tel: (202) 857-1696
Fax: (202) 857-0762
flint@ewdc.com
*Counsel for Defendants Parrish Law Firm, PLLC and 9208 Lee Avenue, LLC*

*/s/ Jason R. Waters*
Jason R. Waters, Esq. (D.C. Bar No.: 491066)
Lauren Gilman, Esq. (D.C. Bar No.:90008050)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com
Lauren.Gilman@wilsonelser.com
*Counsel for Storij Inc., d/b/a The So Company*

*/s/ Edward N. Siskel*
Jonathan Su (DC Bar No. 478171)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
(202) 637-2200
jonathan.su@lw.com

Edward N. Siskel (pro hac vice)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
(312) 876-7700
ed.siskel@lw.com
*Attorneys for Defendant Rahm I. Emanuel*

*/s/ Jason A. Ross*
Jason A. Ross (D.C. Bar 1047909)
Jeanne Louise Heiser (D.C. Bar 219176)
JACKSON LEWIS P.C.
11790 Sunrise Valley Drive, Suite 400
Reston, Virginia 20191
(703) 483-8300 – Telephone
(703) 483-8301 – Facsimile
Jason.Ross@jacksonlewis.com
JeanneLouise.Heiser@jacksonlewis.com
*Counsel for Holland & Knight, LLP*

*/s/ Paul-Kalvin Collins*
Paul-Kalvin Collins (DC Bar# 1741865)
Bailey & Glasser, LLP
1055 Thomas Jefferson, Suite 510
Washington, DC 20007
Phone: (202) 463-2101
Fax: (202) 463-2103
pcollins@baileyglasser.com
*Attorney for Defendant ROKK*

*/s/ Joshua A. Levy*
Joshua A. Levy
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Ste. 605
Washington, D.C. 20006
Tel: 202-845-3215
Jal@levyfirestone.com
*Attorney for Defendant Bean LLC*

*/s/ Christopher W. Mahoney*
Christopher W. Mahoney, Esquire
BARCLAY DAMON LLP
1742 N Street, NW
Washington, DC 20036

*/s/ David Vogel*
David A. Vogel (DDC # 442289)
COOLEY LLP
One Freedom Sq. | Reston Town Center
11951 Freedom Dr.

(202) 689-1900
cmahoney@barclaydamon.com
*Counsel for Defendants*
*The Lane Construction Corporation and*
*Seth Firmender*

Reston, VA 20190-5656
dvogel@cooley.com
*Attorney for Defendant Descrybe LLC*

/s/ *Ethan P. Fallon*
Ethan P. Fallon* (Bar No. 1029705)
Deputy Solicitor General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-9527
Facsimile: (804) 786-0991
Email: efallon@oag.state.va.us
**Counsel of Record for Defendants,*
*The Virginia State Bar and*
*Richard W. Johnson, Jr.,*
*Assistant Bar Counsel for*
*the Virginia State Bar, by*
*special appearance*

*/s/ Barak Cohen*
Barak Cohen, Bar No. 485945
Barak.Cohen@ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
700 13th Street, NW, Suite 800
Washington, D.C. 20005-3960
Telephone: 202-654-6200
Facsimile: 202-654-9000

Thomas J. Tobin, Bar No. 1049101
Tommy.Tobin@ashurstperkins.com
**ASHURST PERKINS COIE US LLP**
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: 206-359-8000
Facsimile: 206-359-9000

*Attorneys for Anita Ponder, Matthew Gehringer, Perkins Coie LLP, and Seyfarth Shaw LLP*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of September, 2026, I electronically served the foregoing Joint Pre-Motion Notice to File a Motion to Dismiss via the PACER ECF/electronic filing system on all counsel of record.

*/s/Justin M. Flint*
Justin M. Flint (#491782)