**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUIS B. ANTONACCI,**<br><br>Plaintiff<br><br>**v.**<br><br>**RAHM ISRAEL EMANUEL et. al.**<br><br>Defendants. | **Case No. 1:26-cv-00211-ACR** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' PRE-MOTION NOTICE TO FILE A MOTION TO DISMISS**

Plaintiff Louis B. Antonacci ("Antonacci"), pursuant to the procedures imposed by the District Judge to whom this case was reassigned, hereby files this Response in Opposition to Defendants' Pre-Motion Notice to File a Motion to Dismiss (dkt. 115) the Complaint that Antonacci filed eight months ago (dkt. 1), and states as follows:

The Defendants' Notice makes the case for Antonacci's Motion for Reconsideration (dkt. 111): The Defendants already made those same arguments, which this Court denied in its Minute Order of July 29, 2026, and which Antonacci addressed in his consolidated responses. (Dkt. 68, 69, 70.) Antonacci has already done this work for the Court. And he did it in two weeks, while he was litigating in three other courts seeking to identify the woman who tried to kill him at the behest of this Zionist criminal enterprise (dkt. 112); and trying to hold Defendant Descrybe, LLC accountable for its defamatory publication projecting Defendants Rahm Israel Emanuel and Anita J. Ponder's feckless incompetence, and their shameless willingness to use public funds as their personal piggy bank, onto Antonacci. (Dkt. 1/112 ¶¶483-507.)

Antonacci is not going to spend more time dismantling the Defendants' bevy of strawman arguments yet again. He simply refers this Court to the oppositions he already filed, which aptly demonstrate why these Defendants are wrong on all counts. (Dkt. 68, 69, 70.) What Antonacci will do here is offer some broader perspective.

Over the past fifteen years, numerous state and federal courts have discredited themselves protecting the murderous criminal enterprise described in Antonacci's complaint. In so doing, as Antonacci has repeatedly predicted and warned against, the perceived credibility of the American judiciary has gone down the toilet. (Dkt. 68-7.) And now American judges complain they are coming under threat. *See* Beckford, Jalen, *Federal judges say they're facing intensified threats since start of Trump's second term, Politico* (Sept. 7, 2026), https://www.politico.com/news/2026/09/02/federal-judges-threats-trump-second-term-01062696. But that should not come as a surprise. Our Courts are a law-abiding citizens' only recourse against criminals. When law-abiding citizens are denied meaningful access to the courts, they are left with no lawful recourse. That is the whirlwind you reap from the injustice you sow. And it is nothing more than accountability born out of necessity.

And while Politico, which is arm of the Zionist propaganda complex formerly funded by the defunct USAID, disingenuously tries to lay the blame on Trump with its biased headline, such correlation does not withstand scrutiny. First, the Gallup study Antonacci cited in his Oppositions and his Motion for Judicial Notice shows that the catastrophic drop in Americans' confidence in our judiciary pre-dates Trump's second term, and indeed saw the steepest decline during the Biden Administration. (Dkt. 69-7.) Second, Trump's approval rating is polling around the same as the American judiciary, so Americans are as displeased with his second administration as they are with these courts. This is not a Trump problem; it is a justice problem.

Arlington County Circuit Court has provided an excellent recent example of a court ignoring established legal principles to protect this murderous criminal enterprise from accountability. On September 4, 2026, proposed Defendant LevineCarita's (dkt. 112) Motion to Quash the Subpoena Duces Tecum, that Antonacci served on National General Insurance Company, was heard before Arlington Circuit Court Judge Louise DiMatteo. While Judge DiMatteo conceded that Antonacci's subpoena plainly sought documents relevant to the incident on June 18, 2024, she nonetheless ignored decades of Virginia caselaw and legal ethics opinions to rule that, despite National General not being a party to Antonacci's state court case, and the fact that LevineCarita does not represent National General in any legal capacity, National General's communication with LevineCarita's lawyer, Jeremy Tishler, could be properly withheld as attorney work product prepared in anticipation of litigation. That ruling is wrong in every material way.

But that is not even the most troubling part. At the end of the hearing, Judge DiMatteo tried to quickly rule that Tishler would produce National General's responsive documents directly to her chambers, and further that Tishler would generate National General's privilege log. Antonacci promptly objected that was improper because 1) under Virginia procedure, National General, who never lodged any objection before the August 28, 2026 return date of the subpoena it was served on August 11, 2026, is required to produce documents directly to the clerk's office, which is to file the documents as part of the case record; 2) **neither Tishler nor LevineCarita has an attorney-client relationship with National General, who is not even a party to Antonacci's state court case, yet they are going receive the documents that Antonacci subpoenaed before he does, when they will be able to filter out any documents they do not want Antonacci or the Court to see**; and 3) Tishler, who is an insurance defense lawyer that lies every day of his life, is

responsible for creating the privilege log on behalf of an entity who is neither his client nor a party to the case. **(Exhibit 1.)** Judge DiMatteo's response to Antonacci's objections was to state repeatedly "I have made my ruling."

And to be clear, during the hearing of September 4, 2026, Antonacci explained in no uncertain terms that Tishler is clearly trying to protect Sonia Vides from accountability because she tried to kill Antonacci on June 18, 2024. He explained how he saw the driver of the vehicle, that there is a corroborating witness, how he has eliminated the other defendants as possible drivers, how incredibly unlikely it is that Sonia Vides actually relocated to Guatemala and that Tishler has yet to produce any evidence even suggesting that she did. (Dkt. 112-1 ¶¶511-50.) So when Judge DiMatteo made her baseless ruling allowing Tishler to obtain and filter out the documents Antonacci subpoenaed, before Antonacci is even able to see them, she was a Circuit Court judge knowingly flipping the established legal order on its head to protect a would-be murderer. When judges knowingly and willfully protect violent criminals to the detriment of their victims, what lawful recourse do Americans have?

