**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| Louis B. Antonacci<br><br>Plaintiff,<br><br>v.<br><br>Rahm Israel Emanuel, *et al*.<br><br>Defendants. | ) | Civil Action No. 1:26-cv-000211-ACR |

**THE LANE DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD DEFENDANTS**

The Lane Construction Corporation and Seth Firmender (the "Lane Defendants") hereby oppose Plaintiff's Motion to Amend Complaint and Add Defendants because Plaintiff's proposed amendments would not withstand a motion to dismiss.

'"[W]hile leave to amend a complaint should be freely granted when justice so requires' under Rule 15(a)(2), 'the Court may deny a motion to amend if such amendment would be futile,' which includes when it 'could not withstand a motion to dismiss.'" *Nabaya v. Lauck*, 2024 U.S. Dist. LEXIS 29127, *2 (D.D.C. Feb. 16, 2024) (quoting *DeSousa v. Dep't of State*, 840 F. Supp. 2d 92, 113 (D.D.C. 2012)). *See, In re InterBank Funding Corp. Sec. Litig*., 629 F.3d 213, 218 (D.C. Cir. 2010) ("a district court may properly deny a motion to amend if the amended pleading would not survive a motion to dismiss"); *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile … if the proposed claims would not survive a motion to dismiss.") (citations omitted). *Accord, Rivas v. United Am. Sec., LLC*, 2024 U.S. Dist. LEXIS 252829, *11-12 (D.D.C. Dec. 2, 2024); *N'Jai v. U.S. Dep't of Educ.*, 2022 U.S. Dist. LEXIS 55613, *8 (D.D.C. Mar. 28, 2022); *Klayman v. Judicial Watch, Inc.*,

247 F.R.D. 10, 13 (D.D.C. 2007). *See also Azamar v. Stern*, 275 F.R.D. 1, 8 n.8 (D.D.C. 2011) ("liberality of leave to amend under Rule 15 does not mean a party can do so if the amendment is futile").

Plaintiff's proposed amendments to his Complaint add parties – including individuals, insurance companies and another law firm – and allegations regarding his alleged attempted murder "by a hit – and – driver" [sic] after he was "likely surveilled while cycling by the Defendants …." ECF Doc. 112-2 at 6; 10-11, ¶¶ 18-23; 89-94, ¶¶ 525-552. The Complaint alleges in Count I that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1962(a)-(c), by "knowingly, and with specific intent, participat[ing] in a scheme or artifice designed to defraud Mr. Antonacci." *Id* at 96, ¶ 561a. The proposed amendments to Count I allege that the new parties allegedly involved in his attempted murder acted in different ways "[i]n furthermore of this scheme." *Id*. at 99-100, ¶¶561r-561w; 103, ¶ 564a.vi; 104-105; ¶¶ 565f, 566a-566e.

The Complaint alleges in Count II that Defendants were part of an "enterprise" and conspired to violate RICO in violation of 18 U.S.C. § 1962(d). *Id*. at 106-107, ¶¶ 578-582. The proposed amendments to Count II allege that each new party conspired on behalf of himself or herself, the other new parties and "this enterprise." *Id*. at 117, ¶¶ 625-629.

The Complaint alleges in Count III that Defendants conspired to violate the D.C. Antitrust Act, D.C. Code §§ 28-4502 & 4503. *Id*. at 118, ¶¶ 635-637. The proposed amendments to Count III allege that Defendants conspired with some of the new parties and Plaintiff's former personal injury attorney in order to attempt to murder Plaintiff or deny him renumeration for his medical expenses, and to conceal the whereabouts of the alleged hit-and-run driver, *id*. at 125, ¶¶ 664-665, that Plaintiff's former personal injury attorney conspired on behalf of himself and

some of the new parties "and this enterprise," and that each new party conspired on behalf of other new parties, Plaintiff's former personal injury attorney "and this enterprise" to "willfully injure Antonacci in his reputation, business, and profession." *Id*. at 127-128, ¶¶ 692-698.

Like the allegations in his initial Complaint, Plaintiff's proposed amendments, in addition to failing to state a plausible claim, are "wholly insubstantial and frivolous" and, thus, would be subject to dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction. *Carmichael v. Pompeo*, 486 F. Supp. 3d 360, 367 (D.D.C. 2020) (quoting *Arbaugh v. Y&H Comp*., 546 U.S. 500, 513 n. 10 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 682-83 (1946)). *Accord*, *Agudas Chasidei Chabad v. Russian Fed'n*, 528 F.3d 934, 940 (D.C. Cir. 2008); *Son Ly v. Solin, Inc.*, 910 F. Supp. 2d 22, 25-26 (D.D.C. 2012); *Alec L. v. Jackson*, 863 F. Supp. 2d 11, 14 (D.D.C. 2012); *Anderson v. Wiggins*, 460 F. Supp. 2d 1, 7 (D.D.C. 2006). *See Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it 'is "patently insubstantial," presenting no federal question suitable for decision.'") (quoting *Best v. Kelly*, 39 F.3d 328, 330 (D.C. Cir. 1994)); *Page v. Raimondo*, 2024 U.S. Dist. LEXIS 129362, *6 (D.D.C. July 23, 2024) ("[A] court must dismiss a complaint for lack of jurisdiction . . . where the plaintiff's claims are 'wholly insubstantial and frivolous.'") (quoting *Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (quoting *Bell*, 327 U.S. at 682-83)); *Marino v. CIA*, 2012 U.S. Dist. LEXIS 139661, *4 (D.D.C. Sept. 28, 2012) ("[F]ederal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit,' . . . 'wholly insubstantial,' . . . 'plainly unsubstantial,' . . . or 'no longer open to discussion . . . .'") (citations omitted).

Plaintiff's proposed amendments allege no plausible facts showing any connection between the Lane Defendants or the other Defendants and the new parties, or to the new parties'

actions allegedly undertaken as an "enterprise" to injure Plaintiff. Judge Michael Nachmanoff's prior conclusion in previously dismissing as "wholly insubstantial" Plaintiff's similar Complaint filed in the Eastern District of Virginia is applicable here.

> Although Antonacci has added new defendants and allegations, the alleged conspiracy – and the fundamental implausibility of it – has not changed …. Antonacci's previous, and now renewed, allegations are "legally frivolous" because they are "so unsupported by any plausible detail as to be preposterous." … And the new allegations do not move the needle towards plausibility – if anything, they reinforce the implausibility of the alleged conspiracy. Antonacci continues to "fl[ing] wild accusations at a large," and seemingly never-ending, "number of people" who have no apparent connection other than their interactions, however tangential, to Antonacci.

*Antonacci v. Emanuel*, 2024 U.S. Dist. LEXIS 107279, *7 (E.D.Va. May 23, 2024) (quoting *Antonacci v. City of Chicago*, 640 Fed. App'x 553, 557 (7th Cir. 2016)).

Because Plaintiff's proposed amendments to his Complaint are wholly insubstantial and frivolous, they would not withstand a motion to dismiss and the Court, therefore, should deny Plaintiff's motion to amend because the amendment would be futile.

Dated: September 14, 2026

Respectfully submitted,

/s/ Christopher W. Mahoney

Christopher W. Mahoney, Esquire
Barclay Damon LLP
1742 N Street, NW
Washington, DC 20036
cmahoney@barclaydamon.com
*Counsel for Defendants The Lane Construction Corporation and Seth Firmender*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of September 2026, the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing upon all parties of record to this cause by electronic notification (NEF) to the CM/ECF participating attorneys.

/s/ Christopher W. Mahoney
Christopher W. Mahoney