**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUIS B. ANTONACCI,**<br>**Plaintiff,**<br><br>**v.**<br><br>**RAHM ISRAEL EMANUEL, ET AL.**<br>**Defendants.** | **Case No.: 1:26-CV-00211-ACR**<br><br>**Judge Ana C. Reyes** |

**DEFENDANT THE SO COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD DEFENDANTS**

Defendant Storij, Inc. d/b/a The So Company d/b/a Driggs Research International d/b/a STOR Technologies ("The So Company"), by and through counsel, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby opposes Plaintiff Louis B. Antonacci's Motion to Amend Complaint and Add Defendants, ECF 112, and respectfully requests that the Court deny the Motion in its entirety.

## INTRODUCTION

The Court should deny Plaintiff's Motion because the proposed amendments are futile and unduly prejudicial.

This is Plaintiff's attempt to maintain essentially the same legally frivolous claims across three different federal courts. In 2015, the Northern District of Illinois dismissed Plaintiff's original complaint *sua sponte*. The Seventh Circuit affirmed, expressly holding that the claims were "legally frivolous." *Antonacci v. City of Chicago*, 640 F. App'x 553, 557 (7th Cir. 2016), cert. denied, 580 U.S. 825 (2016). In 2024, the Eastern District of Virginia dismissed the refiled action for lack of subject matter jurisdiction, and the Fourth Circuit affirmed. *Antonacci v.*

*Emanuel*, 2024 U.S. Dist. LEXIS 107279 (E.D. Va. May 23, 2024), aff'd, 2025 U.S. App. LEXIS 8471 (4th Cir. Apr. 9, 2025), cert. denied, 145 S. Ct. 2755 (2025).

Now, Plaintiff seeks leave to amend his already-sprawling 672-paragraph, 121-page Complaint to add an even more fantastical allegations, including that The So Company orchestrated an attempted murder via drone surveillance. These allegations are not merely implausible; they are the kind of unsupported scenarios that cannot survive even the most generous reading under *Iqbal* and *Twombly*. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The proposed amendments do nothing to cure the fundamental deficiencies already identified by this Court's Co-Defendants and by two prior federal courts. Instead, they double down on the same legally insufficient theories, layer on new speculative allegations, and seek to drag six additional parties into this litigation, all in an apparent effort to overwhelm this Court and the Defendants with sheer volume. Leave to amend should be denied.

**BACKGROUND**

On August 31, 2026, Plaintiff filed his Motion to Amend Complaint and Add Defendants. *See* ECF 112. The proposed Amended Complaint balloons the already-excessive pleading to approximately 202 pages with over 670 paragraphs. It seeks to add six new defendants: Sonia E. Vides, Sergio R. Palma, Alicia Martinez-Guachi, National General Insurance Company, Allstate Insurance Company, and LevineCarita PLLC.

Most significantly, the proposed Amended Complaint adds new allegations of attempted murder. Specifically, Plaintiff alleges that on June 18, 2024, Sonia Vides attempted to kill him by stopping her car in a cross-walk while he was cycling, and that this attack was coordinated by the existing Defendants, including The So Company, through "drone surveillance" conducted by Richard Wheeler. *See* ECF 112 at 2. Plaintiff concedes his own speculation by using the words

"likely" and "believes" to connect The So Company to this alleged plot. *Id.*

The proposed amendments also incorporate allegations of witness tampering, perjury, forgery, and insurance fraud – none of which are connected to The So Company by any factual allegations. Critically, the proposed Amended Complaint does not add a single new factual allegation specific to The So Company's alleged Computer Fraud and Abuse Act ("CFAA") violation or other claimed wrongdoing. The five causes of action remain the same.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that a court "should freely give leave" to amend "when justice so requires." This liberal standard, however, is not absolute. Leave to amend may be denied for: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

An amendment is futile if it "would not survive a motion to dismiss." *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996). Under that standard, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### A. Leave to Amend Should be Denied Due to Futility

The proposed amendments are futile because they would not survive a motion to dismiss. The proposed Amended Complaint suffers from the same fatal deficiencies that plagued the original Complaint and that have been identified by two prior federal courts. The new allegations do not cure these defects; they merely pile on additional layers of speculation and conclusory

assertions.

