**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUIS B. ANTONACCI,**<br><br>*Plaintiff*,<br><br>**v.**<br><br>**RAHM ISRAEL EMANUEL, *et al.*,**<br><br>*Defendants*. | **Civil Action No.: 1:26-CV-00211-ACR** |

**DEFENDANTS PARRISH LAW FIRM, PLLC AND 9208 LEE AVENUE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND ADD DEFENDANTS**

Defendants Parrish Law Firm, PLLC and 9208 Lee Avenue, LLC (hereinafter collectively referred to as the "Parrish Defendants"), by and through undersigned counsel, Justin M. Flint and ECCLESTON & WOLF, P.C., pursuant to LCvR 7(b), hereby file this Opposition to Plaintiff Louis B. Antonacci's ("Plaintiff") Motion to Amend Complaint and Add Defendants, and in support thereof respectfully state:

In an attempt to pile on to the frivolous and wholly insubstantial allegations raised in Plaintiff's initial complaint, Plaintiff filed the instant motion requesting this Court to add defendants that participated in an alleged attempted murder of the Plaintiff. Pursuant to the Federal Rules of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]he Supreme Court stated that leave should be 'freely given' absent 'any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment,

etc.'" *N. Am. Catholic Educ. Programming Found., Inc. v. Womble, Carlyle, Sandridge & Rice, PLLC*, 887 F. Supp. 2d 78, 83 (D.D.C. 2012). "Under some circumstances, motions to amend that are intended to . . . otherwise 'muddy the waters' of a court's resolution of the case may be denied as brought in bad faith." *Sherrod v. McHugh*, 249 F. Supp. 3d 85, 87 (D.D.C. 2017). "Courts are more likely to hold that motions to amend are brought in bad faith when the proposed amendments are . . . otherwise unlikely to succeed on their face." *Id.*

Here, this Court should deny granting leave to Plaintiff to amend his complaint because Plaintiff's requests are intended to muddy the waters of the court's resolution of the case and are made in bad faith. *See id.* Plaintiff alleged that he believes that an individual, Sonia E. Vides ("Ms. Vides"), was the driver of the vehicle that hit him on June 18, 2024. *See* ECF 112 at 1. Plaintiff asserted that Ms. Vides' husband, Defendant Sergio Palma and the insurance company, National General Insurance Company, are working on behalf of the alleged "criminal enterprise" to prevent Plaintiff from identifying and obtaining jurisdiction over Ms. Vides. *See id.*

The Parrish Defendants represented Plaintiff in the alleged hit-and-run case. *See* Compl. ¶ 506. To attempt connect the additional parties to the alleged "criminal enterprise," Plaintiff asserted false allegations that Defendant James Parrish's father worked for Allstate Insurance Company ("Allstate") as an in-house counsel, and the insurance company, National General Insurance Company, is a wholly owned subsidiary of Allstate. *See* ECF 112 at 2-3. As such, Plaintiff seeks to connect the requested amendments to the alleged attempted murder asserted in the original complaint. Further, Plaintiff asserted that the amendments make it "more clear" that the Parrish Defendants were aware of the attempted murder against Plaintiff. *See id.* at 5-6.

The allegations raised in Plaintiff's motion continue to pile on additional frivolous allegations against the defendants and "muddy the waters" in bad faith. Plaintiff continues to assert

frivolous and outlandish allegations against the Defendants, in an attempt to establish a fictious "criminal enterprise." The instant motion only further proves the arguments raised in the Defendants' Joint Pre-Motion Notice to File a Motion to Dismiss that Plaintiff's complaint should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. *See Page v. Raimondo*, 2024 U.S. Dist. LEXIS 129362, at *6 (D.D.C. July 23, 2024) (stating "a court must dismiss a complaint for lack of jurisdiction. . .where the plaintiff's claims are "wholly insubstantial and frivolous."). Plaintiff's amendments are merely untrue and are unlikely to succeed on its face.

Thus, the Parrish Defendants respectfully request this Court to refer to the Defendants' Joint Pre-Motion Notice to File a Motion to Dismiss as to why Plaintiff's original complaint should be dismissed. Plaintiff's allegations raised in the complaint and the instant motion to amend are merely frivolous. As such, for the foregoing reasons, the Parrish Defendants respectfully request that this Court deny Plaintiff's Motion to Amend Complaint and Add Defendants.

Respectfully submitted,

*/s/ Justin M. Flint*
Justin M. Flint (#491782)
ECCLESTON & WOLF, P.C.
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
Tel: (202) 857-1696
Fax: (202) 857-0762
flint@ewdc.com
*Counsel for Defendants*
*Parrish Law Firm, PLLC and*
*9208 Lee Avenue, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of September, 2026, I electronically served the foregoing Opposition to Plaintiff's Motion to Amend Complaint and Add Defendants via the PACER ECF/electronic filing system on all counsel of record.

*/s/Justin M. Flint*
Justin M. Flint (#491782)