**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **LOUIS B. ANTONACCI,**<br>Plaintiff<br>**v.**<br>**RAHM ISRAEL EMANUEL et. al.**<br>Defendants. | **Case No. 1:26-cv-00211-ACR** |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION TO AMEND COMPLAINT AND ADD DEFENDANTS**

Plaintiff Louis B. Antonacci ("Antonacci"), pursuant to Rules 15(a)(2) and 21, hereby files this Reply in Support of His Motion to Amend Complaint and Add Parties (dkt. 112), and states as follows:

Three groups of defendants filed oppositions to Antonacci's Motion for Leave to Amend Complaint and Add New Parties: Storij, Inc. d/b/a The So Company d/b/a STOR Technologies d/b/a Driggs Research International (dkt. 121), the Lane Defendants (dkt. 120), and the Parrish Defendants. (Dkt. 122.) Defendants Rahm Emanuel (dkt. 123), ROKK Solutions, LLC (dkt. 124), Descrybe, LLC (dkt. 125), and Holland & Knight LLP (dkt. 126) filed for joinder in those oppositions.

Tellingly, several defendants did not file any response at all: BEAN LLC d/b/a Fusion GPS, the Perkins Defendants, comprised of Perkins Coie LLP's former General Counsel, Matthew J. Gehringer, the esteemed Anita J. Ponder, Seyfarth Shaw LLP, and *pro se* litigant Asshurts Perkins Coie LLP f/k/a Perkins Coie LLP, and the VSB Defendants, comprised of *pro se* litigant the Virginia State Bar and its esteemed Assistant Bar Counsel Richard W. Johnson.

The oppositions do not merit serious discussion because Antonacci's proposed amendments are not futile and accountability is not prejudicial. The defendants again seek to flip the American legal order on its head by claiming that this Court must not only construe Antonacci's allegations in the light most favorable to them, but indeed this Court is somehow precluded from ruling that these defendants could ever do such things. Apparently this case already went to trial and the jury ruled in the defendants' favor because there is no malice in their tender hearts.

At bottom, the oppositions make the same sophisticated argument these defendants have made for ten years. And it can be summed up in three words: "Trust me, bro."

But these defendants should not be trusted by anyone. An OMB Director resigned earlier this year precisely because our intelligence community is repeatedly performing domestic attacks on Americans for political purposes. (Dkt. 112-1 ¶515.) So while these defendants normalize the most Orwellian future scenarios imaginable, apparently they have lawyers aplenty helping them evade accountability like Johnson is evading service of process.

And it is a little tone deaf, to say the least, that these defendants whine Antonacci's allegations could prejudice them. Antonacci was nearly killed on June 18, 2024 – one week after perfecting his appeal of Mike Nachmanoff's five pages of cowardly and nonsensical gibberish – and if his back were not so strong from all the strength training needed for long-course triathlon, then he would probably be paralyzed today. But we should pity these tiny men because they might be held accountable for their actions? Accountability is not prejudicial; it is quite literally justice.

Importantly, Antonacci will point out that the defendants nowhere even address the majority of inconvenient truths Antonacci added to the complaint, or that he further substantiated his allegations with hard evidence. They ignore Alicia Martinez's perjury, Sergio Palma's insurance fraud, Sonia Vides's mysterious and unsubstantiated emigration to Guatemala, and

Jeremy Tishler's forged affidavit presented to a judge. These factual allegations are inconvenient to the defendants because they tend to prove that they indeed tried to kill Antonacci to avoid the accountability they fear most, which has led to further consequences they now seek to avoid. And this all demonstrates another point of fact Antonacci alleges: These defendants are simply self-destructive and likely irredeemable.

Finally, and as Antonacci further discussed in his Response in Opposition to the Defendants' Pre-Motion Notice (dkt. 119), or whatever this Court wants to call it, he has yet to receive any of the very standard discovery he subpoenaed from proposed defendants National General Insurance Company and their underwriter Integon Preferred Insurance Company. But according to the defendants, they simply could not be implicated in this nefarious and comically transparent scheme because, again: "Trust me, bro."

**WHEREFORE**, for the reasons stated herein, Plaintiff Louis B. Antonacci hereby requests this Court **GRANT** this motion to **AMEND COMPLAINT** and **ADD DEFENDANTS SONIA E. VIDES, SERGIO R. PALMA, ALICIA MARTINEZ-GUACHI, NATIONAL GENERAL INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, and LEVINECARITA PLLC** to this action, as set forth in the Amended complaint. (Dkt. 112-1.)

**Dated: September 21, 2026** Respectfully submitted

/s/ Louis Antonacci

LOUIS B. ANTONACCI
**ANTONACCI PLLC**
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed this Reply with the Court's CM/ECF system, which caused it to be served on all counsel of record.

**Dated: September 21, 2026**

/s/ Louis Antonacci

LOUIS B. ANTONACCI
**ANTONACCI PLLC**
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com