No: ________

---

IN THE
UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**In the Matter of:**

**Louis B. Antonacci,**

**Plaintiff-Petitioner.**

---

From the United States District Court
for the District of Columbia,
*Louis B. Antonacci v. Rahm Israel Emanuel, et. al.*,
1:26-cv-00211 (filed January 23, 2026)

---

# PETITION FOR WRITS OF MANDAMUS AND PROHIBITION

---

Louis B. Antonacci
ANTONACCI PLLC
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com

UNITED STATES COURT OF APPEALS
FOR DISTRICT OF COLUMBIA CIRCUIT
OCT 09 2026
RECEIVED

# CERTIFICATE OF PARTIES

The Petitioner is Louis B. Antonacci.

The Respondents are

Rahm Israel Emanuel;

Perkins Coie LLP;

Matthew J. Gehringer;

Holland & Knight LLP;

The Lane Construction Corp.;

Seth T. Firmender;

Descrybe, LLC d/b/a Descrybe.ai;

ROKK Solutions LLC;

Anita J. Ponder;

Storij, Inc. d/b/a STOR Technologies d/b/a The So Company d/b/a Driggs Research International;

The Virginia State Bar;

Richard W. Johnson, Jr.;

BEAN LLC d/b/a Fusion GPS;

Parrish Law Firm, PLLC; 9208 Lee Avenue, LLC; and

Seyfarth Shaw LLP.

## TABLE OF CONTENTS

CONTENTS OF APPENDIX ........ i

TABLE OF AUTHORITIES ........ vi

THE RELIEF SOUGHT ........ 1

STATEMENT OF THE ISSUES ........ 3

STATEMENT OF FACTS ........ 7

REASONS WHY THE WRITS SHOULD ISSUE ........ 13

CONCLUSION ........ 22

## CONTENTS OF APPENDIX

MINUTE ORDER of District Judge AliKhan in
*Louis B. Antonacci v. Rahm I. Emanuel, et. al.*,
D.D.C. No. 1:26-cv-00211
GRANTING Plaintiff's Motion to Lift Stay.
ORDERING Defendants to file Motions to Dismiss
no later than March 16, 2026.
ORDERING Plaintiff to file Oppositions to Motions to
Dismiss no later than March 30, 2026.
ORDERING Defendants to file their Replies
in Support no later than April 6, 2026.
Entered February 23, 2026 ........ LBA0001

Clerk's Entry of DEFAULT as to
Defendant BEAN LLC d/b/a Fusion GPS in
*Louis B. Antonacci v. Rahm I. Emanuel, et. al.*,
D.D.C. No. 1:26-cv-00211
Entered March 23, 2026 ........ LBA0002

Plaintiff's First MOTION to Take Judicial Notice
of Adjudicative Facts and Documents (Exhibits Omitted)
Filed March 30, 2026 .................................................... LBA0003

Plaintiff's Memorandum in Opposition to Certain Defendants' Motions to Dismiss the Complaint pursuant to Rules 12(b)(1), 12(b)(5), and 12(b)(6)
Filed March 30, 2026 .................................................... LBA0009

Plaintiff's Memorandum in Opposition to Certain Defendants' Motions to Dismiss the Complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(3)
Filed March 30, 2026 .................................................... LBA0055

Plaintiff's First MOTION to Expedite Proceedings
Filed July 28, 2026 .................................................... LBA0065

ORDER of District Judge Rudolph Contreras,
Chair, Calendar and Case Management Committee in
*Louis B. Antonacci v. Rahm I. Emanuel, et. al.*,
D.D.C. No. 1:26-cv-00211
Reassigning case from District Judge Loren L. AliKhan
to District Judge Ana C. Reyes
Entered July 29, 2026 .................................................... LBA0068

STANDING ORDER of District Judge Reyes (revised May 11, 2026) in
*Louis B. Antonacci v. Rahm I. Emanuel, et. al.*,
D.D.C. No. 1:26-cv-00211
Entered July 29, 2026 .................................................... LBA0069