And it is not just the judiciary. The only reason Antonacci has had to jump through all these legal hoops these past two years is because the Arlington County Police Department failed to investigate the matter when Antonacci reported it. (Dkt. 112-1 ¶517.) And Arlington's Commonwealth Attorney similarly told Antonacci to go pound sand when he raised the matter with them. (*Id*.)

And that's not all. In other coincidental and unrelated legal developments of the past two weeks, on Friday, August 28, 2026, Antonacci served the instant Defendants, in accordance with Local Rule 7(m), with his draft motion to amend the complaint. (Dkt. 112). On Monday, August 31, 2026, the Wisconsin State Bar notified Antonacci it intends to serve him with a complaint

seeking to impose reciprocal discipline for the Virginia State Bar's legal and political disgrace of last year. The District's Bar Counsel, Hamilton Fox, who is known for retaliating against whistleblowers for the benefit of the crooked lawyers they expose, had notified the Wisconsin State Bar of DC's reciprocal discipline on February 28, 2026.

Also on that eventful Monday, August 31, 2026, the Fourth Circuit removed the hearing on Antonacci's reciprocal discipline before that Court, previously calendared for its October 27-30, 2026 term, and continued it to December. Antonacci invites readers to review the record on appeal in that case, most notably the esteemed Richard Johnson's brief showing off his sixth-grade reading level and failure to even mention Virginia Rule of Professional Conduct 1.6(b)(2), which provides the exception for client confidentiality in lawsuits by the attorney against the client. *In re Louis Bernardo Antonacci*, Docket No. 25-9526, USCA4, docketed March 27, 2026 (ECF 10.)

And speaking of Little Johnson, let us not forget that the Richmond City Sheriff clearly collaborated with the Virginia State Bar to help Johnson evade service of process. (Dkt. 37.) Antonacci filed his motion to serve Johnson by U.S. Marshal on March 15, 2026. *Id*. That was six months ago.

Antonacci understands that this matter was recently reassigned to this district judge (dkt. 109), but as he pointed out in his motion for reconsideration (dkt. 111), there is simply no need for a duplicative round of briefing here. That is plainly demonstrated by the Defendants' Notice, which simply summarizes and regurgitates the arguments these Defendants have already made in the motions this Court has already denied. (Dkt. 115.) And this chamber's novel requirement that all defendants file a pre-motion notice, before filing the motions to dismiss required under Rule 12, prejudices and disempowers all plaintiffs whose cases are assigned to this district judge. (Dkt. 110 §7(f).) It delays all litigation brought before you by months at least, thereby taking leverage away

from the plaintiffs this Court was constitutionally designed to serve. This Notice requirement finds no basis under the federal rules and Antonacci objects to this requirement as imposing a prejudicial delay that denies plaintiffs due process of law as established by the Federal Rules of Civil Procedure.

Antonacci also objects to this requirement as applied to him because it imposes a duplicative round of briefing with no probative value whatsoever, while unfairly prejudicing the plaintiff with more needless delay that serves only the Defendants' childlike interests in avoiding accountability for their actions. The Defendants have left no room to debate that point in their Notice (dkt. 115) because this Court can see that the Defendants have separately addressed each and every one of those arguments in their motions this Court already denied in its Minute Order of July 29, 2026. (Dkt. 22, 28, 38, 41, 44, 46, 49, 51.) Moreover, Antonacci already addressed each of those arguments in his consolidated responses in opposition thereto. (Dkt. 68, 69, 70.) And as Antonacci maintained in his Motion for Reconsideration, these Defendants have no right now to raise new arguments they failed to raise in their initial motions to dismiss regardless. (Dkt. 111.)

Finally, as Antonacci stated in his Second Motion for Reconsideration (dkt. 113), he further objects to this Court's Minute Order setting a private hearing when it will rule on the other pending motions. Antonacci requests all hearings in this matter be accessible to the public, and he does not consent to mediation or any settlement conference before a judge. No defendant has shown any overriding interest that would be prejudiced by public access to hearings in this matter. Moreover, with his own sweat and blood, Antonacci has earned the right to publicly confront these cowardly parasites.

**WHEREFORE**, for the reasons stated herein, Plaintiff Louis B. Antonacci hereby requests this Court **RECONSIDER AND VACATE** its Minute Orders of July 29 and 31, 2026, and enter

orders **DENYING WITH PREJUDICE** Defendants' Motions to Dismiss (dkt 22, 28, 38, 40, 41, 44, 46, 49, 51), Motions for Sanctions (73, 82), and Motion to Set Aside Default (dkt. 93), and **GRANTING** Plaintiff's Motions for Reconsideration (dkt. 33, 35, 111, 113), Motion for Leave to Serve Requests for Admission (dkt. 34), Motion for Service by U.S. Marshals (dkt. 37), Motions to Take Judicial Notice and Amend/Correct (dkt. 68, 72, 98, 105), Motion to Compel Fusion GPS to Answer Interrogatories (dkt. 96), Motion to Impose Sanctions on Fusion GPS counsel Josh Levy (dkt. 102), and Motion to Amend the Complaint to Add New Parties. (Dkt. 112.)

**Dated: September 8, 2026**

Respectfully submitted

/s/ Louis Antonacci

LOUIS B. ANTONACCI
**ANTONACCI PLLC**
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed this Motion with the Court's CM/ECF system, which caused it to be served on all counsel of record.

**Dated: September 8, 2026**

Respectfully submitted

/s/ Louis Antonacci

LOUIS B. ANTONACCI
**ANTONACCI PLLC**
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com