*1. The RICO Claims Remain Legally Frivolous*

The Seventh Circuit has already determined that Plaintiff's RICO claims are "legally frivolous." *Antonacci v. City of Chicago*, 640 F. App'x 553, 557 (7th Cir. 2016). The Eastern District of Virginia reached the same conclusion, dismissing the claims as "wholly insubstantial." *Antonacci v. Emanuel*, 2024 U.S. Dist. LEXIS 107279, at *4–5 (E.D. Va. May 23, 2024). The proposed amendments do nothing to alter this analysis.

To state a substantive RICO claim under 18 U.S.C. § 1962(c), a plaintiff must allege: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity. *See Son Ly v. Solin, Inc.*, 910 F.Supp.2d 22, 26 (D.D.C. 2012). The proposed Amended Complaint still fails to plausibly allege any of these elements.

First, Plaintiff identifies no coherent RICO "enterprise." The proposed Amended Complaint lumps together a disparate group of individuals, corporations, law firms, and insurance companies with no plausible common purpose or organizational structure. An enterprise requires an "ongoing organization" with a "common purpose." The proposed amendments merely add more defendants to the mix without articulating any structure, hierarchy, or coordinated activity.

Second, Plaintiff fails to allege a "pattern of racketeering activity." The proposed Amended Complaint incorporates allegations spanning over a decade, but Plaintiff does not identify specific predicate acts by The So Company that constitute a "pattern" within the meaning of the statute. Conclusory assertions of mail fraud, wire fraud, and transportation in the aid of racketeering without specific factual allegations are insufficient. *See Twombly*, 550 U.S. at 555 ("factual allegations must be enough to raise a right to relief above the speculative level");

*see also* ECF 112-1 ¶¶ 267, 418, 561(h), 561(i), and 564(a)(i).

Plaintiff's wire-fraud allegations against The So Company fail Rule 9(b)'s heightened particularity requirement. The original Complaint alleges only that "So and Wheeler utilized interstate wires to knowingly, and with intent to defraud, accessed Antonacci's computer systems and mobile phone without authorization or exceeding authorized access, in violation of 18 U.S.C. § 1830." ECF 1 ¶ 523(h). Alternatively, it alleges that "So, Wheeler, Storij, and other Defendants utilized interstate wires to provide false, incomplete, and/or misleading information to U.S. government officials in order to obtain illegally a warrant allowing them to do so." *Id.* ¶ 523(i).

The proposed Amended Complaint adds no meaningful detail. It repeats the allegations that "So, Wheeler, and other So Company 'employees' regularly utilized U.S. mails and interstate wires to perpetuate the fraudulent scheme orchestrated by this enterprise," ECF 112-1 ¶ 267, and that the scheme continued "via emails and text messages, through May of 2022." *Id.* ¶ 418. These allegations are textbook conclusory recitations. They do not identify any (i) specific content of any wire communication; (ii) specific date of any fraudulent transmission; (iii) specific person who sent or received each communication; (iv) explanation of how any particular communication was false or misleading; or (v) thing obtained through the alleged fraud.

RICO claims premised on mail or wire fraud must be particularly scrutinized because of the relative ease with which a plaintiff may attempt to manufacture a RICO pattern from allegations that do not withstand scrutiny. *Ambellu v. Re'ese Adbarat Debre Selam Kidist Mariam*, 406 F. Supp. 3d 72, 77–78 (D.D.C. 2019); *DC2NY, Inc. v. Academy Bus, LLC*, 2019 U.S. Dist. LEXIS 134972, at *14 (D.D.C. Aug. 12, 2019). Rule 9(b) requires a party pleading fraud to state the time, place, and content of the false misrepresentations, the fact misrepresented,

and what was retained or given up as a consequence of the fraud. *Kowal v. MCI Communs. Corp.*, 16 F.3d 1271, 1278 (D.C. Cir. 1994). Nothing in proposed Amended Complaint cures these deficiencies. The proposed amendments therefore add no new specificity regarding wire fraud by The So Company.