MINUTE ORDER of District Judge Reyes in
*Louis B. Antonacci v. Rahm I. Emanuel, et. al.*,
D.D.C. No. 1:26-cv-00211
DENYING WITHOUT PREJUDICE
Defendants' Motions to Dismiss the Complaint.
ORDERING the parties to comply with its pre-motion conference
process set forth in Section 7(f) of Judge Reyes's

Standing Order.
ORDERING all Defendants that wish to file a motion to dismiss to jointly file one notice of their forthcoming joint motion to dismiss.
ORDERING Defendants to file any such joint pre-motion notice on or before September 2, 2026.
ORDERING the parties to contact the courtroom deputy, Chashawn White (chashawn_white@dcd.uscourts.gov), to schedule a pre-motion conference (PMC) no earlier than September 9, 2026.
FURTHER STATING the Court will take up the parties' other pending motions at PMC.
Entered July 29, 2026 .................................................... LBA0084

MINUTE ORDER of District Judge Reyes in
*Louis B. Antonacci v. Rahm I. Emanuel, et. al.*,
D.D.C. No. 1:26-cv-00211
SETTING Deadlines: Pre-Motion Notice due Sept. 2, 2026.
Entered July 31, 2026 .................................................... LBA0086

Plaintiff's FIRST MOTION for Reconsideration of
Judge Reyes's Orders of July 29 and 31, 2026
Filed August 3, 2026 .................................................... LBA0088

Plaintiff's MOTION to Amend Complaint to
Add Parties/Allegations re Attempted Murder
Filed August 31, 2026 .................................................... LBA0092

Plaintiff's SECOND MOTION for Reconsideration of
Judge Reyes's Orders of July 29 and 31, 2026
Filed August 31, 2026 .................................................... LBA0100

Defendants' Joint Pre-Motion Notice of Intent to File
a Joint Motion to Dismiss, or Whatever
Filed September 2, 2026 .................................................... LBA0102

Plaintiff's Response in Opposition to
Defendants' Joint Pre-Motion Notice of Intent to File
a Joint Motion to Dismiss, or Whatever
Filed September 8, 2026 .................................................. LBA0112

Parties Correspondence with courtroom deputy,
Chashawn White (chashawn_white@dcd.uscourts.gov),
concerning Judge Reyes's proposed
pre-motion conference (PMC)
From September 14 to 23, 2026....................................... LBA0119

MINUTE ORDER of District Judge Reyes in
*Louis B. Antonacci v. Rahm I. Emanuel, et. al.*,
D.D.C. No. 1:26-cv-00211
ORDERING the parties to appear at a pre-motion
conference on October 14, 2026, at 3:45 PM.
Entered September 25, 2026 .......................................... LBA0128

# TABLE OF AUTHORITIES

## CONSTITUTIONAL PROVISIONS

U.S. Const. Amend. V ............................................. 14, 18, 21

## STATUTES

18 U.S.C. § 1961 *et. seq.* ............................................. 10

## COURT RULES

Va. R. Civ. P. 12............................................. 2, 4, 7, 8

Standing Order of The Honorable Ana C. Reyes,
District Judge for the U.S. District Court
for the District of Columbia, Section 7(f) ............................ 2, 10, 16

## CASES

*Armstrong v. Manzo*, 380 U.S. 545 (1965) ............................ 14

*In re Sharon Steel Corp.*,
918 F.2d 434 (3d Cir. 1990)............................................. 15, 18, 21

*Mallard v. United States Dist. Court,*
490 U.S. 296 (1989) ............................................. 14, 21

*Mathews v. Eldridge*, 424 U.S. 319 (1976)........................ 14, 18, 21

*McNeil v. Guthrie*,
945 F.2d 1163 (10th Cir. 1991) ............................................. 14, 15

*Perkins Coie LLP v. U.S. Dep't of Just.*,
783 F. Supp. 3d 105 (D.D.C. 2025) ............................ 14, 17, 18, 21

*Vill. of Willowbrook v. Olech*, 528 U.S. 562 (2000) ........................ 14

## SECONDARY SOURCES

72 CORPUS JURIS SECUNDUM, *Prohibition* §11.1B. ........................ 21

16 FED. PRAC. & PROC. JURIS.,
*Traditional Views of Discretion—Jurisdiction*
§ 3933.1 (3d ed.)........................................................................ 14

## THE RELIEF SOUGHT

The Petitioner Louis B. Antonacci ("Petitioner" or "Antonacci") respectfully requests this Court issue a writ of mandamus directing the U.S. District Court for the District of Columbia to deny with prejudice the motions to dismiss filed by the Respondents on February 20 and 26, 2026, and March 16, 2026, and to grant Petitioner's Motion to take Judicial Notice filed March 30, 2026 (amended March 31, 2026).