Plaintiff's § 1952 theory is equally deficient. The original Complaint alleges only that "So and Wheeler traveled between New York, California, and Washington, DC numerous times in furtherance of this fraudulent scheme." ECF 1 ¶ 526(a)(i). The proposed Amended Complaint adds no specificity; it repeats that allegation verbatim at ECF 112-1 ¶ 564(a)(i).

Section 1952 requires proof that the defendant traveled in interstate commerce or used a facility of interstate commerce "with intent to . . . promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of any unlawful activity." 18 U.S.C. § 1952(a)(3). The Complaint identifies no specific trip, date, destination, or unlawful activity that any particular trip was intended to further. The allegation that principals of a company traveled between states is facially innocuous and entirely consistent with lawful business activity. Mere interstate travel is not a predicate act. Plaintiff has not alleged that Mr. So or Mr. Wheeler took any identified trip to promote, manage, establish, carry on, or facilitate any unlawful activity.

These failures are independently fatal to Plaintiff's RICO claims against The So Company. Wire fraud and transportation in aid of racketeering are the only predicate acts specifically attributed to The So Company. As such, Plaintiff has not adequately pleaded either one, he has not alleged at least two qualifying predicate acts and therefore cannot allege a "pattern of racketeering activity" as required by 18 U.S.C. § 1962.

Third, the RICO claims are time-barred. Civil RICO claims are subject to a four-year

statute of limitations. The conduct alleged against The So Company principally occurred between 2015 and 2022. The Complaint was not filed until January 23, 2026, and the proposed amendments do not add any new, timely predicate acts attributable to The So Company.

The RICO conspiracy claim under § 1962(d) fails for the additional reason that the substantive RICO claims fail. Where there is no viable substantive RICO violation, the conspiracy claim necessarily fails as well.

*2. The Attempted Murder Allegations Against The So Company Are Implausible and Conclusory*

The centerpiece of Plaintiff's proposed amendments is the allegation that The So Company coordinated an attempted murder via drone surveillance. This allegation defies plausibility. In his Motion, Plaintiff states that "some Defendants, *likely* Richard Wheeler on behalf of Storij, who is still with Army Intelligence, were monitoring Antonacci's route through drone surveillance, and coordinated the attack with Vides. Dkt. 112-1¶¶ 511-15." ECF 112 at 2 (emphasis added). The operative word is "likely." This is not a factual allegation; it is rank speculation.

Under *Iqbal*, a court begins its analysis by "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." 556 U.S. at 679. The allegation that The So Company orchestrated a murder attempt through unmanned drone surveillance is precisely the type of implausible and unsupported allegation that courts are not required to credit. No facts are alleged to support any connection between The So Company and Sonia Vides, any access to or use of unmanned drones, or any motive or plan to physically harm Plaintiff.

*3. The CFAA Claim Remains Deficient and Time-Barred*

Count V of the Complaint, asserting a CFAA claim exclusively against The So Company, suffers from multiple fatal deficiencies that the proposed amendments fail to cure. First, the CFAA claim is time-barred. The CFAA imposes a two-year statute of limitations. 18 U.S.C. § 1030(g). Plaintiff's allegations of unauthorized access relate to conduct occurring between approximately 2015 and 2022. The original Complaint was not filed until January 23, 2026, well outside the limitations period. The proposed Amended Complaint adds no new, timely allegations of unauthorized access by The So Company.