Antonacci requests this Court issue a writ of prohibition estopping the district court from allowing the Respondents to file a renewed joint motion to dismiss, per its Minute Order of July 29, 2026.

Antonacci requests this Court issue a writ of prohibition estopping the district court from holding a private, pre-motion conference on October 14, 2026, per its Minute Order of September 25, 2026.

Antonacci requests this Court issue a writ of prohibition estopping the district court from issuing any ruling on any

pending motion at any private hearing or conference that is not accessible to the public.

Antonacci requests a writ of mandamus ordering the district court to strike paragraph 7(f) from the Standing Order issued by District Judge Ana C. Reyes, entered at docket no. 110 in the proceedings below, which mandates a dilatory, unnecessary and unconstitutional pre-motion notice for the motions to dismiss comprehensively addressed by Fed. R. Civ. P. 12.

Antonacci requests a writ of mandamus directing the district court to issue an order granting his motions for reconsideration filed August 3 and 31, 2026.

Antonacci requests a writ of mandamus directing the district court to grant Antonacci's Motion for Leave to Amend the Complaint, filed August 31, 2026 and further directing the district court to order the Respondents to Answer Antonacci's First Amended Complaint.

Because the district court has already denied the Respondents' motions to dismiss without prejudice, Antonacci requests a writ of mandamus directing the district court to deny

the motions for sanctions filed by the Perkins Respondents and the Lane Respondents, which sought sanctions based solely on their erroneous contention that Antonacci's complaint is frivolous.

Antonacci requests a writ of mandamus directing the district court to rule on the myriad other outstanding motions at a public hearing, or on the papers, within seven days of issuance of the writ.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

Whether District Judge Ana C. Reyes's requirement that the Respondents file a joint pre-motion notice of their joint motion to dismiss expressly concedes the Respondents' unified interests, as a criminal enterprise, against the Petitioner.

Whether the district court may permit the Respondents to file a joint motion to dismiss the complaint, eight months after the complaint was filed and served, that would be duplicative of the motions to dismiss previously filed by the Respondents and denied by the district court.

Whether a U.S. district court judge may mandate, per her standing order, that any defendant who wishes to file a motion to

dismiss a complaint must file a "pre-motion notice" of their intent to file such a motion, within the time for filing the motion permitted by Fed. R. Civ. P. 12, to be followed by a private "pre-motion conference" of the parties before that judge, before any actual motion to dismiss is filed, which unnecessarily delays all civil proceedings brought before that judge and thereby prejudices any plaintiff in a civil action before her.

Whether a U.S. district court judge may mandate, per her standing order, that any defendant who wishes to file a motion to dismiss a complaint must file a "pre-motion notice" of their intent to file such a motion, within the time for filing the motion itself prescribed by Fed. R. Civ. P. 12, to be followed by a private "pre-motion conference" of the parties before that judge, before any actual motion to dismiss is filed, when the plaintiff has expressly objected to that mandate and moved the court to reconsider that mandate.

Whether Judge Reyes may, after being reassigned to the lower court proceedings on July 29, 2026, and where the Respondents' motions to dismiss Petitioner's complaint were fully

briefed on April 6, 2026, deny the Respondents' motions to dismiss without prejudice, and then allow the Respondents to file a joint "pre-motion notice" of their intent to file a duplicative motion to dismiss that does not identify any issues not addressed in the original round of briefing, to be followed by a private "pre-motion conference" of the parties before Judge Reyes, before any actual motion to dismiss is filed, when the Petitioner has expressly objected to this duplicative round of briefing and any private hearings, requested public hearings, and filed motions to reconsider Judge Reyes's requirements because they are not probative and do prejudice the Petitioner's right to try his case in a timely manner.