Second, Plaintiff fails to allege facts establishing the $5,000 aggregate damage threshold required for a civil CFAA action. 18 U.S.C. § 1030(c)(4)(A)(i)(I). Conclusory statements of harm do not satisfy this requirement. *See Lewis-Burke Assocs. LLC v. Widder*, 725 F. Supp. 2d 187, 192 (D.D.C. 2010).

Third, Plaintiff still fails to identify what computer systems were accessed, how they were accessed without authorization, or what information was obtained. These are threshold elements of any CFAA claim. The proposed amendments add no factual detail whatsoever to support this claim.

*4. The D.C. Antitrust and § 1985 Claims Remain Deficient*

The D.C. Antitrust claims (Count III) under D.C. Code §§ 28-4502, 4503, and 4508 continue to fail because the proposed Amended Complaint does not allege an unreasonable restraint of trade or any antitrust injury. *See District of Columbia v. Amazon.com, Inc.*, 320 A.3d 1073, 1080-81 (D.C. 2024). Plaintiff does not identify a relevant market, any anticompetitive conduct, or any injury to competition. The proposed amendments add no new factual allegations relevant to the antitrust claims.

The Conspiracy to Interfere with Civil Rights claim (Count IV) under 42 U.S.C. § 1985 requires, among other things, some “class-based, invidiously discriminatory animus.” *Jones v. Ogletree, Deakins, Nash, Smoak & Stewart P.C.*, No. 23-3488, 2025 U.S. Dist. LEXIS 59302, *17-18 (D.D.C. Mar. 30, 2025). The proposed Amended Complaint does not allege that The So Company acted with any class-based discriminatory animus. The § 1985 claim remains conclusory and fails to allege any agreement among Defendants to deprive Plaintiff of his civil rights.

**B. Leave to Amend Should Be Denied Due to Undue Prejudice to The So Company**

Granting Plaintiff’s Motion to Amend would cause undue prejudice to The So Company. First, the proposed Amended Complaint seeks to add six new defendants, with no apparent connection to The So Company, and dramatically expand the scope of this litigation. The proposed Amended Complaint balloons from 121 pages to 132 pages and from 672 paragraphs to 723 paragraphs of even more expansive allegations. This expansion would require the Court and all Parties to expend significant additional resources responding to allegations that are not only directed at other parties but are facially implausible.

Second, the attempted murder allegations are inherently prejudicial. Pure conjecture about a murder attempt through unmanned drone surveillance is a type of unsupported allegation designed to inflame and prejudice the Court and any future factfinder against The So Company. The prejudice from such inflammatory allegations far outweighs any probative value, particularly where, as here, the allegations are wholly unsupported by fact. Allowing such allegations would poison the well and fundamentally alter the character of this litigation.

Third, the proposed Amended Complaint continues to violate the basic pleading requirements of Federal Rule of Civil Procedure 8, which requires a “short and plain statement”

of the claim. The 132-page proposed pleading is “so verbose, confused, and redundant that its true substance, if any, is well disguised.” *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C. 1977). Defendants should not be subjected to the burden and expense of responding to a complaint that fails to provide fair notice of the claims asserted against them.

## CONCLUSION

For the foregoing reasons, Defendant Storij, Inc. d/b/a The So Company respectfully requests that the Court deny Plaintiff’s Motion to Amend Complaint and Add Defendants, ECF 112, in its entirety.

Dated: September 14, 2026

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

*/s/ Lauren Gilman*
Jason R. Waters, Esq. (D.C. Bar No.: 491066)
Lauren E. Gilman, Esq. (D.C. Bar No.: 90008050)
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com
Lauren.Gilman@wilsonelser.com
*Counsel for The So Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this September 14, 2026, I electronically filed the foregoing Opposition to Plaintiff's Motion to Amend Complaint with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Lauren Gilman*
Lauren E. Gilman, Esq. (D.C. Bar No.: 90008050)
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
8444 Westpark Drive - Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Lauren.Gilman@wilsonelser.com
*Counsel for The So Company*