Whether District Judge Ana C. Reyes's requirement that the Respondents file a joint pre-motion notice of their joint motion to dismiss expressly concedes the Respondents' unified interests, as a criminal enterprise, against the Petitioner.

Whether a U.S. district judge may allow a duplicative of briefing on defendants' motion to dismiss a complaint when the district judge has denied the motions without prejudice and the

defendants have expressly stated that they intend only to raise issues that were already addressed in their original motions.

Whether a U.S. district judge may allow the Respondents to raise new arguments they did not raise in their initial motions dismiss, except as expressly allowed by the Federal Rules of Civil Procedure.

Whether the district court may mandate attendance at a private conference to issue rulings on motions filed by the parties when the Petitioner has objected to any private rulings, and the Respondents have not requested a private hearing or shown any overriding interest that should limit public access to such hearings.

Whether the district court must deny the Respondents' motions for sanctions against Antonacci after denying the Respondents' motions to dismiss the complaint, when the motions for sanctions are based solely on the erroneous contention that Antonacci's complaint is frivolous.

Whether the district court must grant Petitioner's motion for leave to amend the complaint to add parties and substantiated

allegations concerning the Respondents' attempted murder of Petitioner, after the district court has delayed any meaningful action on Petitioner's case in the nine months since he filed it.

## STATEMENT OF FACTS

Antonacci filed his complaint in the U.S. District Court for the District of Columbia on January 23, 2026.[1] (Dkt 1.) The case was initially assigned to District Judge Loren L. AliKhan. In her minute order of February 18, 2026, District Judge AliKhan relieved the Respondents of any obligation to answer the complaint until all Respondents were served. LBA0001. On February 23, 2026, and on the Petitioner's Motion, District Judge AliKhan lifted her stay and ordered the defendants to file any motions to dismiss by March 16, 2026, with Antonacci's responses due by March 30, 2026. *Id.*

The fifteen Respondents are represented in eight groups and filed motions to dismiss pursuant to Rules 12(b)(1), (b)(2), (b)(3),

[1] Antonacci filed the complaint in paper form, as he did this petition. The U.S. District Court for the District of Columbia's clerk's office seems to have scrawled some handwritten remarks on various pages of Antonacci's complaint, which Antonacci has sought to remove (dkt. 105), but would be mooted by his First Amended Complaint regardless. (Dkt. 112-1.)

(b)(5), and (b)(6): Lane Construction Corp. ("Lane") and Seth T. Firmender ("Firmender") (together "Lane Respondents") (dkt. 28), Perkins Coie LLP ("Perkins Coie"), Matthew J. Gehringer ("Gehringer"), Anita J. Ponder ("Ponder"), and Seyfarth Shaw LLP (together "Perkins Respondents") (dkt. 51), Storij, Inc. d/b/a Driggs Research International d/b/a STOR Technologies d/b/a The So Company ("Storij") (dkt. 38), Holland & Knight LLP ("Holland & Knight") (dkt. 46), Rokk Solutions LLC ("Rokk") (dkt. 49), Descrybe, LLC ("Descrybe") (dkt. 44), 9208 Lee Avenue, LLC and Parrish Law Firm, PLLC (together "Parrish") (dkt. 41), the Virginia State Bar ("VSB") (dkt. 40) and its Assistant Bar Counsel Richard W. Johnson, Jr. ("Johnson") (dkt. 22) (together VSB Respondents").

Respondents Rahm Israel Emanuel ("Emanuel") and BEAN LLC d/b/a Fusion GPS ("Fusion GPS") did not their own motions to dismiss, but rather noticed joinder in other Respondents' motions. (Dkt. 55, 67.) Fusion GPS has been in default since March 23, 2026. LBA0002.

Given the time constraints imposed, and for the sake of judicial economy, Petitioner responded to the Respondents' motions with two comprehensive responses (LBA0009-64) and a related motion to take judicial notice of adjudicative facts and documents. LBA0003-8. Broadly speaking, Petitioner responded to the VSB Respondents, who moved to dismiss based solely on their alleged sovereign immunity and, most inaptly, the District of Columbia's lack of personal jurisdictional over them, in one response (LBA0055-64), and the remaining Respondents in the other. LBA0009-54.

All motions to dismiss were fully briefed on April 6, 2026. Petitioner will point out that it was no small feat for a solo practitioner to respond to eight motions to dismiss, brought under five federal rules, in just two weeks. But he did so thankfully.

Having heard nothing from the Court, on July 28, 2026, Petitioner filed a motion to expedite the proceedings. LBA0065-67. On July 29, 2026, this case was transferred from Judge AliKhan to District Judge Ana C. Reyes. LBA0068. In her minute order of July 29, 2026, Judge Reyes denied each of the Respondents'

motions to dismiss, without prejudice, ordering them to file a joint pre-motion notice by September 2, 2026, pursuant to §7(f) of her Standing Order, which she had revised on May 11, 2026. LBA0069-85.

On August 3, 2026, Petitioner filed a motion to reconsider the district court's minute order of July 29, 2026, arguing that it is unnecessarily duplicative, dilatory, prejudicial to the Petitioner for multiple reasons, and not least of all because it expressly recognizes the Respondents' unified interests, as a criminal enterprise, against the Petitioner, and thereby undermines the nature of the district court, as an American legal institution, in light of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 *et. seq*). LBA0088-91.

On August 31, 2026, Petitioner filed a motion for leave to amend the complaint and add new parties, based on the information he continues to gather, in the circuit courts of Northern Virginia, attempting to identify and recover damages from the hit-and-run driver who tried to kill him one week after

Antonacci perfected his appeal of the Eastern District of Virginia's unfounded dismissal of his 2024 complaint there. LBA0092-99.

Also on August 31, 2026, Petitioner filed his second motion for reconsideration of the district court's July 31, 2026 minute order, where he expressly objected to being required to attend a private conference where rulings would be made without public access. LBA0100-101.

The district court has not ruled on Petitioner's motions for reconsideration, or any of his substantive motions, in the nine months since he filed the complaint, except to deny his motions for very limited discovery in February and March 2026. Johnson, for example, has been evading service of process in this case (dkt. 37), as Emanuel and Fusion GPS's principal, Glenn Simpson, did throughout Antonacci's previous case against them in the Eastern District of Virginia. (Dkt. 97, 102.) The district court's only attempt to move this case forward has been to reassign it to another judge who has invited the Respondents to refile their motions to dismiss.

The Respondents filed their "joint pre-motion notice of intent to file a joint motion to dismiss," or whatever you want to call it, on September 2, 2026. LBA0102-111. As Petitioner indicated in his response in opposition to that notice, the Respondents already made the same arguments in their previous motions to dismiss. LBA0112-118. Petitioner has included his responses in opposition in the Appendix included with this Petition, and this Court can see that each and every one of the arguments raised by the Respondents in their "joint pre-motion notice" has been addressed. LBA0003-64.

Nevertheless, even after reviewing the Respondent's "joint pre-motion notice," the district court has not ruled on the Petitioner's motions for reconsideration or done anything to administer this case in accordance with the Federal Rules of Civil Procedure. Both the Respondents and the district court's case administrator repeatedly attempted to procure Petitioner's consent to this farce, which is not forthcoming. LBA0119-127.

On September 25, 2026, District Judge Reyes nonetheless entered a minute order that seeks to compel Petitioner's

appearance at "a pre-motion conference on October 14, 2026, at 3:45 PM." LBA0128. Antonacci files this Petition to end this sideshow and to restore some credibility to the American judiciary.

## REASONS WHY THE WRITS SHOULD ISSUE

The writs should issue because the proceedings in the lower court, or more accurately, the absence of any meaningful proceedings in the lower court, are highly prejudicial to the Petitioner and have no basis under the Federal Rules of Civil Procedure. Moreover, in light of the storied history set forth in both the complaint and the first amended complaint, all of which is substantiated by reams of evidence, the district court's transparent effort to deny Petitioner due process of our laws and rules of civil procedure is unbecoming of our judiciary. The Respondents' motions to dismiss should be denied and they and the additional defendants required to answer the First Amended Complaint. (Dkt. 112-1.)

"The Constitution's guarantee of equal protection under the law is violated when government action treats someone

'differently from others similarly situated and ... there is no rational basis for the difference in treatment.' This type of so-called "class of one" claim may be brought under... the Fifth Amendment's due process clause, which prohibits denial of equal protection of the laws, when the alleged violation is committed by federal government actors...". *Perkins Coie LLP v. U.S. Dep't of Just.*, 783 F. Supp. 3d 105, 166 (D.D.C. 2025) (collecting SCOTUS cases and quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).) The plaintiff need not literally be the only one in the class because "the key is that the differential treatment is not based on 'membership in a protected class' but on arbitrary mistreatment **or** animus." *Id.* at 167 (quoting Perkins Coie's memorandum of law.)

"The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965).

Mandamus is appropriate where the petitioner shows a clear abuse of discretion or conduct which arbitrarily assumes and

exercises authority contrary to that of the judiciary. *Mallard v. United States Dist. Court*, 490 U.S. 296, 309 (1989). And while the petitioner must show that he or she lacks any alternative, a court's express failure to consider the petitioner's papers makes such a showing because it effectively excludes them from federal court. *McNeil v. Guthrie*, 945 F.2d 1163, 1165 (10th Cir. 1991). Similarly, mandamus will lie where a lower court demonstrates an "unexplained abdication of judicial power" by refusing to rule and thus preventing appeal. *In re Sharon Steel Corp.*, 918 F.2d 434, 437 (3d Cir. 1990). Refusal to act or undue delay in acting is deemed a refusal to exercise jurisdiction supporting mandamus. *Traditional Views of Discretion—Jurisdiction*, 16 FED. PRAC. & PROC. JURIS. § 3933.1 (3d ed.).

While a writ of prohibition typically lies to prohibit a lower court from acting without authority, it may also issue "to prevent a palpable, substantial, or irremediable injustice or to preserve the order and regularity of judicial proceedings." 72A C.J.S. *Prohibition* § 11.1.B.

Petitioner understands that this matter was recently reassigned to District Judge Reyes (LBA0068), but as he pointed out in his motion for reconsideration (LBA0088-91), there is simply no need for a duplicative round of briefing here. That is plainly demonstrated by the Respondents' "Notice," which simply summarizes and regurgitates the arguments Respondents already made in the motions the district court already denied. *Compr.* LBA0102-111 *with* LBA0003-64.

District Judge Reyes's novel requirement that all defendants file a pre-motion notice, before filing the motions to dismiss required under Rule 12, prejudices and disempowers all plaintiffs whose cases are assigned to her. LBA0075. It delays all litigation brought before her by months at least, thereby taking leverage away from the plaintiffs the lower court was constitutionally designed to serve. The notice requirement finds no basis under the federal rules and Petitioner objects to this requirement as imposing a prejudicial delay that denies plaintiffs due process of law as established by the Federal Rules of Civil Procedure.

Petitioner specifically objects to this requirement as applied to him because it imposes a duplicative round of briefing with no probative value whatsoever, while unfairly prejudicing Antonacci with more needless delay that serves only the Respondents' interests in avoiding accountability for their actions. The Respondents have left no room to debate that point in their Notice because this Court can see that the Respondents have separately addressed each and every one of those arguments in their motions the district court already denied in its Minute Order of July 29, 2026. (Dkt. 22, 28, 38, 41, 44, 46, 49, 51.)

This arbitrary mistreatment of the plaintiff, whose case was arbitrarily reassigned through no fault of his, because the new district judge wants the parties to comply with her dilatory rule that all defendants file a "pre-motion notice" before filing a motion to dismiss any complaint, even though the motions here have been briefed and no new issues are at play, is without any rational basis. Even if Judge Reyes's arbitrary requirement is allowable generally, which Petitioner contends it should not be, it is certainly a denial of due process as it is being applied to the

Petitioner here. *Perkins Coie*, 783 F.Supp. at 166; U.S. CONST. AMEND V.

Petitioner's case is not being adjudicated in a meaningful manner and these needless delays are denying him a genuine opportunity to have his case tried and justice administered. *Id.*, *see also Mathews*, 424 U.S. at 333. District Judge Reyes's refusal to simply deny, with prejudice, the Respondents' motions to dismiss is an inexplicable abdication of judicial power in this context, for which mandamus is an appropriate and necessary remedy. *Sharon Steel Corp.*, 918 F.2d at 437 (3d Cir. 1990).

Petitioner reviewed and analyzed all the Respondents' motions, and filed comprehensive responses, within two weeks. LBA0003-64. That was seven months ago now. And he does not have a host of exceptionally talented and motivated law clerks doing the majority of his work. But he externed for a federal judge in law school so he has a real sense of the district court's workload.

If the Defendants are allowed to refile their motions to dismiss, as one joint motion that contributes nothing new, then it

will needlessly delay these proceedings for no probative reason. There is simply no justification for this abuse of procedure; and its prejudice to the Petitioner is material and senseless. And the Petitioner regrets that our justice system has arrived at a place where he must say this, but sound and valid reasoning are a *sine qua non* for the administration of justice in a democratic republic.

The Petitioner already addressed each of the Respondents' arguments in his consolidated responses in opposition thereto. LBA0003-64. And as Petitioner maintained in his Motion for Reconsideration, these Respondents have no right now to raise new arguments they failed to raise in their initial motions to dismiss regardless. LBA0088-91.

And as Petitioner stated in his Second Motion for Reconsideration (LBA0100-101), he further objects to the district court's minute order setting a private hearing when it will rule on the other pending motions. Petitioner seeks to avail himself of his common law right to public hearings, and he does not consent to mediation or any settlement conference before a judge. No Respondent has shown any overriding interest that would be

prejudiced by public access to hearings in this matter. Moreover, with his own sweat and blood, the Petitioner has earned the right to publicly confront these Respondents.

Finally, Antonacci must point out the hypocrisy underlying the district court's requirements here, which militates in favor of granting this Petition. The Respondents have been saying for years, throughout these many cases, that Antonacci's allegations are baseless because, not least of all, most of these Respondents do not even know each other and therefore could not engage in the conspiratorial and racketeering activity Antonacci alleges. Of course, every dismissal has simply bought them more impunity, as Antonacci continues to demonstrate.

But now District Judge Reyes has gone so far as to expressly endorse, in her judicial capacity, these fifteen Respondents' united interests, as a Zionist criminal enterprise, against the Goyim Petitioner, by requiring them to file a joint response to his complaint. The Petitioner is not sure how else to say this, so he will put it bluntly: What the fuck are we doing here?

The district court is abusing its discretion by exercising authority contrary to that of the judiciary to impose needless requirements that have no basis under the Federal Rules of Civil Procedure and unfairly prejudice the Petitioner. *Mallard*, 490 U.S. at 309. The district court is acting beyond its jurisdiction to deny the Petitioner due process of law. 72A C.J.S. *Prohibition* § 11.1.B; *Perkins Coie*, 783 F.Supp. at 166; U.S. CONST. AMEND V. The Petitioner has no other recourse at law and is effectively being denied access to the federal courts; writs of mandamus and prohibition should thus lie to prevent the district court from further denying him due process of law. *Id.*, *Mallard*, 490 U.S. at 309; *Sharon Steel Corp.*, 918 F.2d at 437; *Mathews*, 424 U.S. at 333.

## CONCLUSION

**WHEREFORE**, for the reasons stated herein, Petitioner Louis B. Antonacci respectfully requests that this Honorable Court **GRANT** this Petition and **ISSUE WRITS OF PROHIBITION AND MANDAMUS**, as set forth above.

Dated: October 9, 2026

Respectfully submitted

/s/

Louis B. Antonacci
**ANTONACCI PLLC**
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com

## CERTIFICATE OF COMPLIANCE

The undersigned appellant hereby certifies that this Brief of Appellant meets the type volume limitations of Federal Rule of Appellate Procedure 32(d)(1). This Petition contains under 7,000 words.

/s/
Louis B. Antonacci
ANTONACCI PLLC
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com

## CERTIFICATE OF SERVICE

I, the undersigned Louis B. Antonacci, hereby certify that, on October 9, 2026, after I filed this Petition and the accompanying Appendix with the U.S. Circuit Court the District of Columbia Circuit, I filed it electronically with the U.S. District Court for the District of Columbia's CM/ECF electronic case filing system in *Louis B. Antonacci v. Rahm Israel Emanuel, et. al.*, 1:26-cv-00211 (January 23, 2026), which is the trial court case from which this Petition arises.

Filing this Petition with the district court's CM/ECF filing system causes service on counsel of record for all Respondents, and further serves a copy on the trial court judge to whom this Petition is directed, pursuant to FRAP 21(a)(1) and 25(c).

By filing this Petition with the trial court's CM/ECF system, I caused service on the following Respondents' counsel and District Judge Ana C. Reyes:

Justin M. Flint (#491782)
ECCLESTON & WOLF, P.C.
1629 K Street, N.W., Suite 260
Washington, D.C. 20006
Tel: (202) 857-1696
Fax: (202) 857-0762
flint@ewdc.com
*Counsel for Defendants Parrish Law Firm, PLLC and 9208 Lee Avenue, LLC*

Jason R. Waters, Esq. (D.C. Bar No.: 491066)
Lauren Gilman, Esq. (D.C. Bar No.:90008050)
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP
8444 Westpark Drive Suite 510
McLean, VA 22102-5102
Telephone: (703) 245-9300
Facsimile: (703) 245-9301
Jason.Waters@wilsonelser.com
Lauren.Gilman@wilsonelser.com
*Counsel for Storij Inc., d/b/a The So Company*

Jonathan Su (DC Bar No. 478171)
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite
1000 Washington, DC 20004
(202) 637-2200
jonathan.su@lw.com

Edward N. Siskel (pro hac vice)
LATHAM & WATKINS LLP
330 N. Wabash Ave, Suite 2800
Chicago, IL 60611
(312) 876-7700
ed.siskel@lw.com
*Attorneys for Defendant Rahm I. Emanuel*

Christopher W. Mahoney, Esquire
BARCLAY DAMON LLP
1742 N Street, NW
Washington, DC 20036
(202) 689-1900
cmahoney@barclaydamon.com
*Counsel for Defendants*
*The Lane Construction Corporation and Seth Firmender*

Ethan P. Fallon* (Bar No. 1029705)
Deputy Solicitor General
Office of the Virginia Attorney
General 202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-9527
Facsimile: (804) 786-0991
Email: efallon@oag.state.va.us
**Counsel of Record for Defendants, The Virginia State Bar and Richard W. Johnson, Jr., Assistant Bar Counsel for the Virginia State Bar, by special appearance*

Jason A. Ross (D.C. Bar 1047909)
Jeanne Louise Heiser (D.C. Bar 219176)
JACKSON LEWIS P.C.
11790 Sunrise Valley Drive, Suite 400
Reston, Virginia 20191
(703) 483-8300 – Telephone
(703) 483-8301 – Facsimile
Jason.Ross@jacksonlewis.com
JeanneLouise.Heiser@jacksonlewis.com
*Counsel for Holland & Knight LLP*

Joshua A. Levy
LEVY FIRESTONE MUSE LLP
900 17th St. NW, Ste. 605
Washington, D.C. 20006
Tel: 202-845-3215
Jal@levyfirestone.com
*Attorney for Defendant Fusion GPS*
David A. Vogel (DDC # 442289)
COOLEY LLP
One Freedom Sq. | Reston Town
Center 11951 Freedom Dr.
Reston, VA 20190-5656
dvogel@cooley.com
*Attorney for Defendant Descrybe LLC*

Barak Cohen, Bar No. 485945
Barak.Cohen@ashurstperkins.com
ASHURST PERKINS COIE US LLP
700 13th Street, NW, Suite 800
Washington, D.C. 20005-3960
Telephone: 202-654-6200
Facsimile: 202-654-9000
Thomas J. Tobin, Bar No. 1049101
Tommy.Tobin@ashurstperkins.com
ASHURST PERKINS COIE US LLP
1301 Second Ave., Ste. 4200
Seattle, WA 98101
Telephone: 206-359-8000
*Attorneys for Anita Ponder, Matthew Gehringer, Perkins Coie LLP, and Seyfarth Shaw LLP*

/s/

Louis B. Antonacci
**ANTONACCI PLLC**
4126 8th Street NW #3
Washington, DC 20011
703-300-4635
lou@antonaccilaw.com